LEMBERG & ASSOCIATES LLC
SERGEI LEMBERG (admitted *Pro Hac Vice*)
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
slemberg@lemberglaw.com

Attorneys for Plaintiff,
CATHERINE EVON

DILLINGHAM & MURPHY, LLP
DENNIS J. KELLY (SBN 191414)
JOHN N. DAHLBERG (SBN 085122)
ANGEL R. SEVILLA (SBN 194462)
225 Bush Street, 6th Floor
San Francisco, California 94104-4207
Telephone: (415) 397-2700
Facsimile: (415) 397-3300
djk@dillinghammurphy.com
jnd@dillinghammurphy.com
ars@dillinghammurphy.com

Attorneys for Defendants
LAW OFFICES OF SIDNEY MICKELL and
SIDNEY MICKELL, ESQ.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CATHERINE EVON,

Plaintiff,

v.

LAW OFFICES OF SIDNEY MICKELL; and SIDNEY MICKELL, ESQ.; and DOES 1 through 100, inclusive,

Defendants.

Case No. 2:09-CV-00760-JAM-GGH

**JOINT STATEMENT REGARDING PLAINTIFF'S MOTION TO COMPEL FURTHER DISCOVERY RESPONSES**

Date: January 14, 2010
Time: 10:00 a.m.
Judge: Magistrate Judge Gregory G. Hollows
Room: Courtroom 9, 13th Floor

Fed. R. Civ. P. 37(a)(1); E.D. Local Rule 37-251

## JOINT STATEMENT REGARDING DISCOVERY DISAGREEMENT

The parties, by and through counsel, hereby submit the following Joint Statement Pursuant to Local Rule 37-251(c).

**1) Plaintiff's Position on Details of Conference or Conferences**

Plaintiff's counsel believes that we have undertaken all efforts to obtain discovery in this case and have gone far above and beyond the "meet and confer" requirements set out in the local rules. Plaintiff served the First Set of Interrogatories and First Request for Documents on or about August 27, 2009. After several extensions, Defendant's former counsel, ELLIS, COLEMAN, POIRIER, LAVOIE & STEINHEIMER, LLP, answered discovery and interposed objections on or about October 16, 2009. From plaintiff's perspective, the responses provided and documents produced were deficient and non-responsive in significant respects. Several emails to Mark Ellis and three associates of the firm requesting a conference were not returned, precipitating the filing of Plaintiff's Motion to Compel.

On November 2, 2009, John N. Dahlberg, Esq., of Dillingham & Murphy, LLP, was substituted as counsel for Defendants in the case. The following day, Mr. Lemberg e-mailed the following message to Mr. Dahlberg and his colleague, Mr. Kelly: "Gentlemen: welcome to the case. When shall we confer regarding the joint statement?" Messrs. Lemberg and Dahlberg spoke briefly on November 4 and, on November 6, Mr. Dahlberg confirmed in writing his verbal assurances that defense counsel "will start the meet and confer process with you next week."

On November 10, 2009, Mr. Dahlberg purported to start the "meet and confer process" by delivering via a process-server a 3-page letter purporting to "meet and confer concerning" the taking of Plaintiff's deposition. That letter also threatened Mr. Lemberg with calendaring of an "immediate ex parte application for an order compelling plaintiff to appear" by the arbitrarily and unilaterally established December 4 deposition deadline, and demanding a "written response by noon tomorrow, Wednesday November 11, 2009."

On November 12, 2009, defense counsel provided a template for a proposed consent confidentiality order. While that remained under review, Messrs. Lemberg and Dahlberg did finally "meet and confer" for 1 hour and 28 minutes on November 16, 2009. In preparation for the conference, Mr. Lemberg conducted substantial research to provide legal authority for each and every discovery request made. During that phone conference, Counsel went through each

Interrogatory and each Document Demand. Plaintiff's counsel provided legal authority for a number of discovery requests that had been objected to. Defendant's counsel committed to taking up all issues with the client.

On November 25, 2009, the language of the Stipulated Protective Order was finally agreed upon. Immediately following that agreement, at 6:27 EST on the eve of Thanksgiving, Mr. Dahlberg transmitted a 12-page, self-serving letter which he characterized as his "good faith effort to meet and confer" with regard to the outstanding dispute concerning responses Plaintiff's discovery demands.

Plaintiff's Motion to Compel [Dk. 21] was scheduled to be heard on December 10, 2009. On November 30, 2009, over the objection of Plaintiff's counsel, Defendants' counsel initiated a telephone conference with the Court for the purpose of seeking an adjournment of the hearing date for the Motion to Compel on the basis that the counsel was in the process of reviewing documents from the client. Based on that representation the court entered the following order:

> ORDERING that: by 12/04/09, counsel for plaintiff shall inform counsel for dfs which discovery requests are being withdrawn; dfts shall provide complete responses, including production of documents for inspection, to plf's discovery requests by 12/17/09; the hearing on the [21] Motion to Compel is CONTINUED to 01/14/10 at 10:00 AM in Courtroom 24 (GGH) before Magistrate Judge Gregory G. Hollows if necessary; a joint statement shall be filed by 01/07/10 if necessary. (Benson, A.) [Dk. 29]

Plaintiff's deposition was taken on December 14, 2009. On December 17, 2009, at 11:41 p.m. EST, the defendants electronically served their supplemental responses to plaintiffs' demands, the sufficiency of which is now the subject matter of plaintiff's motion and the parties' Joint Report.

Mr. Lemberg actually became aware of the transmittal on Friday, December 18, 2009. The following business day, Monday, December 21, 2009, defense counsel demanded that plaintiff "inform us in writing by Monday, December 28, the remaining interrogatories and document requests you are looking to compel and why you feel Defendants' supplemental responses thereto are deficient." Although counsel stated that they "would like to discuss these

issues with you via telephone conference from December 28 to December 31" they made no attempt to do so. Instead, Mr. Dahlberg and his associates continued to engage Mr. Lemberg in unnecessary e-correspondence, including interjection of supposed issues regarding plaintiff's failure to produce documents notwithstanding the fact that no discovery demands, other than the deposition notice, had been served.

Plaintiff's counsel takes issue with the submission of affidavits by the defense as to counsel's purported 'good faith' efforts to meet and confer. We do not believe the affidavits or emails attached thereto should properly be before the Court. In any event, Defendants' discovery non-compliance belies the record of self-serving correspondence.

**2) <u>Defendants' Statement Regarding Meet and Confer Efforts</u>**

Defendants provide herein a comprehensive account of the parties' meet and confer discussions with respect to the discovery disagreements in this Motion. Plaintiff's "summary" of the parties' meet and confer discussions mischaracterize Defendants' efforts to reach a conciliation without this Court's intervention and Plaintiff's refusal to further meet and confer in good faith to resolve the present disputes prior to and since filing her Motion to Compel.

Under the Federal Rules, parties are required to confer in an effort to resolve disputes regarding discovery <u>*before*</u> bringing motions. Fed. R. Civ. P. 37(a)(1); *Tri-Star Productions, Inc. v. Unger*, 171 F.R.D. 94, 99 (S.D.N.Y. 1997) (movant must detail efforts to confer and explain why they proved useless). Moreover, under the meet and confer requirements under the Eastern District Local Rules, Plaintiff's counsel was required to arrange a conference at a time, place, and manner "mutually convenient to counsel." E.D., L.R. 37-251(b).

Plaintiff filed this Motion to Compel without a good faith effort to meet and confer with Defendants' counsel. In fact, Plaintiff's purported "meet and confer" efforts, which form the sole basis for her "Certificate of Good Faith Attempt at Resolution of Disputes" filed with this Court on October 29, 2009, comprise solely of two general emails to Defendants' now-former counsel sent on back-to-back days demanding an immediate discovery conference, with no

advance notice, and without explaining the supposed deficiencies in Defendants' response. (*See* Declaration of Mark E. Ellis, filed herewith, ¶2-5, Exh. 1).

On October 16, 2009, Defendants provided substantive responses to a number of Plaintiff's requests and produced 21 pages of documents. Defendants also lodged objections to a number of requests and expressly informed Plaintiff's counsel Sergei Lemberg in each response that any information provided would be made solely "after entry of an appropriate protective order governing the use and dissemination of the material."

Only one court day after the responses were sent, on October 19, 2009, Mr. Lemberg sent a three-line email to Defendants' now-former counsel Mark Ellis, generally stating that he believed Defendants' responses were "grossly deficient," without providing any explanation. Instead, Mr. Lemberg unilaterally demanded a conference the following day.

The following day, October 20, Mr. Lemberg sent another two-line email again demanding an immediate conference to discuss his discovery demands. Again, he did not provide anything specific. He simply reiterated his demand for a conference and threatened to file a motion to compel if he did not hear a response by the following day. Thus, within two court days of receiving the responses, Mr. Lemberg threatened a motion without any reasonable effort to discuss the issues, or even to give Mr. Ellis enough time to calendar a conference with him. Mr. Lemberg made no further attempt to resolve his discovery demands and made no effort to inform Defendants of his specific concerns or to propose a protective order prior to filing his motion to compel on October 29, 2009, in violation of Local Rule 37-251(b) which required him to arrange a conference at a time, place, and manner "mutually convenient to counsel." E.D., L.R. 37-251(b).

Mr. Lemberg's actions are not those of someone making a reasonable attempt to resolve his issues.[1] Mr. Lemberg could not reasonably have concluded that Mr. Ellis could have

[1] Some of Plaintiff's statements above about the parties' discussions do not relate to her motion to compel. It appears that she is conflating the issues in this motion with other discovery issues which have actually been resolved against her, or which are the subject of separate motion practice.

The November 10 discussion to which Plaintiff refers relates to her refusal to produce herself for deposition (after she agreed to do so) unless and until she received responses to Plaintiff's first set of discovery requests that met with her satisfaction. However, Plaintiff *did* produce herself for deposition

simply disregarded his own schedule to accommodate the limited amount of time he provided

for the conference, especially since he provided no information that would have allowed Mr.

Ellis to prepare to discuss his discovery demands.  Had Mr. Lemberg simply afforded Mr. Ellis

the professional courtesy of considering his schedule (as he had expected from him and from

current counsel in other settings), he would have learned that this Firm was being substituted in

for Defendants at the time.  Meet and confer rules do not contemplate that unilateral emails and

demands take the place of genuinely inviting a conference on a mutually convenient date to

discuss the actual issues.  *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Col. 2003)

(email message not a meaningful meet and confer); *Soto v. City of Concord*, 162 F.R.D. 603,

623 (N.D. Cal. 1995) (requiring a live exchange of ideas and opinions).

