IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CATHERINE EVON,

    Plaintiff,                              CIV. NO. S-09-0760 JAM GGH

   vs.

LAW OFFICES OF SIDNEY MICKELL, et al.,

    Defendants.                            ORDER
_____/

        Previously pending on this court's law and motion calendar for January 28, 2010, was plaintiff's motion to compel further discovery responses, filed October 29, 2009. Sergei Lemberg appeared telephonically for plaintiff. John Dahlberg represented defendants. After hearing oral argument and reviewing the joint statement, the court now issues the following order.

BACKGROUND

        Plaintiff filed the instant action under the FDCPA, claiming that defendants engaged in harassing conduct violative of the act by sending a letter to her at her place of employment which threatened her with legal action, wage garnishment, bank account levies, attachment of assets, and accrual of interest and attorneys' fees. Defendants contend that it is undisputed that they intended to commence legal action against plaintiff and did in fact file a

1

complaint against her on February 6, 2009, a few weeks after the January 14, 2009 letter was sent to her office.

The discovery requests at issue were originally served on August 27, 2009. After some extensions of time, defendants responded around October 16, 2009, through its former counsel. On November 2, 2009, current defense counsel was substituted in. Plaintiff's motion was originally noticed for hearing on December 10, 2009, but was continued by order filed December 2, 2009, after a telephone conference initiated by defendants on November 30, 2009 concerning some of the issues raised in the motion. In that order, the undersigned directed plaintiff to inform defendants which discovery requests were being withdrawn, and defendants were to provide complete responses, including production of documents for inspection, to plaintiff's discovery requests by December 17, 2009.

A misconception that runs throughout defendants' papers is the belief that discovery can only be obtained that is personal to the named plaintiff's suit. That is not true. The action is styled as a class action. Unless a court orders otherwise, discovery can proceed into class issues. <u>Sirota v. Solitron Devices</u>, 673 2d 566, 571 (2nd Cir. 1982); <u>Kingsberry v. Chicago Title Ins. Co.</u>, 258 F.R.D. 668 (W.D. Wash. 2009). As importantly, the amended complaint itself references specific provisions of FDCPA which were allegedly violated. At this point, the undersigned is in no position to find that certain provisions do not relate to the named plaintiff and others do. No law and motion has taken place which would make this clear. Thus, the undersigned can only rule upon this discovery motion with the fact in mind that the amended complaint's allegations cover a wide variety of activities.

As discussed at hearing, all of the further discovery discussed is based upon this broader reading of the discovery requests, i.e. the discovery relates to all allegations even if defendant contends here that the named plaintiff herself is not germane to a specific asserted violation; unless specifically written otherwise in a discovery request, discovery shall be produced that is pertinent to the violation allegations in the complaint.

DISCUSSION

Both parties take issue with the opponent's actions during the meet and confer process, both contending that opposing counsel did not participate in good faith. In regard to the merits, plaintiff contends that although defendants have provided some responsive discovery since the telephone conference with the undersigned, they continue to improperly object to many discovery requests despite the existence of a Consent Confidentiality Order, and other documents have been produced in an overly redacted fashion, containing significant portions of deleted sections.

Defendants, on the other hand, argue that the discovery requests are overbroad, time consuming, and seek irrelevant information, and they should be limited to the claims or defenses in this litigation.

The undersigned chooses to reach the merits and each discovery request will be addressed in turn.

I. DOCUMENT REQUESTS

Number 1 - Documents reviewed, referred to or relied upon in responding to plaintiff's first set of interrogatories.

Plaintiff claims that defendants failed to produce documents relating to interrogatories numbered 12 and 18, such as 359 similar letters sent to other consumers in 2008, and 278 similar letters sent to consumers' place of employment in 2008. All documents *reviewed, referred to or relied upon*, shall be produced subject to the protective order on file. In addition, a further non-contact order as discussed at hearing is ordered and shall remain in place without further order of the court.

Number 3 - Documents reflecting policies and procedures used by defendants and which relate to compliance with FDCPA requirements.

In regard to multi-volume manuals or large documents separated by express designations, if entire sections are clearly and convincingly irrelevant, they may be redacted. If,

however, a document is an integral document which is not separated by express designations the entire document must be produced.[1]

The allegations in the amended complaint shall define relevance.

Defendant shall produce documents in accordance with the above directives.

<u>Number 4</u> - Title pages of all complaints filed against defendants in a court of law in which FDCPA violations are alleged.

Defendants shall produce all responsive documents, but only to the extent that they concern reasonably similar allegations to the allegations in the amended complaint.

<u>Number 6</u> - All financial documents reflecting defendants' net worth.

