1 **DILLINGHAM & MURPHY, LLP**
DENNIS J. KELLY (SBN 191414)
2 JOHN N. DAHLBERG (SBN 085122)
ANGEL R. SEVILLA (SBN 239072)
3 225 Bush Street, 6th Floor
San Francisco, California 94104-4207
4 Telephone:    (415) 397-2700
Facsimile:    (415) 397-3300
5 djk@dillinghammurphy.com
jnd@dillinghammurphy.com
6 ars@dillinghammurphy.com

7 Attorneys for Defendants
LAW OFFICES OF SIDNEY MICKELL and
8 SIDNEY MICKELL, ESQ.

9
UNITED STATES DISTRICT COURT

10
EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

11

12

13 CATHERINE EVON,                          Case No.  2:09-CV-00760-JAM-KJN

            Plaintiff,
14
                                           **DEFENDANTS' STATEMENT OF**
15  v.                                      **UNDISPUTED MATERIAL FACTS IN**
                                           **SUPPORT OF MOTION FOR**
16 LAW OFFICES OF SIDNEY MICKELL; and       **SUMMARY JUDGMENT OR,**
SIDNEY MICKELL, ESQ.; and DOES 1           **ALTERNATIVELY, FOR PARTIAL**
17 through 100, inclusive,                  **SUMMARY JUDGMENT AS TO EACH**
                                           **CLAIM**
            Defendants.
18
                                           Date:    June 2, 2010
19                                          Time:    9:00 a.m.
                                           Dept     Courtroom 6, 14th Floor
20                                          Judge:   Hon. John A. Mendez

21

22          Pursuant to the Local Rules of the United States District Court, Eastern District of

23 California, Rule 56-260(a), Defendants Sidney Mickell and the Law Office of Sidney Mickell,

24 Esq. ("Defendants") hereby submit the following Statement of Undisputed Material Facts in

25 support of Defendants' Motion for Summary Judgment or, Alternatively, Partial Summary

26 Judgment as to Each Claim.

27 ///

28 ///

///

**Issue 1:**  **There is no genuine issue of material fact that Defendants have no liability under FDCPA, 15 U.S.C. § 1692c(b) (Claim No. 1), because Defendants did not communicate with a third party regarding Ms. Evon's debt.**

| UNDISPUTED FACT | EVIDENCE |
|---|---|
| 1. The letter Ms. Evon received dated 1/14/09 was the only communication that Ms. Evon received at her place of employment, including phone calls. | Evon Depo. 278:25-279:3; 291:8-11 (Sevilla Decl., Exh. A). |
| 2. The only name of a person that appeared in the address line in the letter Ms. Evon received dated 1/14/09 was "Catherine Evon." | Evon Depo. 245:2-14; 251:17-252:1 (Sevilla Decl., Exh. A); Mickell Decl. ¶16, Exh. F. |
| 3. The letter Ms. Evon received dated 1/14/09 was marked **PERSONAL AND CONFIDENTIAL** next to the name "Catherine Evon" in bolded text and in all-capitalized form so that the person looking at the envelope would have seen Ms. Evon's name and the **PERSONAL AND CONFIDENTIAL** designation. | Evon Depo. 234:15-18 (Sevilla Decl., Exh. A); Mickell Decl. ¶16, Exh. F. |
| 4. The letter Ms. Evon received dated 1/14/09 was enclosed in an envelope with a window on the bottom left side of the envelope. | Mickell Decl. ¶19, Exh. G. |

**Issue 2:**  **There is no genuine issue of material fact that Defendants have no liability under FDCPA, 15 U.S.C. § 1692c(b) (Claim No. 1), because the alleged violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.**

| UNDISPUTED FACT | EVIDENCE |
|---|---|
| 5. The law office employs training policies and procedures to comply with the FDCPA. | Mickell Depo. 183:4-9; 107:23-108:4; 182:8-15; 183:14-186:21 (Sevilla Decl., Exh. B); J. Gestl Depo. 90:13-25 (Sevilla Decl., Exh. C). |
| 6. Prospective debt collectors are given a copy of the Collector's Handbook. | Mickell Depo. 183:14-22; 194:4-6 (Sevilla Decl., Exh. B); Mickell Decl. ¶2, Exh. A. |
| 7. The Collector's Handbook includes a specific policy regarding "Communication in connection with debt | Mickell Decl., ¶2, Exh. A at 14; Mickell Depo. 183:14- |

| | | |
|---|---|---|
| | collection" (15 U.S.C. §1692c). | 184:4 (Sevilla Decl., Exh. B). |
| 8. | The Collector's Handbook also includes a specific policy regarding false and misleading representations in connection with collecting a debt. | Mickell Decl. ¶2, Exh. A at 17. |
| 9. | Prospective debt collectors are required to take two forms of examination pertaining to proper debt collection procedures – an exam based on the specific requirements of the FDCPA and an exam based on specific state laws regarding debt collection. | Mickell Depo. 182:8-14; 184:9-185:9 (Sevilla Decl., Exh. B); Mickell Decl. ¶3, Exhs. B & C. |
| 10. | The exams include specific questions regarding communications with debtors at their place of employment. | Mickell Decl. ¶3, Exh. B. |
| 11. | The exams also include specific questions regarding communications with the debtors regarding litigation. | Mickell Decl. ¶3, Exh. B. |
| 12. | Jeremy Gestl is trained with respect to guidelines of the FDCPA as well as the collection practices and procedures of the firm. | Gestl Decl. ¶2. |
| 13. | The law office utilizes a software program that alerts collectors and others who handle that account of any limitations on communication with the debtor. | Mickell Depo. 100:9-19; 100:20-101:6; 101:21-102:6 (Sevilla Decl., Exh. B); J. Gestl Depo. 92:16-19; 92:20-93:9; 92:1-8 (Sevilla Decl., Exh. C). |
| 14. | Jeremy Gestl is trained on how to use the software program and to record the debtor's restrictions on communication so that the restriction is followed. | Gestl Decl. ¶3. |
| 15. | If the debtor tells the firm that she does not want calls at her work, the program allows a collector to state this in the history notes for the account and check the "Work" and "Verbal" boxes on the "ON NOTICE" pop-up screen for the account.  The collector must enter this information faithfully and contemporaneously. | Mickell Depo. 102:21-24; 103:21-104:1 (Sevilla Decl., Exh. B); Mickell Decl. ¶11, Exh. D; J. Gestl Depo. 92:16-93:9 (Sevilla Decl., Exh. C). |
| 16. | If the debtor tells the firm "Do not contact me at the office," "Do not contact my employer," or words to that effect, the program allows a collector to state this in the history notes for the account and check the "Work" "Letter" and "Verbal" boxes on the "ON NOTICE" pop-up screen for the account.  The collector must enter this | Mickell Depo. 105:10-106:10 (Sevilla Decl., Exh. B); Mickell Decl. ¶9, Exh. D; J. Gestl Depo. 92:20-93:9 (Sevilla Decl., Exh. C). |

| | | |
|---|---|---|
| | information faithfully and contemporaneously. | |
| 17. | If the debtor tells the firm "Do not write" me at work or similar words, the program allows a collector to state this in the history notes for the account and check the "Work" and "Letter" boxes on the "ON NOTICE" pop-up screen for the account.  The collector must enter this information faithfully and contemporaneously. | Mickell Depo. 105:10-21; 106:7-10 (Sevilla Decl., Exh. B); J. Gestl Depo. 92:20-93:9 (Sevilla Decl., Exh. C). |
| 18. | Once the corresponding notification box is checked by the collector or any other employee, the screen is thereafter designated with a yellow triangle with an exclamation mark in the middle with the words "ON NOTICE." | Mickell Decl. ¶12, Exh. D; J. Gestl Depo. 92:1-8 (Sevilla Decl., Exh. C). |
| 19. | The "ON NOTICE" designation appears on the first page of the screen viewed when an account is pulled up is seen by all debt collectors and other firm employees who handle accounts. | Mickell Decl. ¶12, Exh. D. |
| 20. | The law office follows a procedure called "summarizing," by which the debt collector verifies the debtor's instruction over the telephone by restating the consumer's comments in an effort to verify the instructions. | Mickell Depo. 216:21-218:1; 220:20-221:5 (Sevilla Decl., Exh. B); J. Gestl Depo. 67:20-67:25 (Sevilla Decl., Exh. C); Mickell Decl., Exh. A at 36). |
| 21. | The call in which Plaintiff allegedly informed Mr. Gestl not to send anything to her employer was placed by Plaintiff from her mobile phone on or around September 30, 2008. | Evon Depo. 154:23-155:2 (Sevilla Decl., Exh. A). |
| 22. | When asked if she remembered Mr. Gestl more than once saying that he had trouble listening or hearing Plaintiff during the call, Ms. Evon stated, "He may have. I don't know.  I was on my cell phone." | Evon Depo. 154:23-155:2 (Sevilla Decl., Exh. A). |
| 23. | Plaintiff testified that, at the time of her conversation with Mr. Gestl, she did not intend to give an instruction broader than do not *call* me at work.  Plaintiff testified as follows:<br><br>Q. …Was it your state of mind, at that point, that you had given [Mr. Gestl] an instruction broader than don't call your employer? …<br>A. I told him not to contact –<br>…<br>Q. Namely, "Don't call my employer."<br>A. I didn't give him anything broader, no. | Evon Depo. 184:5-13 (Sevilla Decl., Exh. A). |