Immediately after substituting in as counsel, Defendants' present counsel repeatedly

attempted to schedule a time to meet and confer with Mr. Lemberg.  Mr. Lemberg remained

unprepared to delve into his specific issues regarding discovery and refused to articulate

Plaintiff's specific discovery demands.  Defendants sent Plaintiff a meet and confer letter on

November 10, again asking Plaintiff to provide with sufficient specificity which responses she

deemed deficient and how she proposed to resolve these problems.  (*See* Declaration of Angel

R. Sevilla, filed herewith, ¶2-5, Exhs. 1-3).

After Mr. Lemberg finally agreed to discuss discovery on November 13, he postponed

the parties' scheduled conference that day.  When Defendants attempted to discuss the

postponement, they again reminded Plaintiff to "identify the specific basis for your threatened

motion in sufficient detail that we may consult with the client and respond.  There is presently

---

on December 14 after the Court reminded Plaintiff counsel in a November 30 conference call that
Plaintiff's obligation to appear for deposition was not contingent upon her satisfaction with the
defendants' discovery responses.

Discussions in what Plaintiff calls an "unnecessary e-correspondence" pertain not to this motion, but
instead to her refusal to state or itemize her damages in her original July 8, 2009 Initial Disclosures, her
refusal to identify economic damages arising from an alleged hospital stay she attributes to defendants,
and her refusal to produce notes she created of her 2008 contact with defendants.  All of these failures
by Plaintiff to make and to supplement disclosures came to light December 14, 2009 at her deposition,
and although more than three weeks have passed since defendants have demanded supplementation,
Plaintiff refuses even to identify a date by which she will supply this information and these documents.
For that reason, defendants have filed a separate motion to compel to be heard January 28, 2010.

no such record."  Mr. Lemberg dismissively replied, "**I have no intention on engaging in lengthy and pointless email discussion with you...**"  He has never put his thoughts on paper.

The parties finally proceeded with a telephone conference on November 16, 2009.  This was the first time the parties went through each outstanding request in an effort to harmonize Plaintiff's demand and justifications with Defendants' willingness and ability to produce documents or disclose information.  Mr. Lemberg acknowledged that a number of outstanding requests were overbroad, and informed Defendants that he was going to follow up to inform them whether Plaintiff still needs the information sought in those requests and how they could be limited in scope.  Defendants considered Plaintiff's requests and justifications and, on November 25, 2009, followed up with compromise offers as to what disclosures Defendants were willing to make and why.  Mr. Lemberg did not respond to Defendants' letter and made no effort to work with Defendants in setting the proper scope of his discovery requests.  Instead, Mr. Lemberg insisted in moving forward with the motion to compel hearing formerly scheduled on December 10.

The discovery issues presented herein could have been resolved sooner had Plaintiff's counsel worked with Defendants' counsel in stipulating to a protective order.  Plaintiff was first apprised of Defendants' willingness to provide discovery responses pursuant to a protective order on October 16.  During the November 16 conference, Mr. Lemberg repeatedly assured Defendants that he did not have a problem with Defendants' proposed stipulated protective order from the Northern District.  However, since then, each time Defendants presented the negotiated document to Mr. Lemberg for signature, he raised new concerns.  On November 24, Mr. Lemberg proposed another 11th hour addition to the protective order in the form of paragraph 7.5, which compels Defendants to produce documents within ten days of the Court's entry of the Order, irrespective of their pending objections.  Defendants immediately objected that their latest request was unnecessary and beyond the scope of any proper, neutral protective order.  Mr. Lemberg simply responded with a typical one-line email:  "This is very important for us and we insist on it."  Plaintiff's counsel withdrew their demand on November 25, but waited until November 30 before sending Defendants' counsel their signed agreement and

Defendants promptly filed these materials the following morning, three court days before this Joint Statement was initially due.

Defendants supplemented their responses on December 17. Since then, Defendants have attempted to contact Mr. Lemberg to discuss his remaining issues. As explained in Defendants' letter dated December 21, 2009, given Defendants' supplemental responses, most if not all of the issues Plaintiff raised in her motion to compel were either moot or substantially changed. Again, Plaintiff's counsel declined to respond. He merely sent an email on December 22 stating that "We find nothing in the limited production that would obviate the need for the motion to compel." He followed up with another email that morning stating, without explanation, "I do not see any documents in the production that relate to the plaintiff's claims." Plaintiff refused to discuss Defendants' supplemental production. Instead, he sent Plaintiff's portion of this Joint Statement on New Years' Eve, December 31, 2009 with a demand to receive Defendants' portion only one court day after the New Years' Day holiday.

## SUMMARY OF THE CASE

### Plaintiff's Claims

Plaintiff, Catherine Evon, on behalf of herself and others similarly situated, has sued Defendants, Law Offices of Sidney Mickell and Sidney Mickell, for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et seq*. It is alleged that Defendants contacted the Plaintiff at her place of employment by mailing a form letter dated January 14, 2009, which identified on the envelope that it was from "The Law Office of Sidney Mickell." (Exhibit A to Complaint). Among other things, it is alleged that the letter impermissibly threatened legal action, wage garnishment, bank account levies, attachment of assets, and accrual of interest and attorneys' fees and that its transmission to the consumer's workplace constituted improper harassment and abusive conduct under the FDCPA as well as unlawful communications with a third party.

**Defendants' Defenses**

Plaintiff's Complaint, and each cause of action raised therein, are grounded primarily on the claim that Ms. Evon received a collection letter on January 14, 2009 from Mr. Mickell's law firm at her place of employment after she allegedly informed him to cease such communications at her place of employment.[2] This letter was addressed to Ms. Evon and was marked "PERSONAL AND CONFIDENTIAL" on the envelope. Additionally, Plaintiff alleges that the January 14, 2009 letter she received violated the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act because the letter allegedly made illegal threats.[3] It is undisputed that Defendants intended to commence legal action against Ms. Evon, as evidenced by the fact that Defendants did file a legal action against Ms. Evon on February 6, 2009 in Yuba County Superior Court.

The FDCPA governs a wide range of debt collection practices, most of which are not part of this action. The only FDCPA provisions alleged to have been violated in Plaintiff's Amended Complaint are as follows:

- 15 USC 1692c(b) ("Count 1")
- 15 USC 1692e(4) ("Count 2")
- 15 USC 1692e ("Count 3")
- 15 USC 1692e(10) ("Count 4")
- 15 USC 1692b(2) ("Count 5")
- 15 USC 1692c(a)(1) ("Count 6")
- 15 USC 1692c(a)(3) ("Count 7")

Defendants' operative Answer was filed on June 3, 2009. Defendants raised affirmative defenses to Plaintiff's specific claims. Additionally, admissions made by Plaintiff during her deposition on December 14, 2009 show that Plaintiff's claims lack merit. Among other things, Plaintiff agreed that the contents of the January 14, 2009 letter sent to her place of employment by Defendants on a "personal and confidential" basis contained no false or misleading

---

[2] Plaintiff's First (See ¶34), Fourth (See ¶51), Fifth (See ¶56), Sixth (See ¶62), and Seventh (See ¶70) claims all stem from the allegation that Ms. Evon received the January 14, 2009 letter from Defendants at her place of employment.

[3] Plaintiff's Second (See ¶41), Third (See ¶46), and Eighth (See ¶76) claims all stem from the allegation that the January 14, 2009 correspondence from Defendants made improper threats.

statement. She admitted that to the degree the letter referenced post-judgment events referenced in the letter under CCP 1033, she understood that a judgment must first occur against her, and that she was not being threatened with garnishment, seizure of assets or bank account balances or other remedies before any judgment was first obtained. (Evon Decl. 78:20-79:4). She knew and agreed that a judgment is the final decision of a court. Ms. Evon appeared to abandon any allegation in her Complaint that the letter she received was “mass-mailed”, or that Defendants were not speaking in good faith when litigation was referenced in the letter. Defendants have produced documents showing that they made statements about litigation in good faith, and that a suit was filed shortly after the January 14, 2009 letter was drafted.

Plaintiff’s primary concern appears to be the act of sending the January 14, 2009 letter to her place of employment. (Evon Depo. 39:3-7). In this respect, Plaintiff was unable to substantiate this claim at deposition. She testified that Homeq attorney Amy Davis apologized for the opening of the mail, and the two then exchanged pleasantries. (Evon Depo. 234:19-235:1; 238:16-239:17). Plaintiff could identify no adverse action against her at work. She also admitted that her employer had no policy prohibiting her from receiving personal mail at her place of employment. (Evon Depo. 94:15-18).

## OVERALL DISCOVERY POSTURE

### Plaintiff’s Position

Discovery to-date has been grossly deficient. Although the Defendants did provide supplementation of their responses to interrogatories and document production following the most recent telephone conference with the Court, Counsel continues to improperly object to many relevant and proper demands. Plaintiff therefore seeks such relief as the court deems proper to redress defendants’ abuse of the discovery process.

The scope of discovery under Fed. R. Civ. P. 26(b)(1) is broad. Discovery may be obtained as to any unprivileged matter “relevant to the claim or defense of any party. . .” *Id.* Discovery may be sought of relevant information not admissible at trial “if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.” *Id.* The court is

required to limit "the frequency and extent" of disclosure only if it determines that (i) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from [a more convenient, less burdensome source]," (ii) there was ample prior opportunity for the party seeking discovery to have obtained it, or (iii) the burden or expense of the proposed discovery outweighs its likely benefit…" Fed. R. Civ. P. 26(b)(2)(C).

Here, the Plaintiff has been effectively stonewalled each step of the way. Notwithstanding entry of a Consent Confidentiality Order, Defendant continually refuses to produce relevant information and documents. Defendant also engaged in the wholesale redaction of relevant documents – and deletion of other sections not marked 'REDACTED' in what appears to be a transparent effort to conceal important information from the Plaintiff.

**Defendants' Position**

Defendants have done all that they reasonably can to resolve the discovery dispute and provide appropriate discovery responses – even when the discovery requests were difficult to understand or were compound. Defendants remain willing to provide all appropriate discovery. At the same time, Defendants' counsel bears an obligation to protect their clients and third parties from premature, overbroad, intrusive and time consuming discovery on issues that are irrelevant and beyond the scope of this litigation.

Defendants' supplemental responses and production comply with their disclosure requirements under Rule 26 of the Federal Rules of Civil Procedure. Rule 26 was amended on December 2000 to refine the scope of discoverable information. Prior to these amendments, parties were entitled to "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." The amendments narrowed the scope of discovery to allow parties to "obtain discovery regarding any matter, not privileged, that is *relevant to the claim or defense* of any party." Fed. R. Civ. P. 26(b)(1) (emphasis added).