Plaintiff seeks this discovery solely for purposes of a class action, and no date is set for class certification. In regard to damages, 15 U.S.C. § 1692k(a)(2)(B), which sets forth the criteria for establishing damages as related to the net worth of the debt collector, pertains only to class actions. The damages for actions brought by individuals are not based on the net worth of the debtor. <u>Id.</u>; § 1692k(a)(1), (a)(2)(A). Although this request would normally be considered premature, plaintiff has cited cases which permit such discovery in cases where the class is not yet certified. <u>See</u> <u>Anchondo v. Anderson, Crenshaw & Associates</u>, 256 F.R.D. 661, 668-69

---

[1] Redaction is, after all, an alteration of potential evidence. The Federal Rules sanction only very limited unilateral redaction, <u>see</u> Fed. R. Civ. P. 5.2. Outside of these limited circumstances, a party should not take it upon him, her or itself to decide unilaterally what context is necessary for the non-redacted part disclosed, and what might be useless to the case. It should not come as a shock to those involved in litigation, that parties may see the outcome differently. Moreover, protective orders are available to shield irrelevant, but important-to-keep-confidential information, and unless the protective order permits partial production, a document should be produced in its entirety. On the other hand, where a specific document is very large, and separated by clearly marked designations, or separate volumes, each section/volume becomes, more or less, a document in itself. However, generally worded sections of the large document may apply to specific sections whose potential relevance is unquestioned. Thus, unless a particular section unmistakably has no relevance *whatsoever* to the allegations in a complaint or denials/defenses in an answer, it should be produced along with the other relevant sections. And a word of warning to those who redact even under this standard – if you make unwarranted redactions, a court may well award sanctions for non-disclosure of requested evidence up to and including default/dismissal based on a seeming bad faith hiding of information.

(D.N.M. 2009); Muha v. Encore Receivable Management, Inc., 236 F.R.D. 429, 430-31 (E.D. Wis. 2006. As in Muha, defendants do not argue that discovery on class issues should wait. In fact, defendants have offered to provide a declaration by Sidney Mickell as to his and his law firm's net worth. Therefore, defendants shall respond to this request in the form of a declaration, and shall produce available documents pertinent to the declaration pursuant to the protective order in this case.

Number 7 - All operation manuals, employee manuals, training manuals or similar documents, used in connection with defendants' debt collection business.

The parties are referred to the court's order in regard to document request number 3 which will apply equally to this request.

Number 9 - All documents identified in response to interrogatory number 7 (whether defendants provided training to persons identified in response to interrogatories numbered 3 and 4, and identify all training content, procedures, practices, policies, all documents relating to training, and all persons responsible for training others).

Defendants are directed to search again for documents and produce them under the directives previously set forth in regard to request number 3.

Number 12 - All documents identified in defendants' response to interrogatory number 15 (all templates or form letters used to communicate with consumers).

Defendants are directed to conduct another search for responsive documents, by construing relevance in accordance with the claims in the amended complaint.

Number 14 - All documents identified in response to special interrogatory number 19.

Defendants are directed to produce responsive documents in accordance with the order pertaining to request number 3.

Number 18 - all documents referred to in defendants' Rule 26 Initial Disclosures as "correspondence with Plaintiff ... pertaining to Plaintiff's debt."

\\\\\

Defendants have conducted a good faith search but could not locate the September, 2008 letter sent to plaintiff, and have produced all other relevant documents. Based on this representation by defense counsel, no further order will issue in regard to this request.[2]

Number 19 - Copies of all form letters, templates and similar documents used by defendants to communicate with consumers.

Defendants are directed to conduct another search for responsive documents, by construing relevance in accordance with the claims in the amended complaint.

Numbers 20 and 21 - All documents regarding communications between defendants and CACH LLC in connection with plaintiff; all documents provided to defendants by CACH LLC in connection with plaintiff.

Defendants represented at hearing that all responsive documents have been produced, and that no documents were withheld based on attorney client privilege or work product protection.[3]

II. SPECIAL INTERROGATORIES

Number 4 - Identity of all persons engaged in debt collection in your behalf or under your supervision, and all persons you compensated in connection with debt collection.

Defendants have now supplemented their response by identifying all individuals who personally handled plaintiff's matter only. As the request seeks identities of current employees only, defendants shall produce the identities of all current employees engaged in debt collection.

Number 12 - Number of accounts placed with or transferred to defendants for collection within each calendar year during the relevant time period. As to each account, state whether you

---

[2] It appears that plaintiff was in possession of this letter and produced a copy to defendants.

[3] Defendants' response is properly limited to only those documents *in connection with plaintiff*.

6

commenced a collection suit.

Defendants shall respond to this interrogatory.

<u>Number 13</u> - Whether defendants have commenced any lawsuit for debt collection, and if so provide a list of jurisdiction, court, case number, case title and filing date for each case.

The undersigned does not understand the relevance of this interrogatory in terms of its overbreadth and potential burden. Plaintiff's motion is denied in this regard.

<u>Number 22</u> - Describe the manner in which defendants are compensated by CACH LLC.

Plaintiff's motion is granted in regard to this interrogatory, but only as it pertains to the claims and defenses in the amended complaint.

<u>CONCLUSION</u>

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion to compel discovery, filed October 29, 2009, (dkt. # 21), is granted in part and denied in part.

2. Defendants shall produce all discovery as ordered herein within twenty days of this order.

DATED: 02/03/2010                  /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076
Evon0760.dsy.wpd