DEFS' STATEMENT OF UNDISPUTED MATERIAL FACTS ISO MOT. FOR SUMMARY JUDGMENT OR ALTERNATIVELY PARTIAL SUMMARY JUDGMENT AS TO EACH CLAIM

| | UNDISPUTED FACT | EVIDENCE |
|---|---|---|
| 24. | According to Plaintiff's deposition testimony, when she told Mr. Gestl words similar to "Do not contact my employer," Mr. Gestl acknowledged her statement by saying, "That's okay, I don't have to call your employer." | Evon Depo. 184:14-25; 186:1-10; 195:2-18 (Sevilla Decl., Exh. A); J. Gestl Decl. ¶12. |
| 25. | In the same conversation, Mr. Gestl again confirmed his understanding of Ms. Evon's warning not to call at work as follows: "Well no, I mean I understand.  I can't force you to pay your bill, but we're local to you here in California.  I don't have to call you and I can't call you at work because you told me not to…" | J. Gestl Decl., ¶12. |
| 26. | Had Mr. Gestl heard Ms. Evon say "Do not send anything to my employer," or "Do not contact me at work" or similar words, Mr. Gestl would have written this instruction on the history notes for Ms. Evon's account and checked "Work" "Letter" and "Verbal" on the "ON NOTICE" notification for the account indicating that Ms. Evon does not want calls or letters in the workplace. | Gestl Decl. ¶13. |
| 27. | Ms. Evon testified that she understood that there was a difference between the instruction she allegedly gave and Mr. Gestl's understanding of her instruction. | Evon Depo. 184:5-186:10 (Sevilla Decl., Exh. A). |
| 28. | Plaintiff did not receive any phone calls from Defendants at her place of employment after September 30, 2008. | Evon Depo. 228:7-9; 228:17-22; J. Gestl Decl. ¶11. |

**Issue 3:** **There is no genuine issue of material fact that Defendants have no liability under FDCPA, 15 U.S.C. § 1692e(4) (Claim No. 2), because the undisputed facts show that Defendants intended to pursue a lawsuit and potential legal remedies against Ms. Evon and had made preparations to do so when the 1/14/09 letter was sent.**

| UNDISPUTED FACT | | EVIDENCE |
|---|---|---|
| 29. | Defendant Sidney H. Mickell is an attorney licensed to practice law in California. | Mickell Decl. ¶1; Mickell Depo. 23:8-16 (Sevilla Decl., Exh. B). |
| 30. | Ms. Evon's account was transferred to the law firm's litigation department from the collection department on or around December 26, 2008. | Mickell Decl. ¶15, Exh. E at 16. |

| | |
|---|---|
| 31. In reviewing Ms. Evon's account for litigation, Mr. Mickell examined the facts pertaining to Ms. Evon's account and relied on California law in determining possible claims against Ms. Evon and applicable remedies. | Mickell Decl. ¶16. |
| 32. The law office prepared the summons and complaint to be filed against Ms. Evon at Yuba County Superior Court on or around January 15, 2009. | Mickell Depo. 136:5-137:8 (Sevilla Decl., Exh. B); Mickell Decl. ¶16, Exh. F at 15. |
| 33. The law office sent the summons and complaint for filing with the Yuba County Superior Court on or around January 21, 2009. | Mickell Decl. ¶20, Exh. E at 14. |
| 34. On or around January 29, 2008, Mr. Mickell instructed Ray Welsh to contact Ms. Evon to arrange service of the summons and complaint at a place and time of Ms. Evon's choosing.  Ray Welsh offered Plaintiff a way to serve her the summons and complaint at her home instead of at her place of employment. | Mickell Decl. ¶20, Exh. E at 13; Evon Depo. 291:23-292:14 (Sevilla Decl., Exh. A) |
| 35. Process servers attempted to contact Plaintiff in order to serve her with the summons and complaint. | Evon Depo. 290:5-291:1 (Sevilla Decl., Exh. A). |
| 36. Paragraph 2 of the letter to Ms. Evon states in relevant part:  "California Code of Civil Procedure Section 1033 requires us to inform you of the fact that we intend to commence legal action against you in the Superior Court of the State of California." | Mickell Decl. ¶16, Exh. F. |
| 37. The Action *CACH, LLC v. Catherine Evon* was filed with the Yuba County Superior Court on February 6, 2009 (Case No. 09-0000079). | Mickell Decl. ¶22, Exh. H; Request for Judicial Notice, Exh. A. |

**Issue 4:**  **There is no genuine issue of material fact that Defendants have no liability under FDCPA, 15 U.S.C. § 1692e(4) (Claim No. 2), because the letter to Ms. Evon was not false, deceptive, or misleading under the "least sophisticated debtor" standard.**

| UNDISPUTED FACT | EVIDENCE |
|---|---|
| 38.  Plaintiff understood that remedies such as wage garnishments and attachments can only be recovered after a judgment is rendered by the Court. | Evon Depo. 78:20-79:4; 78:20-79:4 (Sevilla Decl., Exh. A). |
| 39.  When asked during her deposition if there was something wrong in threatening wage garnishment after judgment against her, Plaintiff testified, "If there's a judgment, no, I do not." | Evon Depo. 144:11-14; 143:24-144:10 (Sevilla Decl., Exh. A). |
| 40.  When asked during her deposition if there was something wrong in threatening asset seizure after judgment against her, Plaintiff replied, "No." | Evon Depo. 144:15-18 (Sevilla Decl., Exh. A). |
| 41.  When asked during her deposition if there was something wrong in threatening taking bank assets she might control after a judgment, Plaintiff replied, "No." | Evon Depo. 144:19-22 (Sevilla Decl., Exh. A). |
| 42.  Plaintiff did not intend to personally raise a claim in this lawsuit with respect to the language of the CCP 1033 letter she received.  Plaintiff testified that the charge was the work of her attorneys. | Evon Depo. 319:8-320:2 (Sevilla Decl., Exh. A). |
| 43.  The CCP 1033 letter does not state that a judgment will be rendered without a lawsuit. | Mickell Decl. ¶16, Exh. F; Mickell Depo. 158:10-19 (Sevilla Decl., Exh. B). |
| 44.  The CCP 1033 letter does not state that "Wage Garnishments, Bank Account Levies, or Attachments of your assets" can or will be awarded without a lawsuit. | Mickell Decl. ¶16, Exh. F. |
| 45.  The CCP 1033 letter does not expressly state that "Wage Garnishments, Bank Account Levies, or Attachments of your assets" can or will be awarded absent a judgment. | Mickell Decl. ¶16, Exh. F. |
| 46.  California Code of Civil Procedure Section 1033 provides that costs and reasonable attorneys' fees "shall only be awarded to the plaintiff if the court is satisfied that prior to the commencement of the action, the plaintiff informed the defendant in writing of the intended legal action against the defendant and that legal action could result in a judgment against the defendant…" | Cal. Code Civ. P. § 1033; RJN, Exh. B. |

| 47. | A prevailing party for monetary damages may invoke procedures for attachment of assets after judgment. | Cal. Code Civ. P. § 483.010(a); RJN, Exh. D. |
| 48. | A prevailing party for monetary damages may be entitled to recover reasonable attorneys' fees and costs after judgment. | Cal. Civ. Code 1717.5(a); RJN, Exh. C. |
| 49. | Plaintiff's credit card agreement with the creditor provides that she may be liable for attorneys' fees in the event the creditor prevails in a lawsuit to recover unpaid amounts. | Mickell Decl. ¶22, Exh. H; Request for Judicial Notice, Exh. A. |
| 50. | A prevailing party for monetary damages may invoke procedures for wage garnishments after judgment. | Cal. Code Civ. P. §703.020, *et seq.*; RJN Exh. F. |
| 51. | A prevailing party for monetary damages may invoke procedures for levies after judgment. | Cal. Code Civ. P. §§ 688.030, 689.030; RJN Exh. E. |