According to the court, "The change to Rule 26 is significant. The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop

new claims or defenses that are not identified in the pleadings." *In re Ashworth, Inc.*, 2002 WL 33009225 *2 (S.D. Cal.) (citing Fed. R. Civ. P. 26(b)(1), Advisory Committee Notes to 2000 Amendments). *See also, Whittall v. Schein, Inc.*, 2006 WL 902571 * 2 (E.D. Cal. 2006) (weighing relevance standards in refusing to compel disclosure of private and confidential information of the corporation and individuals). Discovery may be denied where the information sought is simply too remote to any matter involved in the case: "The standard of relevancy is not so liberal as to allow a party to…explore matter which does not presently appear germane on the theory that it might conceivably become so." *Food Lion v. United Food & Comm'l Workers International Union*, 103 F.3d 1007, 1012-13 (D.C. Cir. 1997).

Here, Defendants supplemented their responses to provide information and produce documents specifically pertaining to the alleged violations Ms. Evon alleges in this action (and Defendants' defenses to those specific allegations). Plaintiff is entitled solely to documents and information pertaining to the claims and defenses presently at issue, not to conduct an unlimited and general audit of Defendants' operations or business practices in search for possible claims.

**2) Defendants' Supplemental Interrogatory Responses and Document Production**

Defendants served Plaintiff's counsel verified supplemental interrogatory responses and 182 pages of documents and materials via overnight delivery on December 17, 2009. To date, the following documents and materials have been produced to Plaintiff and her counsel:

- Account Information Report detailing each communication between Defendants and Plaintiff in connection with Defendants' attempt to collect Ms. Evon's credit card debt (SM 00001-00020).

- January 14, 2009 letter sent to Ms. Evon pursuant to Cal. Code Civ. Procedure 1033 (SM 00021).

- A blank copy of the FDCPA Initial Training Examination administered to debt collectors employed in the Law Office of Sidney Mickell (SM 00034-00039). Defendants redacted portions of the examination that do not relate in any way to practices and procedures that are issue in this action. For example, Defendants would have redacted questions pertaining to collection calls before 6:00 a.m. because that specific practice is not at issue in this case.

- A blank copy of the Initial Training Examination relating to specific procedures in various states administered to debt collectors employed in the Law Office of Sidney Mickell (SM 00040-SM 00044). Defendants redacted portions of the examination relating to rules and procedures in states outside of California. For example, a question that states, "in Pennsylvania, it is illegal to...," Defendants redacted all portions following the word Pennsylvania because debt collection practices specific to Pennsylvania are not at issue in this case.

- Completed state Initial Training Examinations of each debt collector employed by the Law Office of Sidney Mickell who handled Ms. Evon's debt collection matter (SM 00045 – SM 00056); (SM 00057 - SM 00067); (SM 00139- SM 00144); (SM 00145-SM 00150); (SM 00151-SM 00156); (SM 00157-SM 00162); (SM 00163-SM 00167); (SM 00168-SM 00172); (SM 00173-SM 00177); (SM 00178-SM 00182). Defendants redacted portions of these examinations relating to rules and procedures in states outside of California. For example, a question that states, "in Pennsylvania, it is illegal to...," Defendants redacted all portions following the word Pennsylvania because debt collection practices solely relating to Pennsylvania laws are not at issue in this case.

- Completed FDCPA Initial Training Examinations of each debt collector employed by the Law Office of Sidney Mickell who handled Ms. Evon's debt collection matter (SM 00045 – SM 00056); (SM 00057 - SM 00067); (SM 00139- SM 00144); (SM 00145-SM 00150); (SM 00151-SM 00156); (SM 00157-SM 00162); (SM 00163-SM 00167); (SM 00168-SM 00172); (SM 00173-SM 00177); (SM 00178-SM 00182).

- FDCPA Collector's Handbook of the Law Office of Sidney Mickell (SM 00070-SM 00100). Defendants redacted portions of the Handbook relating to practices and procedures that are not in any way relevant to the claims and defenses at issue in this case. Each section of the Handbook pertains to a specific section of the FDCPA. For example, Defendants redacted a section in the Handbook on 15 USC 1692f, as that specific provision (relating to Administrative Enforcement of the FDCPA) is not at issue in this case.

- Memoranda and Training Materials regarding debt collection communication and procedures (SM 00101-00122).

- Applicable Insurance Policy (SM 00068-00069).

- Documents pertaining to a civil case filed by Defendants against Plaintiff Catherine Evon in Yuba County Superior Court on February 6, 2009 (Case No.09-0000079).

- Compact disks of recorded conversations between Defendants and Ms. Evon (SM 00022-SM 00033).

**SPECIFIC DISCOVERY DISPUTES**[4]

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

All documents reviewed or referred to or upon which the Defendants relied in responding to Plaintiff's First Set of Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

Responding Party objects to this demand on the grounds that it is vague and ambiguous, overbroad as to scope and time and not sufficiently particularized. Without waiving these objections, and subject to them, responding party will produce copies of all non-privileged, responsive documents, in his possession. Responding party hereby produces the documents attached hereto, bate-stamped numbers SM00001-SM00021. Discovery is ongoing.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 1:**

Defendants incorporate all objections in their initial responses as if fully set forth herein. Subject to and without waiving said objections, and with appropriate redactions, if any, Defendants produce herewith documents referenced in their supplemental responses to Plaintiff's Special Interrogatories. Defendants' production is made subject to the protections in the parties' Stipulated Protective Order.

| Plaintiff's Position | Defendants' Position |
|---|---|
| In response to this Document Request Defendants have failed to produce the following documents:<br><br>1) All documents from which they gathered responses to Interrogatory 12 (359 similar letters sent to other consumers in 2008) and Interrogatory 18 (278 similar letters sent to consumers' place of employment in 2008). In order to ascertain that 359 similar letters were sent and that 278 of those letters were transmitted to a | Defendants have provided all documents responsive to this request. The plain language of the request asks for "All documents reviewed or referred to or upon which the Defendants relied in responding to Plaintiff's First Set of Interrogatories."<br><br>Defendants produced all documents they "reviewed," "referred to," or "relied upon" in responding to Plaintiff's First Set of Interrogatories: |

[4] Defendants' footnote - Plaintiff developed the format for the discussion of the specific items of discovery below. Defendants did not alter Plaintiff's chosen format as this is Plaintiff's Motion to Compel, but they remain mindful of the Court's suggested method of organizing the motion "by category" to assist the Court in adjudicating the disputed issues.

| | |
|---|---|
| consumer's place of employment, the Defendants would have had to review any of a number of items such as: computer printouts, actual letters, records of letter transmittals, particular accounts, etc. None of those documents were provided. Plaintiff is entitled to production of all documents which enabled to Defendants to represent that their disclosure was accurate.<br><br>2) Defendants' Eight Affirmative Defense is *bona fide* error defense under the FDCPA, plead follows: "…as any violation was violation was unintentional and resulted from the maintenance of procedures reasonably adopted to avoid any such violation." In answering Interrogatory No. 25 regarding the factual basis for this defense, Defendants state that "Defendants' witnesses…and evidence referenced above, show that they had effective procedures to record and follow the lawful requests of persons such as Ms. Evon…" Essentially, the defense is that the Plaintiff's case is an aberration, an honest error.<br><br>But the evidence supporting this contention is not in the discovery responses, nor has it been produced as part of the Defendants' initial disclosures. Defendants have failed to produce any such procedures and any recordings, or authorizations in paper form, from any individual who admittedly was sent a letter at the place of employment. All of these documents had to have been reviewed as part of compiling interrogatory responses and will be part of evidence in support of the *bona fide* error defense. They must now be produced. | 1) The request does not ask, generally or specifically, for letters sent to consumers or policies and procedures regarding communications with debtors. Defendants did not review or rely upon similar letters sent to consumers in responding to interrogatories.<br><br>2) All existing documents relating to procedures specified in Special Interrogatory No. 25 have been produced.<br><br>Plaintiff's attempt to use this request to compel production of a variety of documents that are either not responsive, do not exist, and are not specifically sought for by the request underscores the vagueness, ambiguity, and remarkably overbroad nature of this request. *Maritime Cinema Service Corp. v. Movies En Route, Inc.*, 60 F.R.D. 587, 592 (S.D.N.Y. 1973) (request to identify all documents consulted in answering interrogatories was too broad); *Coleman v. American Red Cross*, 23 F.3d 1091, 1098 (6th Cir. 1994) (defendant was not required to search every file for records that might conceivably be relevant).<br><br>Plaintiff is also using this broad and vague request to compel production of letters sent to third parties or recordings of calls made to third parties.<br><br>First, Defendants' *bona fide* error defense pertains to the communication Ms. Evon received dated 1/14/09. Letters sent to other debtors are not relevant.<br><br>Second, such communication includes highly confidential and private information pertaining to the finances and other personal information of third parties. Plaintiff has not demonstrated a compelling need for such material. *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (right to privacy recognized by federal courts); *Cecena v. Allstate Ins. Co.*, 2006 WL 3898176 *2-*4 |

| | |
|---|---|
| | (N.D. Cal. 2006) (requests for private and confidential information are invasive and subject to disclosure only upon showing of compelling need).<br><br>In addition to privacy concerns, the discovery Plaintiff seeks involves an unduly burdensome, wasteful, and time-consuming process, requiring (without justification) Defendants to scour each debtor's file, obtain all form letters sent, redact private information, and send them to Plaintiff's counsel. The product of this effort would be no different if Plaintiff were to take the 1/14/09 letter she received, remove her information, and photocopy it the number of times specified in Defendants' response.<br><br>To the extent Plaintiff is seeking information relevant to the class action component of her action, Defendants provided responsive information by specifying (1) the number of debtors who were sent the same letter Ms. Evon received dated 1/14/09 and (2) the number of debtors who were sent the same letter Ms. Evon received dated 1/14/09 at their place of employment. Defendants also identified the parts of the 1/14/09 letter that were identical to the letters sent to these other debtors. Plaintiffs therefore obtained adequate responses relating to class certification. *See Kelly v. Montgomery Lynch*, 2007 WL 4412572 (N.D. Ohio 2007).<br><br>Finally, production of letters and materials pertaining to debts of third parties would serve to violate various provisions of the FDCPA prohibiting disclosure of debts and financial information of debtors. *E.g.*, 15 USC 1692b(2). Defendants cannot be compelled to violate the law. |

**<u>REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3</u>:**

All documents reflecting the policies and procedures used by the Defendants and relating to compliance with FDCPA requirements.

**<u>RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3</u>:**

Responding Party objects to this demand on the grounds that it is vague and ambiguous, overbroad as to scope and time and not sufficiently particularized. Responding party also objects to this demand to the extent that it seeks attorney client communications and/or attorney work product. Finally, responding party objects to this demand to the extent that it seeks the production of confidential, proprietary and/or trade secret information, the disclosure of which could cause irreparable commercial harm to responding party and/or third parties. Disclosure of any such information, if any exists in responding party's possession, custody and/or control, will only be made after entry of an appropriate protective order governing the use and dissemination of the material.