**Issue 5:**   **There is no genuine issue of material fact that Defendants have no liability under FDCPA, 15 U.S.C. § 1692e(4) (Claim No. 2), because the letter to Ms. Evon complies with the statutory requirements under California law, on which Defendants relied.**

| **UNDISPUTED FACT** | **EVIDENCE** |
|---|---|
| 52. Paragraph 2 of the letter to Ms. Evon states in relevant part:  "California Code of Civil Procedure Section 1033 requires us to inform you of the fact that we intend to commence legal action against you in the Superior Court of the State of California." | Mickell Decl. ¶16, Exh. F. |
| 53. California Code of Civil Procedure Section 1033 provides that costs and reasonable attorneys' fees "shall only be awarded to the plaintiff if the court is satisfied that prior to the commencement of the action, the plaintiff informed the defendant in writing of the intended legal action against the defendant and that legal action could result in a judgment against the defendant…" | Cal. Code Civ. P. § 1033; RJN, Exh. B. |
| 54. A prevailing party for monetary damages may invoke procedures for attachment of assets after judgment. | Cal. Code Civ. P. § 483.010(a); RJN, Exh. D. |
| 55. A prevailing party for monetary damages may be entitled to recover reasonable attorneys' fees and costs after judgment. | Cal. Civ. Code 1717.5(a); RJN, Exh. C. |

| UNDISPUTED FACT | EVIDENCE |
|---|---|
| 56. Plaintiff's credit card agreement with the creditor provides that she may be liable for attorneys' fees in the event the creditor prevails in a lawsuit to recover unpaid amounts. | Mickell Decl. ¶22, Exh. H; Request for Judicial Notice, Exh. A. |
| 57. A prevailing party for monetary damages may invoke procedures for wage garnishments after judgment. | Cal. Code Civ. P. §703.020, *et seq.*; RJN Exh. F. |
| 58. A prevailing party for monetary damages may invoke procedures for levies after judgment. | Cal. Code Civ. P. §§ 688.030, 689.030; RJN Exh. E. |

**Issue 6:** **There is no genuine issue of material fact that Defendants have no liability under FDCPA, 15 U.S.C. § 1692e(4) (Claim No. 2), under the *bona fide* error defense, because Defendants acted in reliance to established California law.**

| UNDISPUTED FACT | EVIDENCE |
|---|---|
| 59. Paragraph 2 of the letter to Ms. Evon states in relevant part:  "California Code of Civil Procedure Section 1033 requires us to inform you of the fact that we intend to commence legal action against you in the Superior Court of the State of California." | Mickell Decl. ¶16, Exh. F. |
| 60. California Code of Civil Procedure Section 1033 provides that costs and reasonable attorneys' fees "shall only be awarded to the plaintiff if the court is satisfied that prior to the commencement of the action, the plaintiff informed the defendant in writing of the intended legal action against the defendant and that legal action could result in a judgment against the defendant…" | Cal. Code Civ. P. § 1033; RJN, Exh. B. |
| 61. A prevailing party for monetary damages may invoke procedures for attachment of assets after judgment. | Cal. Code Civ. P. § 483.010(a); RJN, Exh. D. |
| 62. A prevailing party for monetary damages may be entitled to recover reasonable attorneys' fees and costs after judgment. | Cal. Civ. Code 1717.5(a); RJN, Exh. C. |
| 63. Plaintiff's credit card agreement with the creditor provides that she may be liable for attorneys' fees in the event the creditor prevails in a lawsuit to recover unpaid amounts. | Mickell Decl. ¶22, Exh. H; Request for Judicial Notice, Exh. A. |
| 64. A prevailing party for monetary damages may invoke procedures for wage garnishments after judgment. | Cal. Code Civ. P. §703.020, *et seq.*; RJN |

| | | |
|---|---|---|
| 65. | A prevailing party for monetary damages may invoke procedures for levies after judgment. | Exh. F. Cal. Code Civ. P. §§ 688.030, 689.030; RJN Exh. E. |

**Issue 7:**  **There is no genuine issue of material fact that Defendants have no liability under FDCPA, 15 U.S.C. § 1692e (Claim No. 3), because the undisputed facts show that Defendants intended to pursue a lawsuit and potential legal remedies against Ms. Evon and had made preparations to do so.**

| UNDISPUTED FACT | | EVIDENCE |
|---|---|---|
| 66. | Defendant Sidney H. Mickell is an attorney licensed to practice law in California. | Mickell Decl. ¶1; Mickell Depo. 23:8-16 (Sevilla Decl., Exh. B). |
| 67. | Ms. Evon's account was transferred to the law firm's litigation department from the collection department on or around December 26, 2008. | Mickell Decl. ¶15, Exh E at 16. |
| 68. | In reviewing Ms. Evon's account for litigation, Mr. Mickell examined the facts pertaining to Ms. Evon's account and relied on California law in determining possible claims against Ms. Evon and applicable remedies. | Mickell Decl. ¶16. |
| 69. | The law office prepared the summons and complaint to be filed against Ms. Evon at Yuba County Superior Court on or around January 15, 2009. | Mickell Depo. 136:5-137:8 (Sevilla Decl., Exh. B); Mickell Decl. ¶16, Exh. F at 15. |
| 70. | The law office sent the summons and complaint for filing with the Yuba County Superior Court on or around January 21, 2009. | Mickell Decl. ¶20, Exh. E at 14. |
| 71. | On or around January 29, 2008, Mr. Mickell instructed Ray Welsh to contact Ms. Evon to arrange service of the summons and complaint at a place and time of Ms. Evon's choosing.  Ray Welsh offered Plaintiff a way to serve her the summons and complaint at her home instead of at her place of employment. | Mickell Decl. ¶20, Exh E at 13; Evon Depo. 291:23-292:14 (Sevilla Decl., Exh. A) |
| 72. | Process servers attempted to contact Plaintiff in order to serve her with the summons and complaint. | Evon Depo. 290:5-291:1 (Sevilla Decl., Exh. A). |
| 73. | Paragraph 2 of the letter to Ms. Evon states in relevant part:  "California Code of Civil Procedure Section | Mickell Decl. ¶16, Exh. F. |

| | UNDISPUTED FACT | EVIDENCE |
|---|---|---|
| | 1033 requires us to inform you of the fact that we intend to commence legal action against you in the Superior Court of the State of California." | |
| 74. | The Action *CACH, LLC v. Catherine Evon* was filed with the Yuba County Superior Court on February 6, 2009 (Case No. 09-0000079). | Mickell Decl. ¶22, Exh. H; Request for Judicial Notice, Exh. A. |

**Issue 8:** **There is no genuine issue of material fact that Defendants have no liability under FDCPA, 15 U.S.C. § 1692e (Claim No. 3), because the letter to Ms. Evon was not false, deceptive, or misleading under the "least sophisticated debtor" standard.**

| | UNDISPUTED FACT | EVIDENCE |
|---|---|---|
| 75. | Plaintiff understood that remedies such as wage garnishments and attachments can only be recovered after a judgment is rendered by the Court. | Evon Depo. 78:20-79:4; 78:20-79:4 (Sevilla Decl., Exh. A). |
| 76. | When asked during her deposition if there was something wrong in threatening wage garnishment after judgment against her, Plaintiff testified, "If there's a judgment, no, I do not." | Evon Depo. 144:11-14; 143:24-144:10 (Sevilla Decl., Exh. A). |
| 77. | When asked during her deposition if there was something wrong in threatening asset seizure after judgment against her, Plaintiff replied, "No." | Evon Depo. 144:15-18 (Sevilla Decl., Exh. A). |
| 78. | When asked during her deposition if there was something wrong in threatening taking bank assets she might control after a judgment, Plaintiff replied, "No." | Evon Depo. 144:19-22 (Sevilla Decl., Exh. A). |
| 79. | Plaintiff did not intend to personally raise a claim in this lawsuit with respect to the language of the CCP 1033 letter she received.  Plaintiff testified that the charge was the work of her attorneys. | Evon Depo. 319:8-320:2 (Sevilla Decl., Exh. A). |
| 80. | The CCP 1033 letter does not state that a judgment will be rendered without a lawsuit. | Mickell Decl. ¶16, Exh. F; Mickell Depo. 158:10-19 (Sevilla Decl., Exh. B). |
| 81. | The CCP 1033 letter does not state that "Wage Garnishments, Bank Account Levies, or Attachments of your assets" can or will be awarded without a lawsuit. | Mickell Decl. ¶16, Exh. F. |
| 82. | The CCP 1033 letter does not expressly state that "Wage Garnishments, Bank Account Levies, or Attachments of your assets" can or will be awarded absent a judgment. | Mickell Decl. ¶16, Exh. F. |

| | | |
|---|---|---|
| 83. | California Code of Civil Procedure Section 1033 provides that costs and reasonable attorneys' fees "shall only be awarded to the plaintiff if the court is satisfied that prior to the commencement of the action, the plaintiff informed the defendant in writing of the intended legal action against the defendant and that legal action could result in a judgment against the defendant…" | Cal. Code Civ. P. § 1033; RJN, Exh. B. |
| 84. | A prevailing party for monetary damages may invoke procedures for attachment of assets after judgment. | Cal. Code Civ. P. § 483.010(a); RJN, Exh. D. |
| 85. | A prevailing party for monetary damages may be entitled to recover reasonable attorneys' fees and costs after judgment. | Cal. Civ. Code 1717.5(a); RJN, Exh. C. |
| 86. | Plaintiff's credit card agreement with the creditor provides that she may be liable for attorneys' fees in the event the creditor prevails in a lawsuit to recover unpaid amounts. | Mickell Decl. ¶22, Exh. H; Request for Judicial Notice, Exh. A. |
| 87. | A prevailing party for monetary damages may invoke procedures for wage garnishments after judgment. | Cal. Code Civ. P. §703.020, *et seq.*; RJN Exh. F. |
| 88. | A prevailing party for monetary damages may invoke procedures for levies after judgment. | Cal. Code Civ. P. §§ 688.030, 689.030; RJN Exh. E. |