**<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 3</u>:**

Defendants incorporate all objections in their initial responses as if fully set forth herein. Subject to and without waiving said objections, Defendants hereby provide the following supplemental responses: Defendants are producing herewith policies and procedures pertaining to the debt collection procedures that are directly at issue in this action. Defendants' production is made subject to the protections in the parties' Stipulated Protective Order.

| <u>Plaintiff's Position</u> | <u>Defendants' Position</u> |
|---|---|
| Defendant's production, already subject to this Court's Protective Order, consists of a heavily redacted "Collector's Handbook" and "Initial Training Examinations." The Plaintiff is entitled to the identification and production of <u>all</u> materials evidencing the Defendant's attempts to comply with debt collection consumer protection statutes. <u>Trevino v. ACB American, Inc.</u>, 232 F.R.D. 612, 619 (N.D. Cal. 2006) "internal reports, memos, operation manuals and procedures on the use of the collection notices and how to ensure that those notices comply with the FDCPA are relevant . | The FDCPA Collectors' Handbook and Training Examinations administered to debt collectors represent all documents responsive to this request. All existing documents relating to procedures specified in Special Interrogatory No. 25 have been produced.<br><br>Plaintiff's insistence that there must be additional documents pertaining to FDCPA procedures is unfounded and without merit. Plaintiff would have known that there are no documents being withheld had her counsel |

| | |
|---|---|
| . . particularly to the defendants' asserted good faith defenses." The Defendant asserts in response to Special Interrogatory 25 that procedures are in effect requiring that collectors "record and follow the lawful requests of [consumers]" such as instructions relating to communications directed to the consumer at the consumer's place of business. Yet, nothing within the documents produced appears to address this claim.<br><br>The Defendant must produce such documents in un-redacted form. Zamani v. Carnes, 2008 WL 3842976, *3 (N.D. Cal., August 15, 2008). Any claim of privilege must be accompanied by a Fed. R. Civ. P. 26(b)(5) Privilege Log, which the Defendant has not provided. *Id*. Plaintiff is entitled to be able to assess the procedural and educational materials utilized by Defendants in their complete form. That certain sections of those materials do not relate directly to the issues involved in this case does not alter the Plaintiff's entitlement to assess these procedures as a cohesive document rather than piecemeal.<br><br>In addition, many of the redactions appear in sections of Defendant's Manual and training material which may relate directly to the use of communications between the debt collector and third parties and to methods of harassment and abuse, which topics are central to the complaint.<br><br>Plaintiff draws the Court's attention to many sections of the documents produced thus far that were not marked 'REDACTED' but were instead simply deleted. | simply engaged in a good faith effort to meet and confer after receiving Defendants' supplemental production. *See Maple Drive-In v. Radio Keith Orpheum Corp.*, 153 F.Supp. 240, 244 (S.D.N.Y. 1956) ("defendants cannot be compelled to serve further answers merely on plaintiff's insistence that they must have records of a sort to which they deny possessing").<br><br>With respect to Defendants' redactions in their Handbook and Training Examinations, the redacted portions do not pertain to the claims and defenses in this case. Plaintiff is not permitted to conduct a general audit of Defendants' business practices in hopes of raising additional claims. For example, Defendants redacted the following portions of the FDCPA Collectors' Handbook:<br>• Section re 15 USC 1692(b)<br>• Section re 15 USC 1692(d)<br>• Section re 15 USC 1692(e)(1), (e)(2), (e)(3), (e)(8)-(e)(11).<br>• Section re 15 USC 1692(f)<br>• Section re 15 USC 1692(g)<br>• Section re 15 USC 1692(h)-(j)<br>• Section re 15 USC 1692(l)-(o)<br>• Section re state-specific laws other than California.<br><br>None of these claims or the acts prohibited therein has been raised in this action.<br><br>Defendants also redacted portions of Training Examinations that relate solely to the laws of states other than California. For example:<br>• An examination question that read, "In the State of Massachusetts, you are prohibited from...TRUE OR FALSE." Defendants redacted portions after Massachusetts. Practices and procedures under Massachusetts law have no bearing on the claims and defenses in this case. Defendants' redactions retained "In the State of Massachusetts" so that Plaintiff knows why that specific portion was redacted. |

| | |
|---|---|
| | Pursuant to FRCP 26(b)(1), Plaintiff is entitled solely to documents and information pertaining to the claims and defenses at issue in this action. She cannot use discovery as a method to conduct an unlimited and general audit of Defendants' operations or business practices in search for possible claims. *Cecena v. Allstate Ins. Co.*, 2006 WL 3898176 *2 (N.D. Cal. 2006) (broad requests for "policy, practices, and procedures" were impermissible as they include information "that has no apparent relation to the claims at issue in this lawsuit").<br><br>Plaintiff's reliance upon *Trevino v. ACB American, Inc.*, 232 F.R.D. 612, 619 (N.D. Cal. 2006), is misplaced. In *Trevino*, the district court only compelled production of operations manuals, memos, and procedures <u>pertaining to the collection procedures at issue in that case</u>. 232 F.R.D. at 618-19. The court did not permit Plaintiff to conduct a general audit of Defendants' business practices.<br><br>Plaintiff's citation to *Zamani v. Carnes*, 2008 WL 3842976 *3 is also misplaced. In *Zamani*, the Court <u>denied</u> plaintiff's motion to compel disclosure of information that went beyond the conduct alleged in the complaint.<br><br>In *Artese v. Academy Collection Service, Inc.*, 1997 WL 509404 *2 (D. Conn. 1997) – a case cited by Plaintiff elsewhere in her motion to compel – the court compelled <u>only those portions of defendant's training and procedures manual that pertain to the practices at issue in that case</u>: "If any of the manuals contain provisions about dealing directly with debtors who have retained counsel [which was the issue in that case], the defendant should produce that portion of the manual. In other respects, the request is denied." *Id.* |

**<u>REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4</u>:**

The title pages of every complaint filed against you in a Court of Law in which violations of the FDCPA are alleged.

**<u>RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4</u>:**

Responding Party objects to this demand on the grounds that it is compound, vague and ambiguous, overbroad as to scope and time and not sufficiently particularized. Responding party further objects to this demand as it is unlikely to lead to the discovery of admissible evidence and is irrelevant. Responding party also objects to this demand to the extent that it seeks attorney client communications and/or attorney work product. Finally, responding party objects to the extent this demand seeks documents in the possession, custody and/or control of third parties which, thus, are equally available to Plaintiff.

**<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 4</u>:**

Defendants incorporate all objections in their initial responses as if fully set forth herein. In addition, Defendants also object to this request as overbroad, unduly burdensome, and harassing. Plaintiff's request for "every complaint filed against you in a Court of Law in which violations of the FDCPA are alleged" is vastly overbroad and are not limited to the specific claims and defenses at issue in this action. Accordingly, Plaintiff's overbroad request is beyond the scope of discovery under FRCP 26(b).

Subject to and without waiving said objections, Defendants hereby provide the following supplemental responses: Defendants are not presently aware of other lawsuits against them involving similar FDCPA violations at issue in this action. Plaintiffs may access public information regarding FDCPA lawsuits against them in federal court through PACER. Defendants are not aware of state court cases against them involving FDCPA violations.

| <u>Plaintiff's Position</u> | <u>Defendants' Position</u> |
| --- | --- |
| Plaintiff was able to locate eight (8) Federal cases filed against Mr. Mickell alleging violations of the FDCPA, inclusive of Ms. Evon's case. Of those, several did, in fact, involve allegations of the sort of violations alleged by Ms. Evon. Plaintiff cannot obtain access to cases which were concluded prior to | Defendants' present response appropriately states that they are not presently aware of other lawsuits against them involving similar FDCPA violations at issue in this action. |

| | |
|---|---|
| implementation of ECF requirements. Moreover, Defendant's claim that he is "unaware" of FDCPA complaints filed based upon "similar" allegations is clearly disingenuous in light of the fact that those cases exist. We are entitled to an accurate and finite list of all cases filed against Mr. Mickell or his firm in which FDCPA violations are alleged. The Defendant is under an ongoing obligation to produce these materials and Plaintiff should not be required to continually check PACER records for newly commenced actions. Plaintiff is entitled to the requested discovery. <u>Boutvis v. Risk Mgmt. Alternative, Inc.</u>, 2002 U.S. Dist. LEXIS 8521 (D. Conn. 2002); <u>Kimbro v. I.C. sys., Inc.</u> , 2002 WL 1816820 (D. Conn. July 22, 2002). Defendants are not entitled to unilaterally define the parameters of material *relevant to the claim or defense* of any party to the action. | The FDCPA covers a wide range of debt collection practices, most of which are not at issue in this action. Accordingly, not all lawsuits involving FDCPA are relevant and Courts have limited discovery relating to prior claims to lawsuits pertaining to a "particular type of collection effort." *Trevino*, 232 F.R.D. at 616.<br><br>Here, Plaintiff's request is not limited to the "particular type of collection effort" at issue in this case and Plaintiff offered no authority that would allow her to obtain information beyond the scope of FRCP Rule 26. Plaintiff's cited authority, *Kimbro v. I.C. sys., Inc.*, 2002 WL 1816820 (D. Conn. July 22, 2002) is also distinguishable insofar as the request at issue in that case pertains to litigation involving the specific FDCPA practices by defendants in that case.<br><br>In *Artese v. Academy Collection Service, Inc.*, 1997 WL 509404 *2 (D. Conn. 1997) – a case cited by Plaintiff elsewhere in her motion to compel – the court found a document request for "all judgments, court opinions, and consent orders relating to this defendant and its acts or practices under the FDCPA" to be "far too broad." *See also Cusumano v. NRB, Inc.*, 1998 WL 673833, *2-3 (N.D. Ill. 1998) (documents related to previous litigation or claims irrelevant).<br><br>Even if some of these prior suits against Defendants bear some relevance to the claims and defenses in this case, Plaintiff's request is unreasonably burdensome and overbroad. As the Court recognized in *Trevino*, a case repeatedly cited by Plaintiff in this motion, these are public records and, accordingly, "Plaintiffs can obtain the actual documents through their own effort." 232 F.R.D. at 616. Plaintiff's stated position regarding this request, in fact, shows that she could do just that. |

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

All documents of a financial nature which reflect the Defendants' net worth, including, without limitation, financial reports, tax returns, financing applications, cash flow statements, financial statements.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

Responding Party objects to this demand on the grounds that it is vague and ambiguous, overbroad as to scope and time and not sufficiently particularized. Responding party also objects to this demand to the extent that it seeks attorney client communications and/or attorney work product. Further, responding party objects to this demand on the grounds that it seeks private documents and information protected from disclosure by California statute, the California Constitution and the United States Constitution. Finally, responding party objects to this demand to the extent that it seeks the production of confidential, proprietary and/or trade secret information, the disclosure of which could cause irreparable commercial harm to responding party and/or third parties. Disclosure of any such information, if any exists in responding party's possession, custody and/or control, will only be made after entry of an appropriate protective order governing the use and dissemination of the material.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 6:**

Defendants incorporate all objections in their initial responses as if fully set forth herein. In addition, Defendants object to this request for "All documents of a financial nature which reflect the Defendants' net worth" as overly broad, vague and ambiguous, and not made with sufficient specificity to allow Defendants to conduct a reasonable search for responsive documents.