**Issue 9:** **There is no genuine issue of material fact that Defendants have no liability under FDCPA, 15 U.S.C. § 1692e (Claim No. 3), because the letter to Ms. Evon complies with the statutory requirements under California law, on which Defendants relied.**

| UNDISPUTED FACT | | EVIDENCE |
|---|---|---|
| 89. | Paragraph 2 of the letter to Ms. Evon states in relevant part:  "California Code of Civil Procedure Section 1033 requires us to inform you of the fact that we intend to commence legal action against you in the Superior Court of the State of California." | Mickell Decl. ¶16, Exh. F. |
| 90. | California Code of Civil Procedure Section 1033 provides that costs and reasonable attorneys' fees "shall only be awarded to the plaintiff if the court is satisfied that prior to the commencement of the action, the plaintiff informed the defendant in writing of the intended legal action could | Cal. Code Civ. P. § 1033; RJN, Exh. B. |

result in a judgment against the defendant…"

| | | |
|---|---|---|
| 91. | A prevailing party for monetary damages may invoke procedures for attachment of assets after judgment. | Cal. Code Civ. P. § 483.010(a); RJN, Exh. D. |
| 92. | A prevailing party for monetary damages may be entitled to recover reasonable attorneys' fees and costs after judgment. | Cal. Civ. Code 1717.5(a); RJN, Exh. C. |
| 93. | Plaintiff's credit card agreement with the creditor provides that she may be liable for attorneys' fees in the event the creditor prevails in a lawsuit to recover unpaid amounts. | Mickell Decl. ¶22, Exh. H; Request for Judicial Notice, Exh. A. |
| 94. | A prevailing party for monetary damages may invoke procedures for wage garnishments after judgment. | Cal. Code Civ. P. §703.020, *et seq.*; RJN Exh. F. |
| 95. | A prevailing party for monetary damages may invoke procedures for levies after judgment. | Cal. Code Civ. P. §§ 688.030, 689.030; RJN Exh. E. |

**Issue 10:**  **There is no genuine issue of material fact that Defendants have no liability under FDCPA, 15 U.S.C. § 1692e (Claim No. 3), under the *bona fide* error defense, because Defendants acted in reliance to established California law.**

| UNDISPUTED FACT | | EVIDENCE |
|---|---|---|
| 96. | Paragraph 2 of the letter to Ms. Evon states in relevant part:  "California Code of Civil Procedure Section 1033 requires us to inform you of the fact that we intend to commence legal action against you in the Superior Court of the State of California." | Mickell Decl. ¶16, Exh. F. |
| 97. | California Code of Civil Procedure Section 1033 provides that costs and reasonable attorneys' fees "shall only be awarded to the plaintiff if the court is satisfied that prior to the commencement of the action, the plaintiff informed the defendant in writing of the intended legal action against the defendant and that legal action could result in a judgment against the defendant…" | Cal. Code Civ. P. § 1033; RJN, Exh. B. |
| 98. | A prevailing party for monetary damages may invoke procedures for attachment of assets after judgment. | Cal. Code Civ. P. § 483.010(a); RJN, Exh. D. |
| 99. | A prevailing party for monetary damages may be entitled to recover reasonable attorneys' fees and costs after judgment. | Cal. Civ. Code 1717.5(a); RJN, Exh. C. |

| 100. | Plaintiff's credit card agreement with the creditor provides that she may be liable for attorneys' fees in the event the creditor prevails in a lawsuit to recover unpaid amounts. | Mickell Decl. ¶22, Exh. H; Request for Judicial Notice, Exh. A. |
| 101. | A prevailing party for monetary damages may invoke procedures for wage garnishments after judgment. | Cal. Code Civ. P. §703.020, *et seq.*; RJN Exh. F. |
| 102. | A prevailing party for monetary damages may invoke procedures for levies after judgment. | Cal. Code Civ. P. §§ 688.030, 689.030; RJN Exh. E. |

**Issue 11:**  **There is no genuine issue of material fact that Defendants have no liability under FDCPA, 15 U.S.C. § 1692e(10) (Claim No. 4), because the letter Ms. Evon received was an statutorily exempt form of communication following an alleged cease communication request.**

| UNDISPUTED FACT | EVIDENCE |
|---|---|
| 103. Paragraph 1 of the letter to Ms. Evon states in relevant part: "This office has attempted to avoid the costly and time consuming process of litigating the above-mentioned debt. Unfortunately, it appears that our efforts have failed." | Mickell Decl. ¶16, Exh. F. |
| 104. Paragraph 2 of the letter to Ms. Evon states in relevant part: "Because you have chosen to limit our alternatives in resolving Account Number…California Code of Civil Procedure Section 1033 requires us to inform you of the fact that we intend to commence legal action against you in the Superior Court of the State of California, which could result in a judgment against you." | Mickell Decl. ¶16, Exh. F. |
| 105. Paragraph 4 of the letter to Ms. Evon states in relevant part: "…a judgment awarded against you, among other things, could result in remedies such as Wage Garnishments, Bank Account Levies, or Attachments of your assets, as well as accrue interest at the legal rate of 10% per year." | Mickell Decl. ¶16, Exh. F. |

**Issue 12:  There is no genuine issue of material fact that Defendants have no liability under FDCPA, 15 U.S.C. § 1692e(10) (Claim No. 4), because Plaintiff's employer did not bar personal communications at work.**

| UNDISPUTED FACT | EVIDENCE |
|---|---|
| 106.  Plaintiff did not identify a policy of her employer prohibiting employees from receiving personal communication at work. | Evon Depo. 82:23-83:2 (Sevilla Decl., Exh. A). |
| 107.  Plaintiff's request to not receive communication at her work was her personal preference, not company policy. | Evon Depo. 93:9-11 (Sevilla Decl., Exh. A). |
| 108.  Mr. Mickell had no knowledge of any prohibition or policy of Ms. Evon's employer against receiving personal communication at work. | Mickell Decl. ¶17. |

**Issue 13:  There is no genuine issue of material fact that Defendants have no liability under FDCPA, 15 U.S.C. § 1692e(10) (Claim No. 4), because the alleged violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.**

| UNDISPUTED FACT | EVIDENCE |
|---|---|
| 109.  The law office employs training policies and procedures to comply with the FDCPA. | Mickell Depo. 183:4-9; 107:23-108:4; 182:8-15; 183:14-186:21 (Sevilla Decl., Exh. B); J. Gestl Depo. 90:13-25 (Sevilla Decl., Exh. C). |
| 110.  Prospective debt collectors are given a copy of the Collector's Handbook. | Mickell Depo. 183:14-22; 194:4-6 (Sevilla Decl., Exh. B); Mickell Decl. ¶2, Exh. A. |
| 111.  The Collector's Handbook includes a specific policy regarding "Communication in connection with debt collection" (15 U.S.C. §1692c). | Mickell Decl., ¶2, Exh. A at 14; Mickell Depo. 183:14-184:4 (Sevilla Decl., Exh. B). |
| 112.  The Collector's Handbook also includes a specific policy regarding false and misleading representations in connection with collecting a debt. | Mickell Decl. ¶2, Exh. A at 17. |
| 113.  Prospective debt collectors are required to take two forms of examination pertaining to proper debt collection | Mickell Depo. 182:8-14; 184:9-185:9 (Sevilla Decl., |