Subject to and without waiving said objections, Defendants hereby provide the following supplemental responses: Defendants have conducted a diligent search for responsive documents showing Defendants' "net worth" and were unable to locate documents responsive to this request. Defendants are unable to locate documents showing their net worth, including financial reports, financing applications, cash flow statements, and financial statements. Tax

returns are privileged and do not tend to show "net worth." *Aliotti v. Senora*, 217 F.R.D. 496, 497 (9th Cir. 2003). Defendants are willing to provide net worth information by declaration. Defendants are willing to meet and confer with Plaintiff to determine a reasonable way to provide the information sought for by this request. Defendants' disclosure and production is made subject to the protections in the parties' Stipulated Protective Order.

| Plaintiff's Position | Defendants' Position |
|---|---|
| The Defendant must produce documentation from which the Law Offices of Sidney Mickell's net worth can be substantiated, including but not limited to: annual financial statements, profit and loss statements, balance sheets, and/or tax returns. The total recovery by successful class plaintiff's in an FDCPA action is "not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." 15 U.S.C. § 1692k(a)(2)(B). As "the FDCPA explicitly states that damages in a class action case may be calculated based on net worth . . . such information is relevant, and potentially useful" in determining whether a case "is appropriate for class certification." Trevino v. ACB American, Inc., 232 F.R.D. 612, 617 (N.D. Cal. 2006). *See also* Anchondo v. Anderson, Crenshaw & Associates, L.L.C., 256 F.R.D. 661, 668-69 (D.N.M. 2009) (Defendant in FDCPA action ordered to respond to request to produce documents related to net worth including tax returns, audits, credit applications, annual reports, Defendant may designate documents as confidential in accordance with agreed protective order); Muha v. Encore Receivable Mgmt., Muha v. Encore Receivable Mgmt., 2006 WL 802826 (E.D. Wis. Mar. 29, 2006) (same); Mailloux v. Arrow Fin. Servs., 2002 U.S. Dist. LEXIS 3314 (E.D.N.Y. Feb. 21, 2002) (same, pre-certification).<br><br>The plaintiff has indeed engaged in meet and confer discussions with defense counsel regarding the appropriate manner of responding to these financial requests. Defense counsel is simply unwilling to acknowledge that documents exist to which | Plaintiff either misunderstands or is mischaracterizing Defendants' position with respect to the production of these records.<br><br>Defendants' response does not state that they are unwilling to produce documents responsive to this request. Rather, Defendants stated that they have conducted a reasonable search and have so far been unable to locate responsive documents. Defendants are filing herewith the Declaration of Defendant Sidney Mickell, Esq. attesting to his search for records pertaining to the net worth of himself or his law firm. As stated therein, Defendants are not in possession of documents showing their net worth, including financial reports showing net worth, financing applications showing net worth, cash flow statements showing net worth, and financial statements showing net worth.<br><br>Accordingly, Defendants asked Plaintiff to meet and confer in order to discuss ways to reasonably provide net worth information at the appropriate time. Plaintiff's counsel has so far declined this invitation. Defendants also suggested providing such information by way of a sworn declaration or affidavit. *See Maple Drive-In v. Radio Keith Orpheum Corp.*, 153 F.Supp. 240, 244 (S.D.N.Y. 1956) ("defendants cannot be compelled to serve further answers merely on plaintiff's insistence that they must have records of a sort to which they deny possessing").<br><br>The second dispute is the timing of production, if any such documents were found. The documents Plaintiff seeks would |

| | |
|---|---|
| Plaintiff is entitled. Surely, both Mr. Mickell and his firm file tax returns and related schedules which would contain the relevant information. Those tax documents were likely prepared from underlying source documents which contain the information. If Mr. Mickell owns a home or other real property then the market value less the mortgage debt is an element of net worth. None of these were revealed. All that is requested is that documents from which the defendants' net worth can be ascertained be produced – none of that has been done. | include highly sensitive and private financial information of the Law Office of Sidney Mickell and Sidney Mickell personally. They are protected by his privacy rights. *Brooks v. Montsenbocker Advanced Developments, Inc.*, 2008 WL 2446205 *4 (S.D. Cal. 2008) ("the substantive right of financial privacy extends to individuals in litigation"). In *Brooks*, the district court denied plaintiffs' motion to compel production of defendants' financial information, before the case reached its merits. Similarly here, the Court has not made any findings regarding liability or class certification. Plaintiff, however, insists on an immediate production of these documents. Defendants are especially concerned because Plaintiff's deposition belies certification, as her testimony raised questions regarding the suitability of this action as a class action and her ability to serve as class representative. *See also*, *Davis v. Leal*, 43 F.Supp.2d 1102, 1110 (a decision from this Court – finding that manager's tax records and all information directly acquired from such were privileged); *Valley Bank of Nevada v. Sup. Ct.*, 15 Cal.3d 652, 657 (1975). |

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**

All operation manuals, employee manuals, training manuals or similar documents, utilized in connection with Defendants' debt collection business.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**

Responding Party objects to this demand on the grounds that it is vague and ambiguous, overbroad as to scope and time and not sufficiently particularized. Responding party also objects to this demand to the extent that it seeks attorney client communications and/or attorney work product. Finally, responding party objects to this demand to the extent that it seeks the production of confidential, proprietary and/or trade secret information, the disclosure of which could cause irreparable commercial harm to responding party and/or third parties. Disclosure of any such information, if any exists in responding party's possession, custody and/or control, will only be made after entry of an appropriate protective order governing the use and dissemination of the material.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 7:**

Defendants incorporate all objections in their initial responses as if fully set forth herein. Subject to and without waiving said objections, Defendants hereby provide the following supplemental responses: Defendants are producing herewith manuals, policies and procedures pertaining to debt collection procedures that are directly relevant to the claims and defenses in this action. Defendants' production is made subject to the protections in the parties' Stipulated Protective Order.

| Plaintiff's Position | Defendants' Position |
| --- | --- |
| See Plaintiff's Position re Request for Production of Documents No. 3 | See Defendants' Position re Request for Production of Documents No. 3. No further responses are provided herein because Plaintiff's portion of the joint statement sent to Defendants on December 31 merely states: "See Plaintiff's Position re Request for Production of Documents No. 3." |

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**

All documents identified in Defendants' Response to Interrogatory No. 7.

**SPECIAL INTERROGATORY NO. 7:**

State whether you have provided training of any sort to the persons identified in response to Interrogatories 3 and 4. If so, (a) set forth and describe with specificity your training content, procedures, practices and policies; (b) identify all documents and oral communications relating to such training; and (c) identify all persons responsible for training others.

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad, uncertain and unintelligible. As such the request seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and, therefore, further is overly burdensome, unduly oppressive and harassing. Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum Corp. (D.C.N.Y. 1956) 153 F.Supp. 240; United States v. National Steel Corp (S.D. Texas 1960) 26 F.R.D. 599; Hopkins Theatre, Inc. v. RKO Radio

Pictures, Inc. (D.C.N.Y. 1956) 18 F.R.D. 379.) Responding party also objects to the extent that this request seeks attorney client communications and/or attorney work product. Finally, responding party objects to this request to the extent that it seeks the production of confidential, proprietary and/or trade secret information, the disclosure of which could cause irreparable commercial harm to responding party and/or third parties. Disclosure of any such information, if any exists in responding party's possession, custody and/or control, will only be made after entry of an appropriate protective order governing the use and dissemination of the material.

**SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORY NO. 7:**

Defendants incorporate all objections in their initial responses as if fully set forth herein. In addition, Defendants object to this interrogatory as overbroad and encompassing information beyond the claims and defenses at issue in this action. Training policies and procedures that have no colorable relation to the specific claims and defenses in this action are beyond the scope of discovery under Fed. R. Civ. P. 26(b); *Cecena v. Allstate Ins. Co.*, 2006 WL 3898176 *2-*4 (N.D. Cal. 2006); *Aaron v. Dickinson, et al.*, 2006 WL 734881 (E.D. Cal. 2006). Defendants further object to this interrogatory for "training of any sort" as vague and ambiguous and vastly overbroad.

Subject to and without waiving said objections, Defendants hereby provide the following supplemental responses:

Yes. (a) and (b) Defendants generally implement various training policies and procedures, including, but may not be limited to, training by outside trainer Manny Newburger, review of Collections Handbook (produced herewith), written examinations for debt collectors prior to obtaining clearance to engage in debt collection activities (produced herewith), occasional memoranda regarding debt collection, formal classroom training to review collections handbook, one-on-one and on the job training and instruction, observations, specific training instructions to various collectors; (c) Sidney Mickell, Esq., Jeremy Gestl (Manager), Ahmet Shams (Manager), Aaron Gestl (General Manager).

**<u>RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9</u>:**

Responding Party objects to this demand on the grounds that it is vague and ambiguous, overbroad as to scope and time and not sufficiently particularized. Responding party also objects to this demand to the extent that it seeks attorney client communications and/or attorney work product. Finally, responding party objects to this demand to the extent that it seeks the production of confidential, proprietary and/or trade secret information, the disclosure of which could cause irreparable commercial harm to responding party and/or third parties. Disclosure of any such information, if any exists in responding party's possession, custody and/or control, will only be made after entry of an appropriate protective order governing the use and dissemination of the material.

**<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 9</u>:**

Defendants incorporate all objections in their initial responses as if fully set forth herein. Subject to and without waiving said objections, and with the appropriate redactions, if any, Defendants are producing herewith documents identified in their responses to Special Interrogatory No. 7. Defendants' production is made subject to the protections in the parties' Stipulated Protective Order.

| Plaintiff's Position | Defendants' Position |
|---|---|
| See Plaintiff's Position re Request for Production of Documents No. 3. | Defendants produced all documents responsive to this request.<br><br>With respect to general inquiries pertaining to Defendants' training and supervision of collectors for compliance with the FDCPA, Defendants have supplemented their responses to explain the variety of procedures they use to train and supervise debt collectors as they pertain to the claims and defenses in this action. Defendants referred to the following documents in their supplemental responses to Interrogatory No. 7:<br>• Collections Handbook (produced).<br>• Written examinations for debt collectors prior to obtaining clearance to engage in debt collection activities (produced). |

| | |
|---|---|
| | • Occasional memoranda regarding debt collection (produced).<br>• Classroom training in Defendants' conference room to review Collections Handbook (produced).<br>• One-on-one and on the job training and instruction (no documents).<br>• Observations, specific training instructions to various collectors (no documents). |

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

All documents identified in Defendants' Response to Interrogatory No. 15.