| | | |
|---|---|---|
| | procedures – an exam based on the specific requirements of the FDCPA and an exam based on specific state laws regarding debt collection. | Exh. B); Mickell Decl. ¶3, Exhs. B & C. |
| 114. | The exams include specific questions regarding communications with debtors at their place of employment. | Mickell Decl. ¶3, Exh. B. |
| 115. | The exams also include specific questions regarding communications with the debtors regarding litigation. | Mickell Decl. ¶3, Exh. B. |
| 116. | Jeremy Gestl is trained with respect to guidelines of the FDCPA as well as the collection practices and procedures of the firm. | Gestl Decl. ¶2. |
| 117. | The law office utilizes a software program that alerts collectors and others who handle that account of any limitations on communication with the debtor. | Mickell Depo. 100:9-19; 100:20-101:6; 101:21-102:6 (Sevilla Decl., Exh. B); J. Gestl Depo. 92:16-19; 92:20-93:9; 92:1-8 (Sevilla Decl., Exh. C). |
| 118. | Jeremy Gestl is trained on how to use the software program and to record the debtor's restrictions on communication so that the restriction is followed. | Gestl Decl. ¶3. |
| 119. | If the debtor tells the firm that she does not want calls at her work, the program allows a collector to state this in the history notes for the account and check the "Work" and "Verbal" boxes on the "ON NOTICE" pop-up screen for the account.  The collector must enter this information faithfully and contemporaneously. | Mickell Depo. 102:21-24; 103:21-104:1 (Sevilla Decl., Exh. B); Mickell Decl. ¶11, Exh. D; J. Gestl Depo. 92:16-93:9 (Sevilla Decl., Exh. C). |
| 120. | If the debtor tells the firm "Do not contact me at the office," "Do not contact my employer," or words to that effect, the program allows a collector to state this in the history notes for the account and check the "Work" "Letter" and "Verbal" boxes on the "ON NOTICE" pop-up screen for the account.  The collector must enter this information faithfully and contemporaneously. | Mickell Depo. 105:10-106:10 (Sevilla Decl., Exh. B); Mickell Decl. ¶9, Exh. D; J. Gestl Depo. 92:20-93:9 (Sevilla Decl., Exh. C). |
| 121. | If the debtor tells the firm "Do not write" me at work or similar words, the program allows a collector to state this in the history notes for the account and check the "Work" and "Letter" boxes on the "ON NOTICE" pop-up screen for the account.  The collector must enter this information faithfully and contemporaneously. | Mickell Depo. 105:10-21; 106:7-10 (Sevilla Decl., Exh. B); J. Gestl Depo. 92:20-93:9 (Sevilla Decl., Exh. C). |

DEFS' STATEMENT OF UNDISPUTED MATERIAL FACTS ISO MOT. FOR SUMMARY JUDGMENT OR
ALTERNATIVELY PARTIAL SUMMARY JUDGMENT AS TO EACH CLAIM

| | | |
|---|---|---|
| 122. | Once the corresponding notification box is checked by the collector or any other employee, the screen is thereafter designated with a yellow triangle with an exclamation mark in the middle with the words "ON NOTICE." | Mickell Decl. ¶12, Exh. D; J. Gestl Depo. 92:1-8 (Sevilla Decl., Exh. C). |
| 123. | The "ON NOTICE" designation appears on the first page of the screen viewed when an account is pulled up is seen by all debt collectors and other firm employees who handle accounts. | Mickell Decl. ¶12, Exh. D. |
| 124. | The law office follows a procedure called "summarizing," by which the debt collector verifies the debtor's instruction over the telephone by restating the consumer's comments in an effort to verify the instructions. | Mickell Depo. 216:21-218:1; 220:20-221:5 (Sevilla Decl., Exh. B); J. Gestl Depo. 67:20-67:25 (Sevilla Decl., Exh. C); Mickell Decl., Exh. A at 36). |
| 125. | The call in which Plaintiff allegedly informed Mr. Gestl not to send anything to her employer was placed by Plaintiff from her mobile phone on or around September 30, 2008. | Evon Depo. 154:23-155:2 (Sevilla Decl., Exh. A). |
| 126. | When asked if she remembered Mr. Gestl more than once saying that he had trouble listening or hearing Plaintiff during the call, Ms. Evon stated, "He may have. I don't know.  I was on my cell phone." | Evon Depo. 154:23-155:2 (Sevilla Decl., Exh. A). |
| 127. | Plaintiff testified that, at the time of her conversation with Mr. Gestl, she did not intend to give an instruction broader than do not *call* me at work.  Plaintiff testified as follows:<br>R. …Was it your state of mind, at that point, that you had given [Mr. Gestl] an instruction broader than don't call your employer? …<br>B. I told him not to contact –<br>…<br>R. Namely, "Don't call my employer."<br>B. I didn't give him anything broader, no. | Evon Depo. 184:5-13 (Sevilla Decl., Exh. A). |
| 128. | According to Plaintiff's deposition testimony, when she told Mr. Gestl words similar to "Do not contact my employer," Mr. Gestl acknowledged her statement by saying, "That's okay, I don't have to call your employer." | Evon Depo. 184:14-25; 186:1-10; 195:2-18 (Sevilla Decl., Exh. A); J. Gestl Decl. ¶12. |
| 129. | In the same conversation, Mr. Gestl again confirmed his understanding of Ms. Evon's warning not to call at work | J. Gestl Decl., ¶12. |

| | | |
|---|---|---|
| | as follows: "Well no, I mean I understand.  I can't force you to pay your bill, but we're local to you here in California.  I don't have to call you and I can't call you at work because you told me not to…" | |
| 130. | Had Mr. Gestl heard Ms. Evon say "Do not send anything to my employer," or "Do not contact me at work" or similar words, Mr. Gestl would have written this instruction on the history notes for Ms. Evon's account and checked "Work" "Letter" and "Verbal" on the "ON NOTICE" notification for the account indicating that Ms. Evon does not want calls or letters in the workplace. | Gestl Decl. ¶13. |
| 131. | Ms. Evon testified that she understood that there was a difference between the instruction she allegedly gave and Mr. Gestl's understanding of her instruction. | Evon Depo. 184:5-186:10 (Sevilla Decl., Exh. A). |
| 132. | Plaintiff did not receive any phone calls from Defendants at her place of employment after September 30, 2008. | Evon Depo. 228:7-9; 228:17-22; J. Gestl Decl. ¶11. |

**Issue 14:**  **There is no genuine issue of material fact that Defendants have no liability under FDCPA, 15 U.S.C. § 1692b(2) (Claim No. 5) (Claim No. 1), because there was no unlawful effort to obtain location information.**

| UNDISPUTED FACT | | EVIDENCE |
|---|---|---|
| 133. | The letter Ms. Evon received dated 1/14/09 was the only communication that Ms. Evon received at her place of employment, including phone calls. | Evon Depo. 278:25-279:3; 291:8-11 (Sevilla Decl., Exh. A). |
| 134. | The letter Ms. Evon received did not ask for Ms. Evon's location or address. | Mickell Decl. ¶16, Exh. F. |
| 135. | The letter Ms. Evon received dated 1/14/09 was marked **PERSONAL AND CONFIDENTIAL** next to the name "Catherine Evon" in bolded text and in all-capitalized form**.** | Evon Depo. 234:15-18 (Sevilla Decl., Exh. A); Mickell Decl. ¶16, Exh. F. |

**Issue 15:  There is no genuine issue of material fact that Defendants have no liability under FDCPA, 15 U.S.C. § 1692b(2) (Claim No. 5), because Defendants did not communicate with a third party regarding Ms. Evon's debt.**

| UNDISPUTED FACT | EVIDENCE |
|---|---|
| 136. The letter Ms. Evon received dated 1/14/09 was the only communication that Ms. Evon received at her place of employment, including phone calls. | Evon Depo. 278:25-279:3; 291:8-11 (Sevilla Decl., Exh. A). |
| 137. The only name of a person that appeared in the address line in the letter Ms. Evon received dated 1/14/09 was "Catherine Evon." | Evon Depo. 245:2-14; 251:17-252:1 (Sevilla Decl., Exh. A); Mickell Decl. ¶16, Exh. F. |
| 138. The letter Ms. Evon received dated 1/14/09 was marked **PERSONAL AND CONFIDENTIAL** next to the name "Catherine Evon" in bolded text and in all-capitalized form so that the person looking at the envelope would have seen Ms. Evon's name and the **PERSONAL AND CONFIDENTIAL** designation. | Evon Depo. 234:15-18 (Sevilla Decl., Exh. A); Mickell Decl. ¶16, Exh. F. |
| 139. The letter Ms. Evon received dated 1/14/09 was enclosed in an envelope with a window on the bottom left side of the envelope. | Mickell Decl. ¶19, Exh. G. |

**Issue 16:  There is no genuine issue of material fact that Defendants have no liability under FDCPA, 15 U.S.C. § 1692b(2) (Claim No. 5), because the alleged violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.**

| UNDISPUTED FACT | EVIDENCE |
|---|---|
| 140. The law office employs training policies and procedures to comply with the FDCPA. | Mickell Depo. 183:4-9; 107:23-108:4; 182:8-15; 183:14-186:21 (Sevilla Decl., Exh. B); J. Gestl Depo. 90:13-25 (Sevilla Decl., Exh. C). |
| 141. Prospective debt collectors are given a copy of the Collector's Handbook. | Mickell Depo. 183:14-22; 194:4-6 (Sevilla Decl., Exh. B); Mickell Decl. ¶2, Exh. A. |
| 142. The Collector's Handbook includes a specific policy | Mickell Decl., ¶2, Exh. A at |