**SPECIAL INTERROGATORY NO. 15:**

Identify all templates or form letters used by you to communicate with consumers.

**RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad, uncertain and unintelligible.  As such the request seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and, therefore, further is overly burdensome, unduly oppressive and harassing. Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum Corp. (D.C.N.Y. 1956) 153 F.Supp. 240; United States v. National Steel Corp (S.D. Texas 1960) 26 F.R.D. 599; Hopkins Theatre, Inc. v. RKO Radio Pictures, Inc. (D.C.N.Y. 1956) 18 F.R.D. 379.) Responding party also objects to the extent that this request seeks attorney client communications and/or attorney work product.  Finally, responding party objects to this request to the extent that it seeks the production of confidential, proprietary and/or trade secret information, the disclosure of which could cause irreparable commercial harm to responding party and/or third parties.  Disclosure of any such information, if any exists in responding party's possession, custody and/or control, will only be made after entry of an appropriate protective order governing the use and dissemination of the material.

**SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORY NO. 15:**

Defendants incorporate all objections in their initial responses as if fully set forth

herein.  In addition, Defendants object to this interrogatory as overbroad and encompassing information beyond the claims and defenses at issue in this action.  Not all "Templates and Form Letters" are related to this action and, accordingly, many are beyond the scope of discovery under Fed. R. Civ. P. 26(b) (*e.g.*, templates or letters, if any, that are dissimilar in all material respects to the letter Ms. Evon received).  Defendants further object to this interrogatory asking Defendants to "Identify all templates or form letters used" as vague and ambiguous and not made with sufficient specificity to allow Defendants to formulate responses and to conduct a reasonable inquiry for responsive information.

Subject to and without waiving said objections, Defendants provide the following supplemental responses:

Currently, the STARS software prints out the letter which includes the standard language as required by Section 1033 of California Code of Civil Procedure, which are generally reviewed by Mr. Mickell.  Prior to Defendants instituting this practice, Defendants generally created and printed each letter individually to debtors on litigation cases using general word processing templates (*e.g.*, Microsoft Word).  Letters similar to the one sent to Ms. Evon dated 1/14/09 are generally sent after Mr. Mickell decides to further their collection efforts with the debtor through the legal process.  Not all debtors are sent this letter.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

Responding Party objects to this demand on the grounds that it is compound, vague and ambiguous, overbroad as to scope and time and not sufficiently particularized.  This demand is irrelevant and not likely to lead to the discovery of admissible evidence. Responding party also objects to this demand to the extent that it seeks attorney client communications and/or attorney work product.  Finally, responding party objects to this demand to the extent that it seeks the production of confidential, proprietary and/or trade secret information, the disclosure of which could cause irreparable commercial harm to responding party and/or third parties.  Disclosure of any such information, if any exists in responding party's possession, custody and/or control,

will only be made after entry of an appropriate protective order governing the use and dissemination of the material.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendants incorporate all objections in their initial responses as if fully set forth herein. Subject to and without waiving said objections, Defendants hereby provide the following supplemental responses: Defendants did not identify documents in their responses to Special Interrogatory No. 15.

| Plaintiff's Position | Defendants' Position |
| --- | --- |
| Plaintiff is entitled to discovery of all of the form letters used by the Defendant. These documents could provide information leading to the discovery of other relevant evidence, including Defendant's practice of transmitting correspondence to debtors at their places of employment. Artese v. Academy Collection Service, Inc., 1997 WL 509404 (D. Conn. 1997). It is likely that other letters used regularly by the Defendants will disclose information concerning Defendants' practices related to communications with consumers at their places of employment. | Plaintiff is already in possession of the only form letter at issue in this case. The only letter at issue in this litigation is the letter sent to Ms. Evon dated 1/14/09. Plaintiff's request for "all form letters," would include any letters and correspondence sent to debtors, including letters that bear no relation whatsoever to the claims and defenses in this case.<br><br>With respect to the 1/14/09 letter, Defendants already provided the number of debtors who were sent a letter similar to this letter (*See* Response to Special Interrogatory No. 12) and the number of debtors who were sent this type of letter at their place of employment (*See* Response to Special Interrogatory No. 18).<br><br>Plaintiff's proffered authority, *Artese v. Academy Collection Service, Inc*., 1997 WL 509404 (D. Conn. 1997), is neither binding nor persuasive to this point. The court in *Artese* compelled disclosure of "form letters" sent to plaintiff as a follow up to the first letter sent to that plaintiff. Here, Defendants provided all correspondence pertaining to their communication with Ms. Evon (except for one, which they are in the process of locating). Moreover, *Artese* limited its holding to the specific facts in that case. The court distinguished that case from cases that are closer to this action, *e.g.*, cases involving |

| | |
|---|---|
| | letters sent with allegedly improper threats of legal action. |

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**

All documents identified in Defendants' Response to Interrogatory No. 19.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**

Responding Party objects to this demand on the grounds that it is compound, vague and ambiguous, overbroad as to scope and time and not sufficiently particularized. This demand is irrelevant and not likely to lead to the discovery of admissible evidence. Responding party also objects to this demand to the extent that it seeks attorney client communications and/or attorney work product. Finally, responding party objects to this demand to the extent that it seeks the production of confidential, proprietary and/or trade secret information, the disclosure of which could cause irreparable commercial harm to responding party and/or third parties. Disclosure of any such information, if any exists in responding party's possession, custody and/or control, will only be made after entry of an appropriate protective order governing the use and dissemination of the material.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendants incorporate all objections in their initial responses as if fully set forth herein. Subject to and without waiving said objections, and with the appropriate redactions, if any, Defendants are producing herewith documents identified in their responses to Special Interrogatory No. 19. Defendants' production is made subject to the protections in the parties' Stipulated Protective Order.

| Plaintiff's Position | Defendants' Position |
|---|---|
| See Plaintiff's Position re Request for Production of Documents No. 3. | See Defendants' Position re Request for Production of Documents No. 3. No further responses are provided herein because Plaintiff's portion of the joint statement sent to Defendants on December 31 merely states: "See Plaintiff's Position re Request for Production of Documents No. 3." |

**<u>REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18</u>:**

All documents referred to in your Rule 26 Initial Disclosures as "correspondence with Plaintiff… pertaining to Plaintiff's debt."

**<u>RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18</u>:**

Responding party objects to this demand on the grounds that it is vague and ambiguous, especially as to time frame. This request is overly broad as to scope for the same reasons. This request is also compound, unlikely to lead to the discovery of admissible evidence, and is irrelevant. This request seeks information beyond the relevant time period. Without waiving these objections, and subject to them, responding party will produce copies of all non-privileged, responsive documents, in his possession. Responding party hereby produces the documents attached hereto, bate-stamped numbers SM00021. Discovery is ongoing.

**<u>SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18</u>:**

Defendants incorporate all objections in their initial responses as if fully set forth herein. Subject to and without waiving said objections, Defendants hereby provide the following supplemental responses: Defendants are producing herewith responsive documents pertaining to Ms. Evon's debt collection matter, as referenced in Defendants' initial disclosures. Defendants are in the process of locating one correspondence to Ms. Evon sent around September 2008. Defendants' production is made subject to the protections in the parties' Stipulated Protective Order.

| <u>Plaintiff's Position</u> | <u>Defendants' Position</u> |
|---|---|
| To date, the Defendant has not "located" and produced a copy of the September 2008 letter to Ms. Evon. The defendant should be directed to (1) continue its search for a copy of the document and (2) to the extent that the document is a "form letter," a generic copy of the form should be produced immediately. | Defendants have produced all responsive documents pertaining to their communications with Ms. Evon in relation to their effort to collect her debt, except for a letter sent on or around September 2008.<br><br>Again, Defendants are not unwilling to provide this letter. They searched for this letter in hopes of including it with their supplemental production and they still are in the process of locating this letter. Defendants will promptly produce this document if and when it becomes available. |

| | |
|---|---|
| | Moreover, it is disingenuous for Plaintiff to move to compel this September 2008 letter, when she admitted under oath that she is already in possession of it. (Evon Depo. 40:17-41:8). |

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 19:**

Copies of all form letters, templates and similar documents used by you to communicate with consumers.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 19:**

Responding Party objects to this demand on the grounds that it is compound, vague and ambiguous, overbroad as to scope and time and not sufficiently particularized. This demand is irrelevant and not likely to lead to the discovery of admissible evidence. Responding party also objects to this demand to the extent that it seeks attorney client communications and/or attorney work product. Finally, responding party objects to this demand to the extent that it seeks the production of confidential, proprietary and/or trade secret information, the disclosure of which could cause irreparable commercial harm to responding party and/or third parties. Disclosure of any such information, if any exists in responding party's possession, custody and/or control, will only be made after entry of an appropriate protective order governing the use and dissemination of the material.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendants incorporate all objections in their initial responses as if fully set forth herein. Subject to and without waiving said objections, Defendants hereby provide the following supplemental responses: Defendants are producing herewith responsive documents pertaining to Ms. Evon's debt collection matter. Defendants' production is made subject to the protections in the parties' Stipulated Protective Order.