DEFS' STATEMENT OF UNDISPUTED MATERIAL FACTS ISO MOT. FOR SUMMARY JUDGMENT OR ALTERNATIVELY PARTIAL SUMMARY JUDGMENT AS TO EACH CLAIM

| | | |
|---|---|---|
| | regarding "Communication in connection with debt collection" (15 U.S.C. §1692c). | 14; Mickell Depo. 183:14-184:4 (Sevilla Decl., Exh. B). |
| 143. | The Collector's Handbook also includes a specific policy regarding false and misleading representations in connection with collecting a debt. | Mickell Decl. ¶2, Exh. A at 17. |
| 144. | Prospective debt collectors are required to take two forms of examination pertaining to proper debt collection procedures – an exam based on the specific requirements of the FDCPA and an exam based on specific state laws regarding debt collection. | Mickell Depo. 182:8-14; 184:9-185:9 (Sevilla Decl., Exh. B); Mickell Decl. ¶3, Exhs. B & C. |
| 145. | The exams include specific questions regarding communications with debtors at their place of employment. | Mickell Decl. ¶3, Exh. B. |
| 146. | The exams also include specific questions regarding communications with the debtors regarding litigation. | Mickell Decl. ¶3, Exh. B. |
| 147. | Jeremy Gestl is trained with respect to guidelines of the FDCPA as well as the collection practices and procedures of the firm. | Gestl Decl. ¶2. |
| 148. | The law office utilizes a software program that alerts collectors and others who handle that account of any limitations on communication with the debtor. | Mickell Depo. 100:9-19; 100:20-101:6; 101:21-102:6 (Sevilla Decl., Exh. B); J. Gestl Depo. 92:16-19; 92:20-93:9; 92:1-8 (Sevilla Decl., Exh. C). |
| 149. | Jeremy Gestl is trained on how to use the software program and to record the debtor's restrictions on communication so that the restriction is followed. | Gestl Decl. ¶3. |
| 150. | If the debtor tells the firm that she does not want calls at her work, the program allows a collector to state this in the history notes for the account and check the "Work" and "Verbal" boxes on the "ON NOTICE" pop-up screen for the account.  The collector must enter this information faithfully and contemporaneously. | Mickell Depo. 102:21-24; 103:21-104:1 (Sevilla Decl., Exh. B); Mickell Decl. ¶11, Exh. D; J. Gestl Depo. 92:16-93:9 (Sevilla Decl., Exh. C). |
| 151. | If the debtor tells the firm "Do not contact me at the office," "Do not contact my employer," or words to that effect, the program allows a collector to state this in the history notes for the account and check the "Work" "Letter" and "Verbal" boxes on the "ON NOTICE" pop- | Mickell Depo. 105:10-106:10 (Sevilla Decl., Exh. B); Mickell Decl. ¶9, Exh. D; J. Gestl Depo. 92:20-93:9 (Sevilla Decl., Exh. C). |

|   | | |
|---|---|---|
| | up screen for the account. The collector must enter this information faithfully and contemporaneously. | |
| 152. | If the debtor tells the firm "Do not write" me at work or similar words, the program allows a collector to state this in the history notes for the account and check the "Work" and "Letter" boxes on the "ON NOTICE" pop-up screen for the account. The collector must enter this information faithfully and contemporaneously. | Mickell Depo. 105:10-21; 106:7-10 (Sevilla Decl., Exh. B); J. Gestl Depo. 92:20-93:9 (Sevilla Decl., Exh. C). |
| 153. | Once the corresponding notification box is checked by the collector or any other employee, the screen is thereafter designated with a yellow triangle with an exclamation mark in the middle with the words "ON NOTICE." | Mickell Decl. ¶12, Exh. D; J. Gestl Depo. 92:1-8 (Sevilla Decl., Exh. C). |
| 154. | The "ON NOTICE" designation appears on the first page of the screen viewed when an account is pulled up is seen by all debt collectors and other firm employees who handle accounts. | Mickell Decl. ¶12, Exh. D. |
| 155. | The law office follows a procedure called "summarizing," by which the debt collector verifies the debtor's instruction over the telephone by restating the consumer's comments in an effort to verify the instructions. | Mickell Depo. 216:21-218:1; 220:20-221:5 (Sevilla Decl., Exh. B); J. Gestl Depo. 67:20-67:25 (Sevilla Decl., Exh. C); Mickell Decl., Exh. A at 36). |
| 156. | The call in which Plaintiff allegedly informed Mr. Gestl not to send anything to her employer was placed by Plaintiff from her mobile phone on or around September 30, 2008. | Evon Depo. 154:23-155:2 (Sevilla Decl., Exh. A). |
| 157. | When asked if she remembered Mr. Gestl more than once saying that he had trouble listening or hearing Plaintiff during the call, Ms. Evon stated, "He may have. I don't know. I was on my cell phone." | Evon Depo. 154:23-155:2 (Sevilla Decl., Exh. A). |
| 158. | Plaintiff testified that, at the time of her conversation with Mr. Gestl, she did not intend to give an instruction broader than do not *call* me at work. Plaintiff testified as follows:<br>S. …Was it your state of mind, at that point, that you had given [Mr. Gestl] an instruction broader than don't call your employer? …<br>C. I told him not to contact –<br>…<br>S. Namely, "Don't call my employer." | Evon Depo. 184:5-13 (Sevilla Decl., Exh. A). |

DEFS' STATEMENT OF UNDISPUTED MATERIAL FACTS ISO MOT. FOR SUMMARY JUDGMENT OR
ALTERNATIVELY PARTIAL SUMMARY JUDGMENT AS TO EACH CLAIM

C.   I didn't give him anything broader, no.

| | | |
|---|---|---|
| 159. | According to Plaintiff's deposition testimony, when she told Mr. Gestl words similar to "Do not contact my employer," Mr. Gestl acknowledged her statement by saying, "That's okay, I don't have to call your employer." | Evon Depo. 184:14-25; 186:1-10; 195:2-18 (Sevilla Decl., Exh. A); J. Gestl Decl. ¶12. |
| 160. | In the same conversation, Mr. Gestl again confirmed his understanding of Ms. Evon's warning not to call at work as follows:  "Well no, I mean I understand.  I can't force you to pay your bill, but we're local to you here in California.  I don't have to call you and I can't call you at work because you told me not to…" | J. Gestl Decl., ¶12. |
| 161. | Had Mr. Gestl heard Ms. Evon say "Do not send anything to my employer," or "Do not contact me at work" or similar words, Mr. Gestl would have written this instruction on the history notes for Ms. Evon's account and checked "Work" "Letter" and "Verbal" on the "ON NOTICE" notification for the account indicating that Ms. Evon does not want calls or letters in the workplace. | Gestl Decl. ¶13. |
| 162. | Ms. Evon testified that she understood that there was a difference between the instruction she allegedly gave and Mr. Gestl's understanding of her instruction. | Evon Depo. 184:5-186:10 (Sevilla Decl., Exh. A). |
| 163. | Plaintiff did not receive any phone calls from Defendants at her place of employment after September 30, 2008. | Evon Depo. 228:7-9; 228:17-22; J. Gestl Decl. ¶11. |

**Issue 17:** **There is no genuine issue of material fact that Defendants have no liability under FDCPA, 15 U.S.C. § 1692c(a)(1) (Claim No. 6), because the letter Ms. Evon received was an statutorily exempt form of communication following an alleged cease communication request.**

| UNDISPUTED FACT | EVIDENCE |
|---|---|
| 164. Paragraph 1 of the letter to Ms. Evon states in relevant part:  "This office has attempted to avoid the costly and time consuming process of litigating the above-mentioned debt.  Unfortunately, it appears that our efforts have failed." | Mickell Decl. ¶16, Exh. F. |
| 165. Paragraph 2 of the letter to Ms. Evon states in relevant part:  "Because you have chosen to limit our | Mickell Decl. ¶16, Exh. F. |

alternatives in resolving Account Number…California Code of Civil Procedure Section 1033 requires us to inform you of the fact that we intend to commence legal action against you in the Superior Court of the State of California, which could result in a judgment against you."

| 166. Paragraph 4 of the letter to Ms. Evon states in relevant part: "…a judgment awarded against you, among other things, could result in remedies such as Wage Garnishments, Bank Account Levies, or Attachments of your assets, as well as accrue interest at the legal rate of 10% per year." | Mickell Decl. ¶16, Exh. F. |
|---|---|

**Issue 18:** There is no genuine issue of material fact that Defendants have no liability under FDCPA, 15 U.S.C. § 1692c(a)(1) (Claim No. 6), because Plaintiff's employer did not bar personal communications at work.

| UNDISPUTED FACT | EVIDENCE |
|---|---|
| 167. Plaintiff did not identify a policy of her employer prohibiting employees from receiving personal communication at work. | Evon Depo. 82:23-83:2 (Sevilla Decl., Exh. A). |
| 168. Plaintiff's request to not receive communication at her work was her personal preference, not company policy. | Evon Depo. 93:9-11 (Sevilla Decl., Exh. A). |
| 169. Mr. Mickell had no knowledge of any prohibition or policy of Ms. Evon's employer against receiving personal communication at work. | Mickell Decl. ¶17. |