| Plaintiff's Position | Defendants' Position |
|---|---|
| Plaintiff is entitled to discovery of all of the form letters used by the Defendant. These documents could provide information leading to the discovery of other relevant evidence, including Defendant's practice of transmitting | Again, Plaintiff is already in possession of the only form letter at issue in this case. The only letter at issue in this litigation is the letter sent to Ms. Evon dated 1/14/09. Plaintiff's request |

| | |
|---|---|
| correspondence to debtors at their places of employment. Artese v. Academy Collection Service, Inc., 1997 WL 509404 (D. Conn. 1997) | for "all form letters," would include any letters and correspondence sent to debtors, including letters that bear no relation whatsoever to the claims and defenses in this case.<br><br>With respect to the 1/14/09 letter, Defendants already provided the number of debtors who were sent a letter similar to this letter (Response to Special Interrogatory No. 12) and the number of debtors who were sent this type of letter at their place of employment (Response to Special Interrogatory No. 18).<br><br>This request is unclear and Plaintiff's counsel never fully delineated the scope of this demand during the November 16, 2009 telephone conference nor subsequent discussions since. It now appears that Plaintiff is seeking the production of each and every letter Defendants sent to debtors, without demonstrating a compelling need for the disclosure of documents with highly sensitive information pertaining to third parties. *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (right to privacy recognized by federal courts); *Cecena v. Allstate Ins. Co.*, 2006 WL 3898176 *2-*4 (N.D. Cal. 2006) (requests for private and confidential information are invasive and subject to disclosure only upon showing of compelling need).<br><br>Again, Plaintiff's citation to *Artese* is unavailing. *Artese* pertains solely to a form letter sent to the specific plaintiff in that case. The court distinguished that case from cases involving allegations of mass produced letters. 1997 WL 509404 *1.<br><br>In addition to privacy concerns, the discovery Plaintiff seeks involves an unduly burdensome, wasteful, and time-consuming process, requiring (without justification) Defendants to scour each debtor's file, obtain all form letters sent, redact private information, and send them to Plaintiff's counsel. The product of this effort would be |

| | |
|---|---|
| | no different if Plaintiff were to take the 1/14/09 letter she received, remove her information, and photocopy it the number of times specified in Defendants' response.<br><br>To the extent Plaintiff is seeking information relevant to the class action component of her action, Defendants provided responsive information by specifying (1) the number of debtors who were sent the same letter Ms. Evon received dated 1/14/09 and (2) the number of debtors who were sent the same letter Ms. Evon received dated 1/14/09 at their place of employment. Defendants also identified the parts of the 1/14/09 letter that were identical to the letters sent to these other debtors. Plaintiffs therefore obtained adequate responses relating to class certification. *See Kelly v. Montgomery Lynch*, 2007 WL 4412572 (N.D. Ohio 2007).<br><br>Finally, production of letters and materials pertaining to debts of third parties would serve to violate various provisions of the FDCPA prohibiting disclosure of debts and financial information of debtors. *E.g.*, 15 USC 1692b(2). Defendants cannot be compelled to violate the law. |

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 20:**

All documents relating to communications between you and CACH LLC in connection with the Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 20:**

Responding Party objects to this demand on the grounds that it is compound, vague and ambiguous, overbroad as to scope and time and not sufficiently particularized. This demand is irrelevant and not likely to lead to the discovery of admissible evidence. Responding party also objects to this demand to the extent that it seeks attorney client communications and/or attorney work product. Further, responding party objects to this demand on the grounds that it seeks private documents and information protected from disclosure by California statute, the

California Constitution and the United States Constitution. Finally, responding party objects to this demand to the extent that it seeks the production of confidential, proprietary and/or trade secret information, the disclosure of which could cause irreparable commercial harm to responding party and/or third parties. Disclosure of any such information, if any exists in responding party's possession, custody and/or control, will only be made after entry of an appropriate protective order governing the use and dissemination of the material.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendants incorporate all objections in their initial responses as if fully set forth herein. Subject to and without waiving said objections, Defendants hereby provide the following supplemental responses: Defendants are producing herewith responsive non-privileged documents pertaining to Ms. Evon's debt collection matter. Defendants' production is made subject to the protections in the parties' Stipulated Protective Order. Defendants will not produce communications with their clients or attorneys, as such information is protected by the attorney-client communications and attorney work product privileges.

| Plaintiff's Position | Defendants' Position |
| --- | --- |
| Plaintiff is entitled to all communications between the Defendant and the alleged creditor CACH LLC in regard to the alleged debt. These communications are directly relevant to determining whether at the time the letter was sent to Ms. Evon, Defendants had authority and intent to file suit. Communications to the creditor are not privileged and are likely to lead to discovery of admissible evidence concerning defendant's debt collection practices. Yancey v. Hooten, 180 F.R.D. 203 (D. Conn. 1998); Kimbro v. I.C.Sys. Inc., 2002 W.L. 1816820 (D. Conn 2002).<br>Defendants' sudden assertions that no additional documents exist and that they are not withholding any documents under a claim of privilege are belied by their responsive statement that "Defendants will not produce communications with their clients or attorneys, as such information is protected by the attorney-client communications and attorney work product privileges". | Again, Plaintiff's motion is based solely on her unfounded insistence that there must be more documents in Defendants' possession. Plaintiff would have learned that there are no documents being withheld had she simply engaged in a meaningful meet and confer discussion. Defendants have produced all documents responsive to this request. If Defendants are withholding documents under a claim of privilege, they would have identified these documents in a privilege log. Defendants raised attorney-client privilege and work product objections in order to preserve these protections, so that their production would not be construed as an express or implied waiver of these privileges. |

**<u>REQUEST FOR PRODUCTION OF DOCUMENTS NO. 21</u>:**

All documents provided to you by CACH LLC in connection with the Plaintiff.

**<u>RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 21</u>:**

Responding Party objects to this demand on the grounds that it is compound, vague and ambiguous, overbroad as to scope and time and not sufficiently particularized. This demand is irrelevant and not likely to lead to the discovery of admissible evidence. Responding party also objects to this demand to the extent that it seeks attorney client communications and/or attorney work product. Further, responding party objects to this demand on the grounds that it seeks private documents and information protected from disclosure by California statute, the California Constitution and the United States Constitution. Finally, responding party objects to this demand to the extent that it seeks the production of confidential, proprietary and/or trade secret information, the disclosure of which could cause irreparable commercial harm to responding party and/or third parties. Disclosure of any such information, if any exists in responding party's possession, custody and/or control, will only be made after entry of an appropriate protective order governing the use and dissemination of the material.

**<u>SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21</u>:**

Defendants incorporate all objections in their initial responses as if fully set forth herein. Subject to and without waiving said objections, Defendants hereby provide the following supplemental responses: Defendants are producing herewith responsive non-privileged documents pertaining to Ms. Evon's debt collection matter. Defendants' production is made subject to the protections in the parties' Stipulated Protective Order. Defendants will not produce communications with their clients or attorneys, as such information is protected by the attorney-client communications and attorney work product privileges.

| <u>Plaintiff's Position</u> | <u>Defendants' Position</u> |
|---|---|
| See Plaintiff's Position re Request for Production No. 20. | See Defendants' Position re Request for Production No. 20. No further responses are provided herein because Plaintiff's portion of the joint statement sent to Defendants on |

| | |
|---|---|
| | December 31 merely states: "See Plaintiff's Position re Request for Production of Documents No. 20." |

**SPECIAL INTERROGATORY NO. 4:**

Identify (a) every person engaged in the collection of debts in your behalf or under your supervision or under your control, and (b) every person to whom you provided any form of remuneration or compensation in connection with the collection of debts.

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Responding party objects to this request on the grounds that it is vague, ambiguous, overbroad, uncertain and unintelligible. As such the request seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and, therefore, further is overly burdensome, unduly oppressive and harassing. (Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum Corp. (D.C.N.Y. 1956) 153 F.Supp. 240; United States v. National Steel Corp (S.D. Texas 1960) 26 F.R.D. 599; Hopkins Theatre, Inc. v. RKO Radio Pictures, Inc. (D.C.N.Y. 1956) 18 F.R.D. 379.) This request also invades third party privacy to the extent it seeks information found only in a personnel file.

**SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORY NO. 4:**

Defendants incorporate all objections in their initial responses as if fully set forth herein. In addition, Defendants object to this interrogatory as overbroad and encompassing information beyond the claims and defenses at issue in this action. The identities of employees or debt collectors who have no colorable relation to this action are beyond the scope of discovery under Fed. R. Civ. P. 26(b).

Subject to and without waiving said objections, Defendants hereby supplement their response to provide the names and titles of debt collectors who personally handled with Ms. Evon's collection matter:

| NAME | TITLE | EMPLOYMENT DATES |
|---|---|---|
| Sidney Mickell | Attorney | 9/1/07 and continuing |
| Ray Welsh | Manager | 9/1/07 and continuing |

| | | |
|---|---|---|
| Jeremy Gestl | Manager | 9/1/07 and continuing |
| Aaron Gestl | General Manager | 9/1/07 and continuing |
| Andrew Arjonilla | Collector | 5/21/09 and continuing |
| Michael Martinez | Collector | 6/19/08 to 6/4/09 |
| Frank Dillard | Collector | 5/19/08 to 11/17/08 |

| Plaintiff's Position | Defendants' Position |
|---|---|
| Plaintiff is entitled to identification of all persons engaged on behalf of the Defendants in the collection of debts. Heller v. Graf, 2004 WL 2057894, *2 (N.D. Ill., August 25, 2004). Such individuals are likely to have discoverable information related to the claims of Ms. Evon and the putative class and the defenses raised by the Defendant. Unless the defendant is prepared to represent that none of the more than 300 consumers who were sent the subject letter and that none of the 278 consumers who were sent that letter at their place of business were handled by anyone other than the individuals identified by counsel, then there is no basis whatsoever for the objection. | As stated above, Defendants provided the names, employment dates, and titles of debt collectors who personally handled with Ms. Evon's collection matter. Plaintiff has not provided any authority to support her claim that she is entitled to information pertaining to all debt collectors employed by Defendants, other than a general statement that they may have discoverable information.<br><br>Plaintiff's reliance on *Heller v. Graf*, 2004 WL 2057894 (N.D. Ill. 2004) is misplaced. In *Heller*, the debt collector refused to provide the identity of *any* of his current and former employees, insisting that only his identity should be disclosed. That is not the case here, as Defendants have provided the names, titles, and employment dates of all debt collectors who handled Ms. Evon's collection matter. |

**SPECIAL INTERROGATORY NO. 12:**

Set forth the number of accounts placed with or transferred to you for collection within each calendar year during the relevant time period. As to each, state whether you commenced a collection suit against.

**RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad, uncertain and unintelligible. As such the request seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and,

therefore, further is overly burdensome, unduly oppressive and harassing. Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum Corp. (D.C.N.Y. 1956) 153 F.Supp. 240; United States v. National Steel Corp (S.D. Texas 1960) 26 F.R.D. 599; Hopkins Theatre, Inc. v. RKO Radio Pictures, Inc. (D.C.N.Y. 1956) 18 F.R.D. 379.) Responding party also objects to the extent that this request seeks attorney client communications and/or attorney work product. Responding party further objects to the request on the grounds that it seeks private documents and third party information protected from disclosure by California statute, the California Constitution and the United States Constitution. Finally, responding party objects to this request to the extent that it seeks the production of confidential, proprietary and/or trade secret information, the disclosure of which could cause irreparable commercial harm to responding party and/or third parties. Disclosure of any such information, if any exists in responding party's possession, custody and/or control, will only be made after entry of an appropriate protective order governing the use and dissemination of the material.

**SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORY NO. 12:**

Defendants incorporate all objections in their initial responses as if fully set forth herein. In addition, Defendants object to this interrogatory as overbroad and encompassing information beyond the claims and defenses at issue in this action. The number of accounts placed or transferred to Defendants has no colorable relation to the specific claims and defenses in this action and are therefore beyond the scope of discovery under Fed. R. Civ. P. 26(b); *Cecena v. Allstate Ins. Co.*, 2006 WL 3898176 *2-*4 (N.D. Cal. 2006); *Aaron v. Dickinson, et al.*, 2006 WL 734881 (E.D. Cal. 2006).

Subject to and without waiving said objections, Defendants hereby provide the following supplemental responses:

Not all accounts placed or transferred to Defendants for debt collection involve similar circumstances as those involving Ms. Evon. Most accounts do not involve subsequent litigation or the sending of the kind of letter at issue in this action. Defendants provide herein the number of debt collection accounts that involve the same debt collection procedures as were

employed by Defendants in attempting to collect Ms. Evon's debt (*i.e.*, the number of debtors who were sent a letter similar to Ms. Evon's letter dated 11/14/09 from March 2008 to the present, in accordance with the one-year limitations period for this action).

- In 2008, approximately 359 debtors were sent a letter similar to the one Ms. Evon received dated 1/14/09.
- Data for 2009 is not presently available. Defendants are in the process of obtaining this information and will supplement their responses as soon as such information becomes available. Defendants further note that they stopped sending letters similar to the one Ms. Evon received dated 1/14/09 to a debtor's place of employment.

| Plaintiff's Position | Defendants' Position |
| --- | --- |
| Plaintiff is entitled to disclosure of the number of accounts placed for collection and the number on which suit was commenced so that the general volume of business and percentage of claims which go to litigation can be computed. Whether accounts go into suit, and in what volume, is directly relevant to whether the threats made in the letter to the Plaintiff are likely to actualize. Plaintiff is generally entitled to all information and documents which are relevant to class certification. Kelly v. Montgomery Lynch & Associates, Inc., 2007 WL 4412572 (N.D. Ohio 2007) | Plaintiff's interrogatory asking Defendants to "set forth the number of accounts placed with or transferred to you for collection within each calendar year during the relevant time period" is vastly overbroad and goes way beyond the claims and defenses at issue in this case.<br><br>Defendants are at a loss to understand how the number of Defendants' accounts for debt collection are relevant to Plaintiff's specific claims in this action as defined by Rule 26. This interrogatory is overbroad. *See Powell v. Computer Credit, Inc.*, 975 F.Supp. 1034, 1039 (S.D. Ohio 1997) (FDCPA defendant's collection activity against other debtors is not relevant to a determination of damages for an individual claim).<br><br>Plaintiff attempts to justify her overbroad request under the claim that this information would be relevant to determine whether "the threats made in the letter to the Plaintiff are likely to actualize." As Defendants explained in their response, not all accounts placed or transferred to Defendants for debt collection involve similar circumstances as those involving Ms. Evon. That is, most accounts do not involve subsequent litigation or the sending of the kind of letter at issue in this action. |

| | |
|---|---|
| | Plaintiff's allegation of "improper threats" of litigation may arguably be relevant only to those debtors who received the kind of letter sent to Ms. Evon dated 1/14/09. Plaintiff claims that this letter includes "threats of litigation" and she is seeking to represent those who received a similar kind of letter from Defendants. The relevant inquiry, therefore, is not whether lawsuits were commenced against individuals who were transferred to Defendants for debt collection, but rather lawsuits against individuals who were sent a letter similar to the 1/14/09 letter.<br><br>Plaintiff's offered authority, *Kelly v. Montgomery Lynch & Associates*, 2007 WL 4412572 (N.D. Ohio 2007), actually supports Defendants' position. The *Kelly* case does not involve a request for the total number of accounts transferred to Defendants for debt collection. The court in *Kelly* compelled disclosure of the kind of information Defendants already have provided to Plaintiff: the number of people who received the same letter Plaintiff received from Defendant. |

**SPECIAL INTERROGATORY NO. 13:**

State whether you have commenced any lawsuit for the collection of debts. If so, as to each, set forth in list form the following: (a) jurisdiction, (b) court, (c) case number, (d) case title and (e) filing date.

**RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad, uncertain and unintelligible. As such the request seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and, therefore, further is overly burdensome, unduly oppressive and harassing. Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum Corp. (D.C.N.Y. 1956) 153 F.Supp. 240; United States v. National Steel Corp (S.D. Texas 1960) 26 F.R.D. 599; Hopkins Theatre, Inc. v. RKO Radio

Pictures, Inc. (D.C.N.Y. 1956) 18 F.R.D. 379.) Responding party further objects to the request on the grounds that it seeks private documents and third party information protected from disclosure by California statute, the California Constitution and the United States Constitution. Responding party also objects to the extent that this request seeks attorney client communications and/or attorney work product. Also, this interrogatory seeks information that is a matter of public record and equally available to Plaintiff and also asks for the preparation of a report.

**SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORY NO. 13:**

Defendants incorporate all objections in their initial responses as if fully set forth herein. In addition, Defendants object to this interrogatory as overbroad and encompassing information beyond the claims and defenses at issue in this action. Not all lawsuits against debtors involve claims similar to Ms. Evon's collection matter. These other lawsuits bear no colorable relation to the specific claims and defenses in this action and are therefore beyond the scope of discovery under Fed. R. Civ. P. 26(b); *Cecena v. Allstate Ins. Co.*, 2006 WL 3898176 *2-*4 (N.D. Cal. 2006); *Aaron v. Dickinson, et al.*, 2006 WL 734881 (E.D. Cal. 2006). Defendant further objects to this interrogatory as harassing and unduly burdensome.

Subject to and without waiving said objections, Defendants hereby provide the following supplemental responses:

Yes. Defendants disclose herein information pertaining to a lawsuit filed against Ms. Evon after Defendants sent her a letter dated 1/14/09. To the degree this interrogatory asks for information pertaining to other lawsuits that have been filed, Defendants ask Plaintiff to meet and confer regarding this issue because the underlying allegation that Defendants "threatened" litigation against Ms. Evon in bad faith is manifestly false, as established below:

- (a) Jurisdiction: California Superior Court; (b) Court: Yuba County Superior Court; (c) Case No. 09-0000079; (d) Case Name: CACH, LLC v. Catherine Evon; (e) Filing Date: 2/06/09. (these documents produced herewith).

| Plaintiff's Position | Defendants' Position |
| --- | --- |
| See Plaintiff's Position relative to Special Interrogatory 12. | Plaintiff's request is unreasonable, burdensome, and overbroad. Again, Plaintiff is not entitled to general information pertaining to each lawsuit Defendants have filed against debtors for debt collection. Plaintiff is perhaps arguably solely entitled to information pertaining to lawsuits commenced against debtors who received the kind of correspondence Ms. Evon received on January 14, 2009.<br><br>There is no dispute that Defendants intended to institute legal action against Ms. Evon at the time Ms. Evon received the 1/14/09 letter. She admitted this under oath during her deposition. The underlying allegation that Defendants "threatened" litigation against Ms. Evon in bad faith is manifestly false, as established by the filing of the lawsuit against her on February 6, 2009. Indeed, the purpose of the letter was to apprise Ms. Evon of an "intended" legal action against her as well as the possible consequences in the event of judgment.<br><br>Given this undisputed fact, Defendants asked Plaintiff to meet and confer to discuss whether Plaintiff still needs information pertaining to other lawsuits. Plaintiff has refused to discuss the matter with Defendants' counsel. |

**SPECIAL INTERROGATORY NO. 22:**

Set forth and describe the manner in which you are compensated by CACH LLC.

**RESPONSE TO SPECIAL INTERROGATORY NO. 22:**

Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad, uncertain and unintelligible. As such the request seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and,

therefore, further is overly burdensome, unduly oppressive and harassing. Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum Corp. (D.C.N.Y. 1956) 153 F.Supp. 240; United States v. National Steel Corp (S.D. Texas 1960) 26 F.R.D. 599; Hopkins Theatre, Inc. v. RKO Radio Pictures, Inc. (D.C.N.Y. 1956) 18 F.R.D. 379.) Responding party further objects to the request to the extent that it seeks private documents and third party information protected from disclosure by California statute, the California Constitution and the United States Constitution. Responding party also objects to the extent that this request seeks attorney client communications and/or attorney work product. Finally, responding party objects to this request to the extent that it seeks the production of confidential, proprietary and/or trade secret information, the disclosure of which could cause irreparable commercial harm to responding party and/or third parties. Disclosure of any such information, if any exists in responding party's possession, custody and/or control, will only be made after entry of an appropriate protective order governing the use and dissemination of the material.

**SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORY NO. 22:**

Defendants incorporate all objections in their initial responses as if fully set forth herein. In addition, Defendants object to this interrogatory as overbroad and encompassing information beyond the claims and defenses at issue in this action. The Law Firm's manner compensation from its client has no colorable relation to the specific claims and defenses in this action and are therefore beyond the scope of discovery under Fed. R. Civ. P. 26(b); *Cecena v. Allstate Ins. Co.*, 2006 WL 3898176 *2-*4 (N.D. Cal. 2006); *Aaron v. Dickinson, et al.*, 2006 WL 734881 (E.D. Cal. 2006).

Subject to and without waiving said objections, Defendants hereby provide the following supplemental responses: Defendants ask Plaintiff to engage in a meet and confer process to discuss their need for the information requested herein and its relevance to the claims and defenses at issue in this litigation. Defendants are willing to discuss this interrogatory with Plaintiff's counsel and consider relevant authorities they provide supporting her request.

| Plaintiff's Position | Defendants' Position |
|---|---|
| See Plaintiff's Position regarding Request for Production No. 20. | See Defendants' Position regarding Request for Production No. 20.<br><br>Additionally, Defendants asked Plaintiff to explain why she needs information pertaining to Defendants' compensation arrangement with his client. Plaintiff has not provided any specific justification in all prior meet and confer discussions, and she again fails to do so here. *Walker v. Karelas*, 2009 WL 3075575 (E.D. Cal. 2009) (plaintiff has the burden of showing with specificity which of the defendant's responses are deficient, why objections are not justified, and why the information sought through discovery is relevant). |

Respectfully submitted,

DATED: January 7, 2010

/s/ Sergei Lemberg, Esq.

______________________________

SERGEI LEMBERG
Attorneys for Plaintiff
Catherine Evon

DATED: January 7, 2010

/s/ John N. Dahlberg

______________________________

JOHN N. DAHLBERG
Attorneys for Defendants
LAW OFFICES OF SIDNEY MICKELL
and SIDNEY MICKELL, ESQ.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28