**Issue 19:** There is no genuine issue of material fact that Defendants have no liability under FDCPA, 15 U.S.C. § 1692c(a)(1) (Claim No. 6), because the alleged violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

| UNDISPUTED FACT | EVIDENCE |
|---|---|
| 170. The law office employs training policies and procedures to comply with the FDCPA. | Mickell Depo. 183:4-9; 107:23-108:4; 182:8-15; 183:14-186:21 (Sevilla Decl., Exh. B); J. Gestl Depo. 90:13-25 (Sevilla Decl., Exh. C). |
| 171. Prospective debt collectors are given a copy of the | Mickell Depo. 183:14-22; |

| | | |
|---|---|---|
| | Collector's Handbook. | 194:4-6 (Sevilla Decl., Exh. B); Mickell Decl. ¶2, Exh. A. |
| 172. | The Collector's Handbook includes a specific policy regarding "Communication in connection with debt collection" (15 U.S.C. §1692c). | Mickell Decl., ¶2, Exh. A at 14; Mickell Depo. 183:14-184:4 (Sevilla Decl., Exh. B). |
| 173. | The Collector's Handbook also includes a specific policy regarding false and misleading representations in connection with collecting a debt. | Mickell Decl. ¶2, Exh. A at 17. |
| 174. | Prospective debt collectors are required to take two forms of examination pertaining to proper debt collection procedures – an exam based on the specific requirements of the FDCPA and an exam based on specific state laws regarding debt collection. | Mickell Depo. 182:8-14; 184:9-185:9 (Sevilla Decl., Exh. B); Mickell Decl. ¶3, Exhs. B & C. |
| 175. | The exams include specific questions regarding communications with debtors at their place of employment. | Mickell Decl. ¶3, Exh. B. |
| 176. | The exams also include specific questions regarding communications with the debtors regarding litigation. | Mickell Decl. ¶3, Exh. B. |
| 177. | Jeremy Gestl is trained with respect to guidelines of the FDCPA as well as the collection practices and procedures of the firm. | Gestl Decl. ¶2. |
| 178. | The law office utilizes a software program that alerts collectors and others who handle that account of any limitations on communication with the debtor. | Mickell Depo. 100:9-19; 100:20-101:6; 101:21-102:6 (Sevilla Decl., Exh. B); J. Gestl Depo. 92:16-19; 92:20-93:9; 92:1-8 (Sevilla Decl., Exh. C). |
| 179. | Jeremy Gestl is trained on how to use the software program and to record the debtor's restrictions on communication so that the restriction is followed. | Gestl Decl. ¶3. |
| 180. | If the debtor tells the firm that she does not want calls at her work, the program allows a collector to state this in the history notes for the account and check the "Work" and "Verbal" boxes on the "ON NOTICE" pop-up screen for the account. The collector must enter this information faithfully and contemporaneously. | Mickell Depo. 102:21-24; 103:21-104:1 (Sevilla Decl., Exh. B); Mickell Decl. ¶11, Exh. D; J. Gestl Depo. 92:16-93:9 (Sevilla Decl., Exh. C). |

| | | |
|---|---|---|
| 181. | If the debtor tells the firm "Do not contact me at the office," "Do not contact my employer," or words to that effect, the program allows a collector to state this in the history notes for the account and check the "Work" "Letter" and "Verbal" boxes on the "ON NOTICE" pop-up screen for the account.  The collector must enter this information faithfully and contemporaneously. | Mickell Depo. 105:10-106:10 (Sevilla Decl., Exh. B); Mickell Decl. ¶9, Exh. D; J. Gestl Depo. 92:20-93:9 (Sevilla Decl., Exh. C). |
| 182. | If the debtor tells the firm "Do not write" me at work or similar words, the program allows a collector to state this in the history notes for the account and check the "Work" and "Letter" boxes on the "ON NOTICE" pop-up screen for the account.  The collector must enter this information faithfully and contemporaneously. | Mickell Depo. 105:10-21; 106:7-10 (Sevilla Decl., Exh. B); J. Gestl Depo. 92:20-93:9 (Sevilla Decl., Exh. C). |
| 183. | Once the corresponding notification box is checked by the collector or any other employee, the screen is thereafter designated with a yellow triangle with an exclamation mark in the middle with the words "ON NOTICE." | Mickell Decl. ¶12, Exh. D; J. Gestl Depo. 92:1-8 (Sevilla Decl., Exh. C). |
| 184. | The "ON NOTICE" designation appears on the first page of the screen viewed when an account is pulled up is seen by all debt collectors and other firm employees who handle accounts. | Mickell Decl. ¶12, Exh. D. |
| 185. | The law office follows a procedure called "summarizing," by which the debt collector verifies the debtor's instruction over the telephone by restating the consumer's comments in an effort to verify the instructions. | Mickell Depo. 216:21-218:1; 220:20-221:5 (Sevilla Decl., Exh. B); J. Gestl Depo. 67:20-67:25 (Sevilla Decl., Exh. C); Mickell Decl., Exh. A at 36). |
| 186. | The call in which Plaintiff allegedly informed Mr. Gestl not to send anything to her employer was placed by Plaintiff from her mobile phone on or around September 30, 2008. | Evon Depo. 154:23-155:2 (Sevilla Decl., Exh. A). |
| 187. | When asked if she remembered Mr. Gestl more than once saying that he had trouble listening or hearing Plaintiff during the call, Ms. Evon stated, "He may have. I don't know.  I was on my cell phone." | Evon Depo. 154:23-155:2 (Sevilla Decl., Exh. A). |
| 188. | Plaintiff testified that, at the time of her conversation with Mr. Gestl, she did not intend to give an instruction broader than do not *call* me at work.  Plaintiff testified as follows:<br>T.  …Was it your state of mind, at that point, that you had | Evon Depo. 184:5-13 (Sevilla Decl., Exh. A). |

given [Mr. Gestl] an instruction broader than don't call your employer? …

D. I told him not to contact –

…

T. Namely, "Don't call my employer."

D. I didn't give him anything broader, no.

| | | |
|---|---|---|
| 189. | According to Plaintiff's deposition testimony, when she told Mr. Gestl words similar to "Do not contact my employer," Mr. Gestl acknowledged her statement by saying, "That's okay, I don't have to call your employer." | Evon Depo. 184:14-25; 186:1-10; 195:2-18 (Sevilla Decl., Exh. A); J. Gestl Decl. ¶12. |
| 190. | In the same conversation, Mr. Gestl again confirmed his understanding of Ms. Evon's warning not to call at work as follows:  "Well no, I mean I understand.  I can't force you to pay your bill, but we're local to you here in California.  I don't have to call you and I can't call you at work because you told me not to…" | J. Gestl Decl., ¶12. |
| 191. | Had Mr. Gestl heard Ms. Evon say "Do not send anything to my employer," or "Do not contact me at work" or similar words, Mr. Gestl would have written this instruction on the history notes for Ms. Evon's account and checked "Work" "Letter" and "Verbal" on the "ON NOTICE" notification for the account indicating that Ms. Evon does not want calls or letters in the workplace. | Gestl Decl. ¶13. |
| 192. | Ms. Evon testified that she understood that there was a difference between the instruction she allegedly gave and Mr. Gestl's understanding of her instruction. | Evon Depo. 184:5-186:10 (Sevilla Decl., Exh. A). |
| 193. | Plaintiff did not receive any phone calls from Defendants at her place of employment after September 30, 2008. | Evon Depo. 228:7-9; 228:17-22; J. Gestl Decl. ¶11. |

**Issue 20:** There is no genuine issue of material fact that Defendants have no liability under FDCPA, 15 U.S.C. § 1692c(a)(3) (Claim No. 7), because the letter Ms. Evon received was an statutorily exempt form of communication following an alleged cease communication request.

| UNDISPUTED FACT | EVIDENCE |
| --- | --- |
| 194. Paragraph 1 of the letter to Ms. Evon states in relevant part:  "This office has attempted to avoid the costly and time consuming process of litigating the above-mentioned debt.  Unfortunately, it appears that our efforts have failed." | Mickell Decl. ¶16, Exh. F. |
| 195. Paragraph 2 of the letter to Ms. Evon states in relevant part:  "Because you have chosen to limit our alternatives in resolving Account Number…California Code of Civil Procedure Section 1033 requires us to inform you of the fact that we intend to commence legal action against you in the Superior Court of the State of California, which could result in a judgment against you." | Mickell Decl. ¶16, Exh. F. |
| 196. Paragraph 4 of the letter to Ms. Evon states in relevant part:  "…a judgment awarded against you, among other things, could result in remedies such as Wage Garnishments, Bank Account Levies, or Attachments of your assets, as well as accrue interest at the legal rate of 10% per year." | Mickell Decl. ¶16, Exh. F. |

**Issue 21:** There is no genuine issue of material fact that Defendants have no liability under FDCPA, 15 U.S.C. § 1692c(a)(3) (Claim No. 7), because Plaintiff's employer did not bar personal communications at work.

| UNDISPUTED FACT | EVIDENCE |
| --- | --- |
| 197.   Plaintiff did not identify a policy of her employer prohibiting employees from receiving personal communication at work. | Evon Depo. 82:23-83:2 (Sevilla Decl., Exh. A). |
| 198.   Plaintiff's request to not receive communication at her work was her personal preference, not company policy. | Evon Depo. 93:9-11 (Sevilla Decl., Exh. A). |
| 199.   Mr. Mickell had no knowledge of any prohibition or policy of Ms. Evon's employer against receiving personal communication at work. | Mickell Decl. ¶17. |

**<u>Issue 22</u>:  There is no genuine issue of material fact that Defendants have no liability under FDCPA, 15 U.S.C. § 1692c(a)(3) (Claim No. 7), because the alleged violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.**

| UNDISPUTED FACT | EVIDENCE |
|---|---|
| 200. The law office employs training policies and procedures to comply with the FDCPA. | Mickell Depo. 183:4-9; 107:23-108:4; 182:8-15; 183:14-186:21 (Sevilla Decl., Exh. B); J. Gestl Depo. 90:13-25 (Sevilla Decl., Exh. C). |
| 201. Prospective debt collectors are given a copy of the Collector's Handbook. | Mickell Depo. 183:14-22; 194:4-6 (Sevilla Decl., Exh. B); Mickell Decl. ¶2, Exh. A. |
| 202. The Collector's Handbook includes a specific policy regarding "Communication in connection with debt collection" (15 U.S.C. §1692c). | Mickell Decl., ¶2, Exh. A at 14; Mickell Depo. 183:14-184:4 (Sevilla Decl., Exh. B). |
| 203. The Collector's Handbook also includes a specific policy regarding false and misleading representations in connection with collecting a debt. | Mickell Decl. ¶2, Exh. A at 17. |
| 204. Prospective debt collectors are required to take two forms of examination pertaining to proper debt collection procedures – an exam based on the specific requirements of the FDCPA and an exam based on specific state laws regarding debt collection. | Mickell Depo. 182:8-14; 184:9-185:9 (Sevilla Decl., Exh. B); Mickell Decl. ¶3, Exhs. B & C. |
| 205. The exams include specific questions regarding communications with debtors at their place of employment. | Mickell Decl. ¶3, Exh. B. |
| 206. The exams also include specific questions regarding communications with the debtors regarding litigation. | Mickell Decl. ¶3, Exh. B. |
| 207. Jeremy Gestl is trained with respect to guidelines of the FDCPA as well as the collection practices and procedures of the firm. | Gestl Decl. ¶2. |
| 208. The law office utilizes a software program that alerts collectors and others who handle that account of any | Mickell Depo. 100:9-19; 100:20-101:6; 101:21-102:6 |

DEFS' STATEMENT OF UNDISPUTED MATERIAL FACTS ISO MOT. FOR SUMMARY JUDGMENT OR
ALTERNATIVELY PARTIAL SUMMARY JUDGMENT AS TO EACH CLAIM

| | | |
|---|---|---|
| | limitations on communication with the debtor. | (Sevilla Decl., Exh. B); J. Gestl Depo. 92:16-19; 92:20-93:9; 92:1-8 (Sevilla Decl., Exh. C). |
| 209. | Jeremy Gestl is trained on how to use the software program and to record the debtor's restrictions on communication so that the restriction is followed. | Gestl Decl. ¶3. |
| 210. | If the debtor tells the firm that she does not want calls at her work, the program allows a collector to state this in the history notes for the account and check the "Work" and "Verbal" boxes on the "ON NOTICE" pop-up screen for the account.  The collector must enter this information faithfully and contemporaneously. | Mickell Depo. 102:21-24; 103:21-104:1 (Sevilla Decl., Exh. B); Mickell Decl. ¶11, Exh. D; J. Gestl Depo. 92:16-93:9 (Sevilla Decl., Exh. C). |
| 211. | If the debtor tells the firm "Do not contact me at the office," "Do not contact my employer," or words to that effect, the program allows a collector to state this in the history notes for the account and check the "Work" "Letter" and "Verbal" boxes on the "ON NOTICE" pop-up screen for the account.  The collector must enter this information faithfully and contemporaneously. | Mickell Depo. 105:10-106:10 (Sevilla Decl., Exh. B); Mickell Decl. ¶9, Exh. D; J. Gestl Depo. 92:20-93:9 (Sevilla Decl., Exh. C). |
| 212. | If the debtor tells the firm "Do not write" me at work or similar words, the program allows a collector to state this in the history notes for the account and check the "Work" and "Letter" boxes on the "ON NOTICE" pop-up screen for the account.  The collector must enter this information faithfully and contemporaneously. | Mickell Depo. 105:10-21; 106:7-10 (Sevilla Decl., Exh. B); J. Gestl Depo. 92:20-93:9 (Sevilla Decl., Exh. C). |
| 213. | Once the corresponding notification box is checked by the collector or any other employee, the screen is thereafter designated with a yellow triangle with an exclamation mark in the middle with the words "ON NOTICE." | Mickell Decl. ¶12, Exh. D; J. Gestl Depo. 92:1-8 (Sevilla Decl., Exh. C). |
| 214. | The "ON NOTICE" designation appears on the first page of the screen viewed when an account is pulled up is seen by all debt collectors and other firm employees who handle accounts. | Mickell Decl. ¶12, Exh. D. |
| 215. | The law office follows a procedure called "summarizing," by which the debt collector verifies the debtor's instruction over the telephone by restating the consumer's comments in an effort to verify the instructions. | Mickell Depo. 216:21-218:1; 220:20-221:5 (Sevilla Decl., Exh. B); J. Gestl Depo. 67:20-67:25 (Sevilla Decl., Exh. C); Mickell Decl., Exh. A at 36). |

| | | |
|---|---|---|
| 216. | The call in which Plaintiff allegedly informed Mr. Gestl not to send anything to her employer was placed by Plaintiff from her mobile phone on or around September 30, 2008. | Evon Depo. 154:23-155:2 (Sevilla Decl., Exh. A). |
| 217. | When asked if she remembered Mr. Gestl more than once saying that he had trouble listening or hearing Plaintiff during the call, Ms. Evon stated, "He may have. I don't know.  I was on my cell phone." | Evon Depo. 154:23-155:2 (Sevilla Decl., Exh. A). |
| 218. | Plaintiff testified that, at the time of her conversation with Mr. Gestl, she did not intend to give an instruction broader than do not *call* me at work.  Plaintiff testified as follows:<br>U. …Was it your state of mind, at that point, that you had given [Mr. Gestl] an instruction broader than don't call your employer? …<br>E. I told him not to contact –<br>…<br>U. Namely, "Don't call my employer."<br>E. I didn't give him anything broader, no. | Evon Depo. 184:5-13 (Sevilla Decl., Exh. A). |
| 219. | According to Plaintiff's deposition testimony, when she told Mr. Gestl words similar to "Do not contact my employer," Mr. Gestl acknowledged her statement by saying, "That's okay, I don't have to call your employer." | Evon Depo. 184:14-25; 186:1-10; 195:2-18 (Sevilla Decl., Exh. A); J. Gestl Decl. ¶12. |
| 220. | In the same conversation, Mr. Gestl again confirmed his understanding of Ms. Evon's warning not to call at work as follows:  "Well no, I mean I understand.  I can't force you to pay your bill, but we're local to you here in California.  I don't have to call you and I can't call you at work because you told me not to…" | J. Gestl Decl., ¶12. |
| 221. | Had Mr. Gestl heard Ms. Evon say "Do not send anything to my employer," or "Do not contact me at work" or similar words, Mr. Gestl would have written this instruction on the history notes for Ms. Evon's account and checked "Work" "Letter" and "Verbal" on the "ON NOTICE" notification for the account indicating that Ms. Evon does not want calls or letters in the workplace. | Gestl Decl. ¶13. |
| 222. | Ms. Evon testified that she understood that there was a difference between the instruction she allegedly gave and Mr. Gestl's understanding of her instruction. | Evon Depo. 184:5-186:10 (Sevilla Decl., Exh. A). |

| 223. | Plaintiff did not receive any phone calls from Defendants at her place of employment after September 30, 2008. | Evon Depo. 228:7-9; 228:17-22; J. Gestl Decl. ¶11. |

DATED: May 5, 2010                Respectfully submitted,


                                   /s/ Angel R. Sevilla
                                   JOHN N. DAHLBERG
                                   ANGEL R. SEVILLA
                                   Attorneys for Defendants
                                   LAW OFFICES OF SIDNEY MICKELL
                                   AND SIDNEY MICKELL, ESQ.