1   DILLINGHAM & MURPHY, LLP
    DENNIS J. KELLY (SBN 191414)
2   JOHN N. DAHLBERG (SBN 085122)
    ANGEL R. SEVILLA (SBN 239072)
3   225 Bush Street, 6th Floor
    San Francisco, California 94104-4207
4   Telephone:     (415) 397-2700
    Facsimile:     (415) 397-3300
5   djk@dillinghammurphy.com
    jnd@dillinghammurphy.com
6   ars@dillinghammurphy.com

7   Attorneys for Defendants
    LAW OFFICES OF SIDNEY MICKELL and
8   SIDNEY MICKELL, ESQ.

9

10                   UNITED STATES DISTRICT COURT

11          EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

12

13   CATHERINE EVON,                    Case No.  2:09-CV-00760-JAM- KJN

14              Plaintiff,              **DECLARATION OF ANGEL R.
                                        SEVILLA IN SUPPORT OF
15   v.                                 DEFENDANTS' OPPOSITION TO
                                        PLAINTIFF'S MOTION FOR PARTIAL
16   LAW OFFICES OF SIDNEY MICKELL; and SUMMARY JUDGMENT**
     SIDNEY MICKELL, ESQ.; and DOES 1
17   through 100, inclusive,            Date:    June 2, 2010
                                        Time:    9:00 a.m.
18              Defendants.             Judge:  Judge John A. Mendez
                                        Room:  Courtroom 6, 14th Floor
19

20

21

22       I, ANGEL R. SEVILLA, declare as follows:

23       1.      I am an attorney with the law firm Dillingham & Murphy, LLP, counsel of

     record to Defendants The Law Office of Sidney Mickell and Sidney Mickell, Esq. (collectively,
24
     "Defendants").  I have personal knowledge of the facts set forth in this Declaration.  If called as
25
     a witness, I could and would testify competently to the facts in this Declaration under oath.
26
         2.      Plaintiff took the deposition of Defendant Sidney Mickell on March 25, 2010.
27
     Attached hereto as **Exhibit 1** is a true and correct copy of the relevant parts of Mr. Mickell's
28

1  deposition transcript that Defendants cited in support of their Opposition to Plaintiff's Motion

2  for Partial Summary Judgment.  Defendants have submitted a courtesy hard copy of the entire

3  deposition transcript with their Motion for Summary Judgment, pursuant to Eastern District

4  Local Rules.

5        3.      Attached hereto as **Exhibit 2** is a true and correct copy of Defendants' verified

6  Supplemental Responses to Special Interrogatories.  Attached hereto as **Exhibit 3** is a true and

7  correct copy of Defendants' verified Second Supplemental Responses to Special

8  Interrogatories.

9        I declare under penalty of perjury under the laws of the United States of America and

10  the State of California, that the foregoing is true and correct.  Executed on this 19th day of May

11  2010 in San Francisco, California.

12

13                                  /s/ Angel R. Sevilla_____

14                                  Angel R. Sevilla

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


CATHERINE EVON,

        Plaintiff,

VS.                              Case No.
                               1:09-CV-00760-JAM-GGH

LAW OFFICES OF SIDNEY MICKELL;
and SIDNEY MICKELL, ESQ.; and
DOES 1 through 100, inclusive.

        Defendants.




DEPOSITION OF SIDNEY MICKELL

BURBANK, CALIFORNIA

THURSDAY, MARCH 25, 2010




REPORTED BY:

CAROLYN ANN PETERSON

CSR No. 3195

517f3755-fc49-40cd-95b9-ea039130fa19

1   and instruct you not to answer.  You can give your

2   business address, if you want.

3          THE WITNESS:   I agree.  My business address is

4   5050 Palo Verde, No. 113, Montclair, California 91763.

5          MR. LEMBERG:  What is the basis for that objection?

6          MR. SEVILLA:  Privacy objection.

7          MR. LEMBERG:  What is the Federal rule that allows

8   for that?

9          MR. SEVILLA:  We represent Mr. Mickell.  We will

10  accept service on his behalf.  What is the purpose?

11         MR. LEMBERG:  It's directly relevant to the issue

12  of damages.

13         MR. SEVILLA:  How so?

14         MR. LEMBERG:  1692 K, specifically contemplates --

15         THE WITNESS:  Contemplates what?

16         MR. LEMBERG:  -- contemplates that the damages of

17  account good based on the net worth of the defendant,

18  and Mr. Mickell personally is a defendant in the case.

19         MR. SEVILLA:  Fair enough.  But his home address is

20  not his net worth.

21         MR. LEMBERG:  I'm asking Mr. Mickell.

22     Q.   Mr. Mickell, what is your home address?

23     A.   How does that apply to my net worth, according

24  to your question?

25         MR. SEVILLA:  I will interpose the objections.  It

1    Q.   Is it a policy to ask them directly, "Can we
2  send you a letter at work?"

3    A.   No.

4    Q.   Is there a policy to ask them, "Are you aware
5  of whether mail will be delivered to your work?"

6    A.   No.

7    Q.   Is there a policy of inquiring whether their
8  employer opens all mail regardless of who it's addressed
9  to?

10   A.   Again, with respect to all these questions, in
11 a vacuum, no.

12   Q.   Is there a policy of asking any of the
13 questions that we just discussed as a follow-up question
14 when an employee says, "Do not call me at work" -- a
15 debtor says, "Do not call me at work."  That's compound.

16   MR. SEVILLA:  That's compound.

17   THE WITNESS:  I'm sorry.  My hands are a little
18 squishy with my soup and my cold.  It was a fine
19 question.  Can you restate that question?

20   MR. SEVILLA:  I thought it was compound.

21   THE WITNESS:  Okay.  It wasn't fine.

22 BY MR. LEMBERG:

23   Q.   So your collectors are trained to listen for
24 specific instructions, correct?

25   A.   Yes.

517f3755-fc49-40cd-95b9-ea039130fa19

1    Q.   It is my understanding of this line, correct.

2  The first thing he did, he located and updated place of

3  employment?

4    MR. SEVILLA:  Just -- you are testifying as far as

5  what your interpretation is of what this is?

6    THE WITNESS:  Yeah, and that is what it is, he

7  located the place of employment and updated our computer

8  program to reflect that.

9  BY MR. LEMBERG:

10   Q.   Okay.  He then prepared the attempt letter and

11 brought it for attorney's signature.  Is that a fair

12 interpretation?

13   A.   It says he prepared 1033 letter for me to sign.

14   Q.   What does VOD mean?

15   A.   Well, the abbreviation stands for,

16 "Verification of debt."

17   Q.   Okay.  Is there another -- what does 1033 refer

18 to?

19   A.   1033 refers to California Code of Civil

20 Procedure 1033.

21   Q.   That seems to be a form -- form letter that has

22 been marked as Plaintiff's 3; is that fair?

23   A.   Plaintiff's 3 is what I would refer to as a

24 1033 letter, yes.

25   Q.   Okay.  Then the line right above that reflects

1    with the question.  I know you are looking for more

2    information.

3    BY MR. LEMBERG:

4        Q.    I'm looking to understand why you decided what

5    you decided.

6        A.    I understand.  I'm happy to answer it.  Because

7    I was confident that it would reach her there, and

8    because I believed -- you are asking me why I made that

9    decision, and I will talk in past tense.

10           I believed that a letter at work that is

11   received during the day when people were awake and when

12   people are in a business mode and my office is open, is

13   more conducive to a successful communication between the

14   two of us.  When I say "us," I don't mean me directly,

15   my firm.

16       Q.    This is true, not only with respect to

17   Ms. Evon, but I presume with other debtors as well?

18       A.    Yes.  But only if we believe that it's okay to

19   send stuff to work.

20       Q.    Any notes that you can see on 1-14 reflecting

21   an inquiry regarding whether it is okay or not okay for

22   Miss Evon to receive letters at work?  Let me strike the

23   question and make it sharper.

24       A.    Thank you.

25       Q.    Did somebody call Home Servicing and inquire

1    whether Ms. Evon receives mail there?

2         MR. SEVILLA:  Calls for speculation.

3         THE WITNESS:  There does not appear to be anything

4    in the notes that indicates somebody specifically called

5    her and said -- and I forgot the exact words you used, I

6    apologize -- but that she receives mail at work.  I'm

7    sorry.

8    BY MR. LEMBERG:

9         Q.   Is it fair for me to say generally when these

10   1033 letters are sent to places of employment, unless

11   there's notice prohibiting letters at work, nobody

12   double checks, again, to make sure that it's okay to

13   send the letter?

14        MR. SEVILLA:  Misstates testimony.

15        THE WITNESS:  It depends on what you mean by double

16   checks.  If you mean, does somebody call her up and ask.

17   BY MR. LEMBERG:

18        Q.   That's one way to double check.

19        A.   No.

20        Q.   Does somebody call the employer and ask?

21        A.   No.  That would probably end up being a

22   violation of the FDCA, maybe.

23        Q.   Does somebody in your law office maintain files

24   on large employers that document their policies with

25   respect to employee mail?

1        MR. SEVILLA:  Vague as to large employers.

2        THE WITNESS:  No.

3   BY MR. LEMBERG:

4        Q.   Has anyone ever told you that receiving mail at

5   work is unpleasant -- collection mail at work is

6   unpleasant?

7        A.   If you use those exact terms, no.  But I know

8   what you mean by the question.  And I think Ms. Evon.

9        Q.   Other than Ms. Evon, has anyone ever complained

10  to you that they don't want you to send letters to them

11  at work?

12       A.   Not that I recall.  Wait, before we get into

13  this, are you talking about before we send a letter to

14  work or after we have sent a letter to work?

15       Q.   After you have sent a letter to work.

16       A.   No.

17       Q.   Has any employer ever contacted your law office

18  asking that no further mail be sent?

19       A.   An employer contact my office?

20       Q.   Yes.

21       A.   I don't believe so.  Better answer would be not

22  that I recall.

23       Q.   Has anyone ever complained to you that it's

24  harassing to send correspondence to people at work?

25       A.   The only reason I'm thinking -- I'm trying to

REPORTER'S CERTIFICATE

1

2

3    I, CARCLYN ANN PETERSON, Certified Shorthand

4  Reporter, do hereby certify:

5

6    That prior to being examined, the witness in the

7  foregoing proceeding was by me duly sworn to testify to

8  the truth, the whole truth, and nothing but the truth.

9  That said proceedings were taken before me at the time

10  and place therein set forth and were taken down by me

11  stenographically at the time and place therein named and

12  thereafter reduced to computerized transcription under

13  my direction and supervision;

14

15    I further certify that I am neither counsel for

16  nor related to any party in said proceedings, nor in any

17  way interested in the outcome thereof.

18

19    IN WITNESS WHEREOF, I have hereunto subscribed

20  my name in blue ink this date:  April 10, 2010.

21

22

23

24  CAROLYN ANN PETERSON, CSR 3195

25

228

# EXHIBIT 2

**DILLINGHAM & MURPHY, LLP**
DENNIS J. KELLY (SBN 191414)
JOHN N. DAHLBERG (SBN 085122)
ANGEL R. SEVILLA (SBN 239072)
225 Bush Street, 6th Floor
San Francisco, California 94104-4207
Telephone:    (415) 397-2700
Facsimile:    (415) 397-3300
djk@dillinghammurphy.com
jnd@dillinghammurphy.com
ars@dillinghammurphy.com

Attorneys for Defendants
LAW OFFICES OF SIDNEY MICKELL and
SIDNEY MICKELL, ESQ.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

CATHERINE EVON,

        Plaintiff,

    v.

LAW OFFICES OF SIDNEY MICKELL; and
SIDNEY MICKELL, ESQ.; and DOES 1 through
100, inclusive,

        Defendants.

Case No.: 2:09-CV-00760-JAM-GGH

**DEFENDANTS LAW OFFICES OF SIDNEY MICKELL AND SIDNEY MICKELL, ESQ.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF CATHERINE EVON'S SPECIAL INTERROGATORIES, SET ONE**

PROPOUNDING PARTY:  Plaintiff CATHERINE EVON

RESPONDING PARTIES:  Defendant LAW OFFICE OF SIDNEY MICKELL and SIDNEY MICKELL, ESQ.

SET NO.:  One (Nos. 1-25)

Pursuant to the Federal Rules of Civil Procedure, Rule 26(b)(1) and Rule 33(b) *et seq.*, as well as this Court's Order, Defendants LAW OFFICES OF SIDNEY MICKELL AND SIDNEY

1  MICKELL, ESQ. ("Defendants") hereby provide these supplemental responses to Plaintiff

2  CATHERINE EVON'S ("Plaintiff" or "Evon") SPECIAL INTERROGATORIES (SET ONE).

3  ## PRELIMINARY STATEMENTS AND GENERAL OBJECTIONS

4      Defendants have not completed their investigation of the facts relating to this action, have not

5  completed discovery in this action, and have not completed preparation for trial.  As discovery

6  proceeds, facts, information, evidence, documents and things may be discovered which are not set

7  forth in these supplemental responses, but may have been responsive to Plaintiff's interrogatories.

8  Therefore, the following supplemental responses are given without prejudice to the right to produce

9  subsequently discovered evidence relating to the proof of presently-known material facts, and to

10  produce all evidence whenever discovered, relating to the proof of subsequently discovered material

11  facts.

12      The fact that Defendants have answered any interrogatory herein should not be taken as an

13  admission that Defendants accept or admit the existence of any facts set forth or assumed by such

14  interrogatory, or that such response constitutes admissible evidence.

15      These supplemental responses are made solely for the purpose of this action and solely on

16  behalf of Defendants.  Each answer and supplemental answer is subject to all objections as to

17  competence, relevance, materiality, propriety, inadmissibility and any and all other objections and

18  grounds which would require the exclusion of any statement herein if the questions were asked, or any

19  statements contained herein were made by, a witness present and testifying in court, all of which

20  objections and grounds are reserved and may be interposed at the time of trial.  Except for explicit

21  facts admitted herein, no incidental or implied admissions are intended hereby.

22      These "General Objections" are deemed to be incorporated in the response to each

23  interrogatory and the responses contained herein are made subject to each of these "General

24  Objections."

25      Without waiving any objections, Defendants provide the following supplemental responses to

26  Plaintiff's Special Interrogatories, Set One:

27

28

## DEFENDANTS' SUPPLEMENTAL RESPONSES

### SPECIAL INTERROGATORY NO. 1:

Identify the person answering these Interrogatories and all persons who provided documents or information in connection with these responses.

### RESPONSE TO SPECIAL INTERROGATORY NO. 1:

Responding party objects on the grounds that this request is compound, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections defendant responds: Sidney Mickell, 5050 Palo Verde Street, Suite 113, Montclair, California 91763.

### SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORY NO. 1:

Defendants incorporate all objections in their initial responses as if fully set forth herein. Subject to and without waiving said objections, Defendants provide the following supplemental response: Defendants' current responses as stated are correct. No one other than Sidney Mickell assisted in preparing these responses.

### SPECIAL INTERROGATORY NO. 2:

Set forth every jurisdiction in which you or any member or associate of the Defendants have ever been license to practice law. As to each jurisdiction, identify each individual attorney who was so licensed and, as to each, (a) set forth date of admission, (b) state the inclusive dates during which you engaged in the practice of law in such jurisdiction, (c) set forth your State Bar Number, if any and (d) identify each law firm with which you were or are affiliated.

### RESPONSE TO SPECIAL INTERROGATORY NO. 2:

Responding party objects to this request on the grounds that it is compound, vague, ambiguous, overbroad, uncertain and unintelligible. As such the request seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and, therefore, further is overly burdensome, unduly oppressive and harassing. Subject to and without waiving said objections defendant responds: Sidney Mickell, admitted to the California Bar in December 1985; State Bar number 120027.

1  **SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORY NO. 2:**

2       Defendants incorporate all objections in their initial responses as if fully set forth herein.

3  Subject to and without waiving said objections, Defendants provide the following supplemental

4  response:  Defendants' current responses as stated are correct.  Mr. Mickell is the only lawyer in his

5  firm.

6  **SPECIAL INTERROGATORY NO. 3:**

7       Identify each natural person employed by you, including the inclusive dates of employment and

8  the capacity in which such person is or was employed.

9  **RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

10      Responding party objects to this request on the grounds that it is vague, ambiguous, overbroad,

11  uncertain and unintelligible.  As such the request seeks information which is neither relevant nor

12  reasonably calculated to lead to the discovery of admissible evidence and, therefore, further is overly

13  burdensome, unduly oppressive and harassing.  (Maple Drive-In Theatre Corp. v. Radio-Keith-

14  Orpheum Corp. (D.C.N.Y. 1956) 153 F.Supp. 240; United States v. National Steel Corp (S.D. Texas

15  1960) 26 F.R.D. 599; Hopkins Theatre, Inc. v. RKO Radio Pictures, Inc. (D.C.N.Y. 1956) 18 F.R.D.

16  379.)  This request also invades third party privacy to the extent it seeks information found only in a

17  personnel file.

18  **SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORY NO. 3:**

19      Defendants incorporate all objections in their initial responses as if fully set forth herein.  In

20  addition, Defendants object to this interrogatory asking Defendants to "identify each natural person" at

21  their employ as compound, overbroad and encompassing information beyond the claims and defenses

22  at issue in this action.  Names and employment dates of employees who have no colorable relation to

23  this action are beyond the scope of discovery under Fed. R. Civ. P. 26(b) (*e.g.*, names and employment

24  information of Defendants' administrative or custodial staff).

25      Subject to and without waiving said objections, Defendants provide the following supplemental

26  response:  Defendants disclosed the names, titles, and employment dates of all debt collectors from the

27  Law Offices of Sidney Mickell who personally dealt with Ms. Evon's collection matter.  This

28

1  information is set forth in Defendants' supplemental responses to Plaintiff's Special Interrogatory No.

2  4 below.

3  **SPECIAL INTERROGATORY NO. 4:**

4  Identify (a) every person engaged in the collection of debts in your behalf or under your

5  supervision or under your control, and (b) every person to whom you provided any form of

6  remuneration or compensation in connection with the collection of debts.

7  **RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

8  Responding party objects to this request on the grounds that it is vague, ambiguous, overbroad,

9  uncertain and unintelligible.  As such the request seeks information which is neither relevant nor

10  reasonably calculated to lead to the discovery of admissible evidence and, therefore, further is overly

11  burdensome, unduly oppressive and harassing.  (Maple Drive-In Theatre Corp. v. Radio-Keith-

12  Orpheum Corp. (D.C.N.Y. 1956) 153 F.Supp. 240; United States v. National Steel Corp (S.D. Texas

13  1960) 26 F.R.D. 599; Hopkins Theatre, Inc. v. RKO Radio Pictures, Inc. (D.C.N.Y. 1956) 18 F.R.D.

14  379.)  This request also invades third party privacy to the extent it seeks information found only in a

15  personnel file.

16  **SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORY NO. 4:**

17  Defendants incorporate all objections in their initial responses as if fully set forth herein.  In

18  addition, Defendants object to this interrogatory as overbroad and encompassing information beyond

19  the claims and defenses at issue in this action.  The identities of employees or debt collectors who have

20  no colorable relation to this action are beyond the scope of discovery under Fed. R. Civ. P. 26(b).

21  Subject to and without waiving said objections, Defendants hereby supplement their response

22  to provide the names and titles of debt collectors who personally handled with Ms. Evon's collection

23  matter:

24  ///

25  ///

26  ///

27  ///

28  ///

| NAME | TITLE | EMPLOYMENT DATES |
|------|-------|------------------|
| Sidney Mickell | Attorney | 9/1/07 and continuing |
| Ray Welsh | Manager | 9/1/07 and continuing |
| Jeremy Gestl | Manager | 9/1/07 and continuing |
| Aaron Gestl | General Manager | 9/1/07 and continuing |
| Andrew Arjonilla | Collector | 5/21/09 and continuing |
| Michael Martinez | Collector | 6/19/08 to 6/4/09 |
| Frank Dillard | Collector | 5/19/08 to 11/17/08 |

**SPECIAL INTERROGATORY NO. 5:**

State whether you maintain policies or procedures relating to compliance with the FDCPA. If so, (a) identify all documents and oral communications relating to such policies or procedures; (b) identify all persons responsible for communicating or implementing such policies and procedures.

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad, uncertain and unintelligible. As such the request seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and, therefore, further is overly burdensome, unduly oppressive and harassing. Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum Corp. (D.C.N.Y. 1956) 153 F.Supp. 240; United States v. National Steel Corp (S.D. Texas 1960) 26 F.R.D. 599; Hopkins Theatre, Inc. v. RKO Radio Pictures, Inc. (D.C.N.Y. 1956) 18 F.R.D. 379.) Responding party also objects to the extent that this request seeks attorney client communications and/or attorney work product. Finally, responding party objects to this request to the extent that it seeks the production of confidential, proprietary and/or trade secret information, the disclosure of which could cause irreparable commercial harm to responding party and/or third parties. Disclosure of any such information, if any exists in responding party's possession, custody and/or control, will only be made after entry of an appropriate protective order governing the use and dissemination of the material.

## SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORY NO. 5:

Defendants incorporate all objections in their initial responses as if fully set forth herein. In addition, Defendants object to this interrogatory as overbroad and encompassing information beyond the claims and defenses at issue in this action. Debt collection policies and practices (and their compliance with the FDCPA) that have no colorable relation to this action are beyond the scope of discovery under Fed. R. Civ. P. 26(b). Accordingly, Defendants further object to this interrogatory regarding "policies or procedures relating to compliance with the FDCPA" as vague and ambiguous.

Subject to and without waiving said objections, Defendants provide the following supplemental responses:

**CONFIDENTIAL** (*See* Stipulated Protective Order) – Yes. (a) Collector's Handbook (produced herewith), Initial Training Examinations (produced herewith), Presentations by Outside Training Personnel, One-on-one and on-the-job training and monitoring of specific debt collection procedures; (b) Sidney Mickell, Esq., Manny Newburger, Aaron Gestl, Jeremy Gestl, Ahmet Shams.

## SPECIAL INTERROGATORY NO. 6:

State whether you maintain policies or procedures relating to the operation of your business. If so, (a) identify all documents and oral communications relating such policies or procedures; (b) identify all persons responsible for communicating or implementing such policies and procedures.

## RESPONSE TO SPECIAL INTERROGATORY NO. 6:

Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad, uncertain and unintelligible. As such the request seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and, therefore, further is overly burdensome, unduly oppressive and harassing. Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum Corp. (D.C.N.Y. 1956) 153 F.Supp. 240; United States v. National Steel Corp (S.D. Texas 1960) 26 F.R.D. 599; Hopkins Theatre, Inc. v. RKO Radio Pictures, Inc. (D.C.N.Y. 1956) 18 F.R.D. 379.) Responding party also objects to the extent that this request seeks attorney client communications and/or attorney work product. Finally, responding party objects to this request to the extent that it seeks the production of confidential, proprietary and/or trade secret information, the disclosure of which could cause irreparable commercial harm to responding party and/or third parties. Disclosure of

any such information, if any exists in responding party's possession, custody and/or control, will only be made after entry of an appropriate protective order governing the use and dissemination of the material.

## SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORY NO. 6:

Defendants incorporate all objections in their initial responses as if fully set forth herein. In addition, Defendants object to this interrogatory asking Defendants to describe "policies or procedures relating to the operation of your business" as overbroad and encompassing information beyond the claims and defenses at issue in this action. General policies and procedures that have no colorable relation to the specific claims and defenses in this action are beyond the scope of discovery under Fed. R. Civ. P. 26(b); *Cecena v. Allstate Ins. Co.*, 2006 WL 3898176 *2-*4 (N.D. Cal. 2006); *Aaron v. Dickinson, et al.*, 2006 WL 734881 (E.D. Cal. 2006). Defendants further object to this interrogatory regarding "policies or procedures relating to the operation of your business" as vague and ambiguous.

Subject to and without waiving said objections, Defendants provide the following supplemental responses: Yes. Defendants specified their general policies or procedures relating to their compliance with the FDCPA practices at issue in this action in response to Plaintiff's Special Interrogatory No. 5. Information pertaining to Defendants' general operations and practices (not related to debt collection practices at issue) are not appropriate for disclosure. Plaintiff is not entitled to conduct an unlimited and general audit of Defendants' operations or business practices (*e.g.*, leave of absence policies, internet use policies, etc.).

## SPECIAL INTERROGATORY NO. 7:

State whether you have provided training of any sort to the persons identified in response to Interrogatories 3 and 4. If so, (a) set forth and describe with specificity your training content, procedures, practices and policies; (b) identify all documents and oral communications relating to such training; and (c) identify all persons responsible for training others.

## RESPONSE TO SPECIAL INTERROGATORY NO. 7:

Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad, uncertain and unintelligible. As such the request seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and, therefore, further is overly

burdensome, unduly oppressive and harassing. Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum Corp. (D.C.N.Y. 1956) 153 F.Supp. 240; United States v. National Steel Corp (S.D. Texas 1960) 26 F.R.D. 599; Hopkins Theatre, Inc. v. RKO Radio Pictures, Inc. (D.C.N.Y. 1956) 18 F.R.D. 379.) Responding party also objects to the extent that this request seeks attorney client communications and/or attorney work product. Finally, responding party objects to this request to the extent that it seeks the production of confidential, proprietary and/or trade secret information, the disclosure of which could cause irreparable commercial harm to responding party and/or third parties. Disclosure of any such information, if any exists in responding party's possession, custody and/or control, will only be made after entry of an appropriate protective order governing the use and dissemination of the material.

**SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORY NO. 7:**

Defendants incorporate all objections in their initial responses as if fully set forth herein. In addition, Defendants object to this interrogatory as overbroad and encompassing information beyond the claims and defenses at issue in this action. Training policies and procedures that have no colorable relation to the specific claims and defenses in this action are beyond the scope of discovery under Fed. R. Civ. P. 26(b); *Cecena v. Allstate Ins. Co.*, 2006 WL 3898176 *2-*4 (N.D. Cal. 2006); *Aaron v. Dickinson, et al.*, 2006 WL 734881 (E.D. Cal. 2006). Defendants further object to this interrogatory for "training of any sort" as vague and ambiguous and vastly overbroad.

Subject to and without waiving said objections, Defendants hereby provide the following supplemental responses:

**CONFIDENTIAL** (*See* Stipulated Protective Order) –

Yes. (a) and (b) Defendants generally implement various training policies and procedures, including, but may not be limited to, training by outside trainer Manny Newburger, review of Collections Handbook (produced herewith), written examinations for debt collectors prior to obtaining clearance to engage in debt collection activities (produced herewith), occasional memoranda regarding debt collection, formal classroom training to review collections handbook, one-on-one and on the job training and instruction, observations, specific training instructions to various collectors; (c) Sidney Mickell, Esq., Jeremy Gestl (Manager), Ahmet Shams (Manager), Aaron Gestl (General Manager).

1

## [AMENDED] SPECIAL INTERROGATORY NO. 8:

2

State whether you supervise the persons identified in response to Interrogatories 3 and 4 <u>with</u>

3

<u>respect to the drafting, sending, or evaluating the decision to send, communications identical to or</u>

4

<u>substantially similar to the letter to Plaintiff identified in par. 16 of the Amended Complaint.</u> If so, (a)

5

set forth and describe with specificity your procedures, practices and policies relating to such

6

supervision; (b) identify all documents and oral communications relating to such supervision; and (c)

7

identify all persons responsible for supervising others.

8

## RESPONSE TO SPECIAL INTERROGATORY NO. 8:

9

Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad,

10

uncertain and unintelligible. As such the request seeks information which is neither relevant nor

11

reasonably calculated to lead to the discovery of admissible evidence and, therefore, further is overly

12

burdensome, unduly oppressive and harassing. Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum

13

Corp. (D.C.N.Y. 1956) 153 F.Supp. 240; United States v. National Steel Corp (S.D. Texas 1960) 26

14

F.R.D. 599; Hopkins Theatre, Inc. v. RKO Radio Pictures, Inc. (D.C.N.Y. 1956) 18 F.R.D. 379.)

15

Responding party also objects to the extent that this request seeks attorney client communications

16

and/or attorney work product. Finally, responding party objects to this request to the extent that it

17

seeks the production of confidential, proprietary and/or trade secret information, the disclosure of

18

which could cause irreparable commercial harm to responding party and/or third parties. Disclosure of

19

any such information, if any exists in responding party's possession, custody and/or control, will only

20

be made after entry of an appropriate protective order governing the use and dissemination of the

21

material.

22

## SUPPLEMENTAL RESPONSES TO AMENDED SPECIAL INTERROGATORY NO. 8:

23

Defendants incorporate all objections in their initial responses as if fully set forth herein.

24

Subject to and without waiving said objections, Defendants hereby provide the following supplemental

25

responses:

26

**CONFIDENTIAL** (*See* Stipulated Protective Order) –

27

(a) Defendants' general procedures involve Mr. Mickell creating and reviewing the letters specified in

28

this interrogatory, with occasional assistance from Ray Welsh. Mr. Mickell generally supervises Mr.

1   Welsh by discussing with him the circumstances in the accounts to determine whether the account is

2   appropriate for legal action and also generally by reviewing letters setting forth disclosures under

3   California Code of Civil Procedure 1033; (b) Defendants are not aware of additional documents other

4   than the letter dated 1/14/09 already in Plaintiff's possession; (c) Sidney Mickell, Esq.

5   **SPECIAL INTERROGATORY NO. 9:**

6       Identify all persons who communicated with the Plaintiff in connection with your efforts to

7   collect a debt.

8   **RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

9       Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad,

10  uncertain and unintelligible.  As such the request seeks information which is neither relevant nor

11  reasonably calculated to lead to the discovery of admissible evidence and, therefore, further is overly

12  burdensome, unduly oppressive and harassing.  (Maple Drive-In Theatre Corp. v. Radio-Keith-

13  Orpheum Corp. (D.C.N.Y. 1956) 153 F.Supp. 240; United States v. National Steel Corp (S.D. Texas

14  1960) 26 F.R.D. 599; Hopkins Theatre, Inc. v. RKO Radio Pictures, Inc. (D.C.N.Y. 1956) 18 F.R.D.

15  379.)  This request also invades third party privacy to the extent it seeks information found only in a

16  personnel file.   Finally, responding party objects to this request to the extent that it seeks privileged

17  attorney client communications and/or attorney work product.  Notwithstanding these objections, and

18  without waiving these objections, responding party responds as follows: Ray Welsh, who can be

19  contacted through counsel. Discovery is ongoing.

20  **SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORY NO. 9:**

21      Defendants incorporate all objections in their initial responses as if fully set forth herein.

22  Subject to and without waiving said objections, Defendants hereby provide the following supplemental

23  responses: The following persons communicated with the Plaintiff in connection with Defendants'

24  efforts to collect her debts:

25
- Sidney Mickell, Esq.
26
- Ray Welsh
- Jeremy Gestl
27
- Aaron Gestl
- Andrew Arjonilla
28
- Michael Martinez
- Frank Dillard

DEFENDANTS' SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE
Case No. 2:09-cv-00760-JAM-GGH

1  **SPECIAL INTERROGATORY NO. 10:**

2  Describe with specificity the manner in which you maintain data and the categories of data

3  maintained with respect to debtors placed with or otherwise transferred to you for collection of debts.

4  As to any data maintained in electronic form, identify the hardware and software system or systems

5  used for that purpose.

6  **RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

7  Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad,

8  uncertain and unintelligible.  As such the request seeks information which is neither relevant nor

9  reasonably calculated to lead to the discovery of admissible evidence and, therefore, further is overly

10 burdensome, unduly oppressive and harassing. Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum

11 Corp. (D.C.N.Y. 1956) 153 F.Supp. 240; United States v. National Steel Corp (S.D. Texas 1960) 26

12 F.R.D. 599; Hopkins Theatre, Inc. v. RKO Radio Pictures, Inc. (D.C.N.Y. 1956) 18 F.R.D. 379.)

13 Responding party also objects to the extent that this request seeks attorney client communications

14 and/or attorney work product.  Finally, responding party objects to this request to the extent that it

15 seeks the production of confidential, proprietary and/or trade secret information, the disclosure of

16 which could cause irreparable commercial harm to responding party and/or third parties.  Disclosure of

17 any such information, if any exists in responding party's possession, custody and/or control, will only

18 be made after entry of an appropriate protective order governing the use and dissemination of the

19 material.

20 **SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORY NO. 10:**

21 Defendants incorporate all objections in their initial responses as if fully set forth herein.  In

22 addition, Defendants object to this interrogatory as overbroad and encompassing information beyond

23 the claims and defenses at issue in this action.  Defendants further object to this interrogatory for

24 information regarding the "manner in which you maintain data and the categories of data maintained

25 with respect to accounts placed with or otherwise transferred to you for collection of debts" as vague

26 and ambiguous, vastly overbroad, and not made with sufficient specificity to allow Defendants to

27 formulate responses or conduct a reasonable inquiry for responsive information.

28

1       Subject to and without waiving said objections, Defendants hereby provide the following

2  supplemental responses:

3  **HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY** (*See* Stipulated Protective Order) –

4  Defendants generally utilize a software program called "STARS" to maintain data pertaining to

5  debtors.  Accounts designated for legal action are maintained in a database called "QLAW," which

6  stores information pertaining to accounts cleared for legal action and also generates generic pleading

7  templates.  Ms. Evon's collections matter was maintained in both "STARS" and "QLAW" programs.

8  **SPECIAL INTERROGATORY NO. 11:**

9       Describe with specificity the manner in which you generate written communications in

10  connection with the collection of debts.

11  **RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

12       Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad,

13  uncertain and unintelligible.  As such the request seeks information which is neither relevant nor

14  reasonably calculated to lead to the discovery of admissible evidence and, therefore, further is overly

15  burdensome, unduly oppressive and harassing. Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum

16  Corp. (D.C.N.Y. 1956) 153 F.Supp. 240; United States v. National Steel Corp (S.D. Texas 1960) 26

17  F.R.D. 599; Hopkins Theatre, Inc. v. RKO Radio Pictures, Inc. (D.C.N.Y. 1956) 18 F.R.D. 379.)

18  Responding party also objects to the extent that this request seeks attorney client communications

19  and/or attorney work product.  Finally, responding party objects to this request to the extent that it

20  seeks the production of confidential, proprietary and/or trade secret information, the disclosure of

21  which could cause irreparable commercial harm to responding party and/or third parties.  Disclosure of

22  any such information, if any exists in responding party's possession, custody and/or control, will only

23  be made after entry of an appropriate protective order governing the use and dissemination of the

24  material.

25  **SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORY NO. 11:**

26       Defendants incorporate all objections in their initial responses as if fully set forth herein.  In

27  addition, Defendants object to this interrogatory as overbroad and encompassing information beyond

28  the claims and defenses at issue in this action.  Defendants further object to this interrogatory insofar as

1   it seeks information regarding the "manner in which you generate written communications in
2   connection with the collection of debts" as vague and ambiguous, vastly overbroad, and not made with
3   sufficient specificity to allow Defendants to formulate responses or conduct a reasonable inquiry for
4   responsive information.

5       Subject to and without waiving said objections, Defendants hereby provide the following
6   supplemental responses:

7   **HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY** (*See* Stipulated Protective Order) –
8   Defendants' general practice in generating a letter similar to the letter sent to Ms. Evon dated 1/14/09
9   includes, but may not be limited to, the following:  Currently, the STARS software prints out the letter
10  which includes the standard language as required by Section 1033 of California Code of Civil
11  Procedure.  Prior to Defendants instituting this practice, Defendants generally created and printed each
12  letter individually which also included the standard language as required by Section 1033 of California
13  Code of Civil Procedure to debtors, after Mr. Mickell has determined that a specific account is
14  appropriate for litigation.  It is not Defendants' general practice to engage in indiscriminate mass
15  mailing of letters and correspondence.

16  **SPECIAL INTERROGATORY NO. 12:**

17      Set forth the number of accounts placed with or transferred to you for collection within each
18  calendar year during the relevant time period.  As to each, state whether you commenced a collection
19  suit against.

20  **RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

21      Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad,
22  uncertain and unintelligible.  As such the request seeks information which is neither relevant nor
23  reasonably calculated to lead to the discovery of admissible evidence and, therefore, further is overly
24  burdensome, unduly oppressive and harassing. Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum
25  Corp. (D.C.N.Y. 1956) 153 F.Supp. 240; United States v. National Steel Corp (S.D. Texas 1960) 26
26  F.R.D. 599; Hopkins Theatre, Inc. v. RKO Radio Pictures, Inc. (D.C.N.Y. 1956) 18 F.R.D. 379.)
27  Responding party also objects to the extent that this request seeks attorney client communications
28  and/or attorney work product.  Responding party further objects to the request on the grounds that it

1  seeks private documents and third party information protected from disclosure by California statute,

2  the California Constitution and the United States Constitution. Finally, responding party objects to this

3  request to the extent that it seeks the production of confidential, proprietary and/or trade secret

4  information, the disclosure of which could cause irreparable commercial harm to responding party

5  and/or third parties. Disclosure of any such information, if any exists in responding party's possession,

6  custody and/or control, will only be made after entry of an appropriate protective order governing the

7  use and dissemination of the material.

8  **SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORY NO. 12:**

9     Defendants incorporate all objections in their initial responses as if fully set forth herein. In

10  addition, Defendants object to this interrogatory as overbroad and encompassing information beyond

11  the claims and defenses at issue in this action. The number of accounts placed or transferred to

12  Defendants has no colorable relation to the specific claims and defenses in this action and are therefore

13  beyond the scope of discovery under Fed. R. Civ. P. 26(b); *Cecena v. Allstate Ins. Co.*, 2006 WL

14  3898176 *2-*4 (N.D. Cal. 2006); *Aaron v. Dickinson, et al.*, 2006 WL 734881 (E.D. Cal. 2006).

15     Subject to and without waiving said objections, Defendants hereby provide the following

16  supplemental responses:

17  **HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY** (*See* Stipulated Protective Order) –

18  Not all accounts placed or transferred to Defendants for debt collection involve similar circumstances

19  as those involving Ms. Evon. Most accounts do not involve subsequent litigation or the sending of the

20  kind of letter at issue in this action. Defendants provide herein the number of debt collection accounts

21  that involve the same debt collection procedures as were employed by Defendants in attempting to

22  collect Ms. Evon's debt (*i.e.*, the number of debtors who were sent a letter similar to Ms. Evon's letter

23  dated 11/14/09 from March 2008 to the present, in accordance with the one-year limitations period for

24  this action).

25  - In 2008, approximately 359 debtors were sent a letter similar to the one Ms. Evon received

26    dated 1/14/09.

27  - Data for 2009 is not presently available. Defendants are in the process of obtaining this

28    information and will supplement their responses as soon as such information becomes

1  available. Defendants further note that they stopped sending letters similar to the one Ms. Evon
2  received dated 1/14/09 to a debtor's place of employment.

3  **SPECIAL INTERROGATORY NO. 13:**

4  State whether you have commenced any lawsuit for the collection of debts. If so, as to each,
5  set forth in list form the following: (a) jurisdiction, (b) court, (c) case number, (d) case title and (e)
6  filing date.

7  **RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

8  Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad,
9  uncertain and unintelligible. As such the request seeks information which is neither relevant nor
10  reasonably calculated to lead to the discovery of admissible evidence and, therefore, further is overly
11  burdensome, unduly oppressive and harassing. Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum
12  Corp. (D.C.N.Y. 1956) 153 F.Supp. 240; United States v. National Steel Corp (S.D. Texas 1960) 26
13  F.R.D. 599; Hopkins Theatre, Inc. v. RKO Radio Pictures, Inc. (D.C.N.Y. 1956) 18 F.R.D. 379.)
14  Responding party further objects to the request on the grounds that it seeks private documents and third
15  party information protected from disclosure by California statute, the California Constitution and the
16  United States Constitution. Responding party also objects to the extent that this request seeks attorney
17  client communications and/or attorney work product. Also, this interrogatory seeks information that is
18  a matter of public record and equally available to Plaintiff and also asks for the preparation of a report.

19  **SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORY NO. 13:**

20  Defendants incorporate all objections in their initial responses as if fully set forth herein. In
21  addition, Defendants object to this interrogatory as overbroad and encompassing information beyond
22  the claims and defenses at issue in this action. Not all lawsuits against debtors involve claims similar
23  to Ms. Evon's collection matter. These other lawsuits bear no colorable relation to the specific claims
24  and defenses in this action and are therefore beyond the scope of discovery under Fed. R. Civ. P. 26(b);
25  *Cecena v. Allstate Ins. Co.*, 2006 WL 3898176 *2-*4 (N.D. Cal. 2006); *Aaron v. Dickinson, et al.*,
26  2006 WL 734881 (E.D. Cal. 2006). Defendant further objects to this interrogatory as harassing and
27  unduly burdensome.

28

Subject to and without waiving said objections, Defendants hereby provide the following supplemental responses:

**HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY** (*See* Stipulated Protective Order) – Yes. Defendants disclose herein information pertaining to a lawsuit filed against Ms. Evon after Defendants sent her a letter dated 1/14/09. To the degree this interrogatory asks for information pertaining to other lawsuits that have been filed, Defendants ask Plaintiff to meet and confer regarding this issue because the underlying allegation that Defendants "threatened" litigation against Ms. Evon in bad faith is manifestly false, as established below:

- (a) Jurisdiction: California Superior Court; (b) Court: Yuba County Superior Court; (c) Case No. 09-0000079; (d) Case Name: CACH, LLC v. Catherine Evon; (e) Filing Date: 2/06/09. (these documents produced herewith).

**SPECIAL INTERROGATORY NO. 14:**

Identify all communications between you and the Plaintiff.

**RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

Responding party objects on the grounds that this request is vague and ambiguous. Responding party further objects on the grounds that this request is overly broad, and not likely to lead to the discovery of admissible evidence or relevant information. (Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum Corp. (D.C.N.Y. 1956) 153 F.Supp. 240; United States v. National Steel Corp (S.D. Texas 1960) 26 F.R.D. 599; Hopkins Theatre, Inc. v. RKO Radio Pictures, Inc. (D.C.N.Y. 1956) 18 F.R.D. 379.) Notwithstanding these objections, and without waiving these objections, responding party responds as follows: Responding party exercises the right to produce documents responsive to this request. See documents produced bate-stamped numbers SM00001-SM00021.

**SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORY NO. 14:**

Defendants incorporate all objections in their initial responses as if fully set forth herein. Subject to and without waiving said objections, Defendants hereby provide the following supplemental responses:

**HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY** (*See* Stipulated Protective Order) –
- 9/17/2008 letter.

- 9/17/2008 (11:12 a.m.) phone call.
- 9/19/2008 (12:03 p.m.) phone call.
- 9/22/2008 (11:13 a.m. and 11:59 a.m.) phone call.
- 9/23/2008 (12:07 p.m.) phone call.
- 9/24/2008 (4:51 p.m.) phone call.
- 9/29/2009 (1:22 p.m.) phone call.
- 9/29/2009 (4:03 p.m.) phone call.
- 9/30/2008 (2:02 p.m.) phone call.
- 10/08/2008 (11:19 a.m.) phone call.
- 10/24/2008 (10:59 a.m.) phone call.
- 11/28/2008 (3:03 p.m.) phone call.
- 1/15/2009 letter.
- 1/21/2009 (2:38 p.m.) phone call.
- 1/29/2009 by letter.
- 1/29/2009 (1:59 p.m.) phone call.
- 2/09/2009 by letter from debtor.
- 2/18/2009 (7:58 p.m.) by phone call.
- 5/20/2009 phone call to debtor's attorney.

**SPECIAL INTERROGATORY NO. 15:**

Identify all templates or form letters used by you to communicate with consumers.

**RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad, uncertain and unintelligible. As such the request seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and, therefore, further is overly burdensome, unduly oppressive and harassing. Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum Corp. (D.C.N.Y. 1956) 153 F.Supp. 240; United States v. National Steel Corp (S.D. Texas 1960) 26 F.R.D. 599; Hopkins Theatre, Inc. v. RKO Radio Pictures, Inc. (D.C.N.Y. 1956) 18 F.R.D. 379.) Responding party also objects to the extent that this request seeks attorney client communications

and/or attorney work product.  Finally, responding party objects to this request to the extent that it seeks the production of confidential, proprietary and/or trade secret information, the disclosure of which could cause irreparable commercial harm to responding party and/or third parties.  Disclosure of any such information, if any exists in responding party's possession, custody and/or control, will only be made after entry of an appropriate protective order governing the use and dissemination of the material.

## SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORY NO. 15:

Defendants incorporate all objections in their initial responses as if fully set forth herein.  In addition, Defendants object to this interrogatory as overbroad and encompassing information beyond the claims and defenses at issue in this action.  Not all "Templates and Form Letters" are related to this action and, accordingly, many are beyond the scope of discovery under Fed. R. Civ. P. 26(b) (*e.g.*, templates or letters, if any, that are dissimilar in all material respects to the letter Ms. Evon received).  Defendants further object to this interrogatory asking Defendants to "Identify all templates or form letters used" as vague and ambiguous and not made with sufficient specificity to allow Defendants to formulate responses and to conduct a reasonable inquiry for responsive information.

Subject to and without waiving said objections, Defendants provide the following supplemental responses:

**HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY** (*See* Stipulated Protective Order) – Currently, the STARS software prints out the letter which includes the standard language as required by Section 1033 of California Code of Civil Procedure, which are generally reviewed by Mr. Mickell.  Prior to Defendants instituting this practice, Defendants generally created and printed each letter individually to debtors on litigation cases using general word processing templates (*e.g.*, Microsoft Word).  Letters similar to the one sent to Ms. Evon dated 1/14/09 are generally sent after Mr. Mickell decides to further their collection efforts with the debtor through the legal process.  Not all debtors are sent this letter.

## SPECIAL INTERROGATORY NO. 16:

With respect to the document annexed hereto as Exhibit 1, set forth and identify all portions thereof which are or which are "templates" or "standard" text.

## RESPONSE TO SPECIAL INTERROGATORY NO. 16:

Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad, uncertain and unintelligible. As such the request seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and, therefore, further is overly burdensome, unduly oppressive and harassing. Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum Corp. (D.C.N.Y. 1956) 153 F.Supp. 240; United States v. National Steel Corp (S.D. Texas 1960) 26 F.R.D. 599; Hopkins Theatre, Inc. v. RKO Radio Pictures, Inc. (D.C.N.Y. 1956) 18 F.R.D. 379.) Responding party also objects to the extent that this request seeks attorney client communications and/or attorney work product. Finally, responding party objects to this request to the extent that it seeks the production of confidential, proprietary and/or trade secret information, the disclosure of which could cause irreparable commercial harm to responding party and/or third parties. Disclosure of any such information, if any exists in responding party's possession, custody and/or control, will only be made after entry of an appropriate protective order governing the use and dissemination of the material.

## SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORY NO. 16:

Defendants incorporate all objections in their initial responses as if fully set forth herein. Subject to and without waiving said objections, Defendants provide the following supplemental responses:

**CONFIDENTIAL** (*See* Stipulated Protective Order) –

The "standard" portions of letters similar to what has been identified as Exhibit 1 in Plaintiff's discovery requests are the portions above the signature line and below the greetings line. This includes portions that state the required disclosures under California Civil Procedure Code 1033 (apart from standard greetings and salutations). The relevant provision states as follows:

> (2) When the party could not have brought the action in the small claims court, costs and necessary disbursements shall be limited to the actual cost of the filing fee, the actual cost of service of process, and, when otherwise specifically allowed by law, reasonable attorneys' fees. However, those costs shall only be awarded to the plaintiff if the court is satisfied that prior to the commencement of the action, the plaintiff informed the defendant in writing of the intended legal action against the defendant and that legal action could result in a judgment against the defendant that

1  would include the costs and necessary disbursements allowed by this
2  paragraph.

3  **SPECIAL INTERROGATORY NO. 17:**

4      With respect to the Statements labeled (a) through (e), below, set forth the number of
5  consumers to whom you transmitted any written communication containing: (i) All of Statements (a)
6  through (e):____, (ii) Statement (a):____, (iii) Statements (a), (b) and (d) together:____, (iv)
7  Statements (a), (c) and (d) together:____, (v) Statement (d):____ and (vi) Statement (e):____.

8      Statement (a):

9      Because you have chosen to limit our alternative in resolving Account Number _____,
10  California Code of Civil Procedure Section 1033, requires us to inform you of the fact that we intend
11  to commence legal action against you in the Superior Court of the State of California, which could
12  result in a judgment against you.

13      Statement (b):

14      California Code of Civil Procedure, Section 1033, also requires us to inform you that such a
15  judgment awarded against you could not only include the principle due, but pre-judgment interest,
16  court costs, and attorney fees as well.

17      Statement (c):

18      According to California Law, a judgment awarded against you, among other things, could
19  result in remedies such as Wage Garnishments, Bank Account Levies, or Attachments of your assets,
20  as well as accrue interest at the legal rate of 10% per year.

21      Statement (d):

22      Demand is hereby made for immediate payment of the balance in full.  Please make out your
23  check, or money order, in the amount of 6837.35, payable to The Law Office of Sidney Mickell.  We
24  also accept payments by Visa and Mastercard.  In the event this office does not receive your payment
25  in full, or another arrangement accepted by my client, we will assume that you have chosen litigation,
26  and whichever, of the above-mentioned legal remedies that are reasonable and appropriate, to be our
27  only alternative.

28

**RESPONSE SPECIAL INTERROGATORY NO. 17:**

Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad, uncertain and unintelligible.  As such the request seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and, therefore, further is overly burdensome, unduly oppressive and harassing. Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum Corp. (D.C.N.Y. 1956) 153 F.Supp. 240; United States v. National Steel Corp (S.D. Texas 1960) 26 F.R.D. 599; Hopkins Theatre, Inc. v. RKO Radio Pictures, Inc. (D.C.N.Y. 1956) 18 F.R.D. 379.) Responding party also objects to the extent that this request seeks attorney client communications and/or attorney work product.  Finally, responding party objects to this request to the extent that it seeks the production of confidential, proprietary and/or trade secret information, the disclosure of which could cause irreparable commercial harm to responding party and/or third parties.  Disclosure of any such information, if any exists in responding party's possession, custody and/or control, will only be made after entry of an appropriate protective order governing the use and dissemination of the material.

**SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORY NO. 17:**

Defendants incorporate all objections in their initial responses as if fully set forth herein.  In addition, Defendants object to this interrogatory as compound, unduly burdensome, and harassing.

Subject to and without waiving said objections, Defendants provide the following supplemental responses:

**HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY** (*See* Stipulated Protective Order) – Not all debt collection accounts placed or transferred to Defendants for debt collection involve similar circumstances as those involving Ms. Evon.  Defendants provide herein the number of debt collection accounts that involve the same debt collection procedures as were employed by Defendants in attempting to collect Ms. Evon's debt (*i.e.*, the number of debtors who were sent a letter similar to Ms. Evon's letter dated 11/14/09 from March 2008 to the present, in accordance with the one-year limitations period for this action).

- In 2008, approximately 359 debtors were sent a letter similar to the one Ms. Evon received dated 1/14/09.

- Data for 2009 is not presently available. Defendants are in the process of obtaining this information and will supplement their responses as soon as such information becomes available. Defendants further note that they stopped sending letters similar to the one Ms. Evon received dated 1/14/09 to a debtor's place of employment.

**SPECIAL INTERROGATORY NO. 18:**

Set forth the number of consumers to whom you transmitted at or in care of his or her place of employment or place of business, any written communications containing any or more of the statements set forth in SPECIAL INTERROGATORY NO. 17.

**RESPONSE SPECIAL INTERROGATORY NO. 18:**

Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad, uncertain and unintelligible. As such the request seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and, therefore, further is overly burdensome, unduly oppressive and harassing. Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum Corp. (D.C.N.Y. 1956) 153 F.Supp. 240; United States v. National Steel Corp (S.D. Texas 1960) 26 F.R.D. 599; Hopkins Theatre, Inc. v. RKO Radio Pictures, Inc. (D.C.N.Y. 1956) 18 F.R.D. 379.) Responding party further objects to the request on the grounds that it seeks private documents and third party information protected from disclosure by California statute, the California Constitution and the United States Constitution. Responding party also objects to the extent that this request seeks attorney client communications and/or attorney work product. Finally, responding party objects to this request to the extent that it seeks the production of confidential, proprietary and/or trade secret information, the disclosure of which could cause irreparable commercial harm to responding party and/or third parties. Disclosure of any such information, if any exists in responding party's possession, custody and/or control, will only be made after entry of an appropriate protective order governing the use and dissemination of the material.

**SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORY NO. 18:**

Defendants incorporate all objections in their initial responses as if fully set forth herein. In addition, Defendants object to this interrogatory as compound, unduly burdensome, and harassing. Subject to and without waiving said objections, Defendants provide the following supplemental

responses.  Defendants are only providing information from March 2008 to the present, in accordance with the one-year limitations period for this action.

**HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY** (*See* Stipulated Protective Order) –

- In 2008, approximately 278 debtors were sent a letter similar to the one Ms. Evon received dated 1/14/09 at the debtor's place of employment.

- Data for 2009 is not presently available.  Defendants are in the process of obtaining this information and will supplement their responses as soon as such information becomes available.  Defendants further note that they stopped sending letters similar to the one Ms. Evon received dated 1/14/09 to a debtor's place of employment.

**SPECIAL INTERROGATORY NO. 19:**

Identify all of your reports, policies, memoranda or their communications regarding (a) the use of the Statements set forth in SPECIAL INTERROGATORY NO. 17; and (b) the use of a consumer's business or employment address.

**RESPONSE TO SPECIAL INTERROGATORY NO. 19:**

Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad, uncertain and unintelligible.  As such the request seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and, therefore, further is overly burdensome, unduly oppressive and harassing. Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum Corp. (D.C.N.Y. 1956) 153 F.Supp. 240; United States v. National Steel Corp (S.D. Texas 1960) 26 F.R.D. 599; Hopkins Theatre, Inc. v. RKO Radio Pictures, Inc. (D.C.N.Y. 1956) 18 F.R.D. 379.) Responding party further objects to the request to the extent that it seeks private documents and third party information protected from disclosure by California statute, the California Constitution and the United States Constitution.  Responding party also objects to the extent that this request seeks attorney client communications and/or attorney work product. Finally, responding party objects to this request to the extent that it seeks the production of confidential, proprietary and/or trade secret information, the disclosure of which could cause irreparable commercial harm to responding party and/or third parties. Disclosure of any such information, if any exists in responding party's possession, custody and/or control, will only be made after entry of an appropriate protective order governing the use and

1   dissemination of the material.

2   **SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORY NO. 19:**

3       Defendants incorporate all objections in their initial responses as if fully set forth herein.  In

4   addition, Defendants object to this interrogatory as compound, unduly burdensome, and harassing.

5   Subject to and without waiving said objections, Defendants provide the following supplemental

6   responses:

7   **CONFIDENTIAL** (*See* Stipulated Protective Order) –

8   (a)  The language in the letter Ms. Evon received dated 1/14/09 comports with the required disclosures

9   in California Code of Civil Procedure § 1033.  Moreover, policies and procedures for drafting

10  correspondence similar to the one Ms. Evon received dated 1/14/09 are articulated in the Collector's

11  Handbook (produced herewith).

12  (b)  Policies and procedures for using a business or employment addresses are articulated in the

13  Collector's Handbook (produced herewith).  Defendants' policy is to adhere to applicable law.

14  **SPECIAL INTERROGATORY NO. 20:**

15      Identify "CACH LLC."

16  **RESPONSE TO SPECIAL INTERROGATORY NO. 20:**

17      Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad,

18  uncertain and unintelligible.  As such the request seeks information which is neither relevant nor

19  reasonably calculated to lead to the discovery of admissible evidence and, therefore, further is overly

20  burdensome, unduly oppressive and harassing. Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum

21  Corp. (D.C.N.Y. 1956) 153 F.Supp. 240; United States v. National Steel Corp (S.D. Texas 1960) 26

22  F.R.D. 599; Hopkins Theatre, Inc. v. RKO Radio Pictures, Inc. (D.C.N.Y. 1956) 18 F.R.D. 379.)

23  Responding party further objects to the request to the extent that it seeks private documents and third

24  party information protected from disclosure by California statute, the California Constitution and the

25  United States Constitution.  Responding party also objects to the extent that this request seeks attorney

26  client communications and/or attorney work product. Finally, responding party objects to this request

27  to the extent that it seeks the production of confidential, proprietary and/or trade secret information, the

28  disclosure of which could cause irreparable commercial harm to responding party and/or third parties.

1  Disclosure of any such information, if any exists in responding party's possession, custody and/or

2  control, will only be made after entry of an appropriate protective order governing the use and

3  dissemination of the material.

4  **SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORY NO. 20:**

5        Defendants incorporate all objections in their initial responses as if fully set forth herein.

6  Subject to and without waiving said objections, Defendants provide the following supplemental

7  responses:  CACH, LLC is a limited liability Company organized under the laws of the state of

8  Colorado.

9  **SPECIAL INTERROGATORY NO. 21:**

10        Set forth the number of collection accounts placed with or forwarded to you by CACH LLC

11  during each calendar year of the relevant time period.

12  **RESPONSE TO SPECIAL INTERROGATORY NO. 21:**

13        Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad,

14  uncertain and unintelligible.  As such the request seeks information which is neither relevant nor

15  reasonably calculated to lead to the discovery of admissible evidence and, therefore, further is overly

16  burdensome, unduly oppressive and harassing. Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum

17  Corp. (D.C.N.Y. 1956) 153 F.Supp. 240; United States v. National Steel Corp (S.D. Texas 1960) 26

18  F.R.D. 599; Hopkins Theatre, Inc. v. RKO Radio Pictures, Inc. (D.C.N.Y. 1956) 18 F.R.D. 379.)

19  Responding party further objects to the request to the extent that it seeks private documents and third

20  party information protected from disclosure by California statute, the California Constitution and the

21  United States Constitution.  Responding party also objects to the extent that this request seeks attorney

22  client communications and/or attorney work product. Finally, responding party objects to this request

23  to the extent that it seeks the production of confidential, proprietary and/or trade secret information, the

24  disclosure of which could cause irreparable commercial harm to responding party and/or third parties.

25  Disclosure of any such information, if any exists in responding party's possession, custody and/or

26  control, will only be made after entry of an appropriate protective order governing the use and

27  dissemination of the material.

28

**SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORY NO. 21:**

Defendants incorporate all objections in their initial responses as if fully set forth herein. In addition, Defendants object to this interrogatory as overbroad and encompassing information beyond the claims and defenses at issue in this action. The number of accounts placed or transferred to Defendants by CACH, LLC has no colorable relation to the specific claims and defenses in this action and are therefore beyond the scope of discovery under Fed. R. Civ. P. 26(b); *Cecena v. Allstate Ins. Co.*, 2006 WL 3898176 *2-*4 (N.D. Cal. 2006); *Aaron v. Dickinson, et al.*, 2006 WL 734881 (E.D. Cal. 2006). Not all debtors placed or transferred to Defendants for debt collection involve similar circumstances as those involving Ms. Evon. In fact, most accounts placed or transferred to Defendants are not similar to Ms. Evon's in that they do not receive the same kind of correspondence she received or were not subject to legal action as recourse for collecting debt.

Subject to and without waiving said objections, Defendants hereby provide the following supplemental responses: Defendants ask Plaintiff to engage in a meet and confer process to discuss their need for the information requested herein and its relevance to the claims and defenses at issue in this litigation. Defendants are willing to discuss this interrogatory with Plaintiff's counsel and consider relevant authorities they provide supporting her request.

**SPECIAL INTERROGATORY NO. 22:**

Set forth and describe the manner in which you are compensated by CACH LLC.

**RESPONSE TO SPECIAL INTERROGATORY NO. 22:**

Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad, uncertain and unintelligible. As such the request seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and, therefore, further is overly burdensome, unduly oppressive and harassing. Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum Corp. (D.C.N.Y. 1956) 153 F.Supp. 240; United States v. National Steel Corp (S.D. Texas 1960) 26 F.R.D. 599; Hopkins Theatre, Inc. v. RKO Radio Pictures, Inc. (D.C.N.Y. 1956) 18 F.R.D. 379.) Responding party further objects to the request to the extent that it seeks private documents and third party information protected from disclosure by California statute, the California Constitution and the United States Constitution. Responding party also objects to the extent that this request seeks attorney

client communications and/or attorney work product. Finally, responding party objects to this request to the extent that it seeks the production of confidential, proprietary and/or trade secret information, the disclosure of which could cause irreparable commercial harm to responding party and/or third parties. Disclosure of any such information, if any exists in responding party's possession, custody and/or control, will only be made after entry of an appropriate protective order governing the use and dissemination of the material.

## SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORY NO. 22:

Defendants incorporate all objections in their initial responses as if fully set forth herein. In addition, Defendants object to this interrogatory as overbroad and encompassing information beyond the claims and defenses at issue in this action. The Law Firm's manner compensation from its client has no colorable relation to the specific claims and defenses in this action and are therefore beyond the scope of discovery under Fed. R. Civ. P. 26(b); *Cecena v. Allstate Ins. Co.*, 2006 WL 3898176 *2-*4 (N.D. Cal. 2006); *Aaron v. Dickinson, et al.*, 2006 WL 734881 (E.D. Cal. 2006).

Subject to and without waiving said objections, Defendants hereby provide the following supplemental responses: Defendants ask Plaintiff to engage in a meet and confer process to discuss their need for the information requested herein and its relevance to the claims and defenses at issue in this litigation. Defendants are willing to discuss this interrogatory with Plaintiff's counsel and consider relevant authorities they provide supporting her request.

## SPECIAL INTERROGATORY NO. 23:

Identify your errors and omissions, professional liability or similar insurance policy since January 1, 2005 and state the identity of the insurer, the dates of coverage, type, and policy number of each such policy.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 23:

Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad, uncertain and unintelligible. As such the request seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and, therefore, further is overly burdensome, unduly oppressive and harassing. Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum Corp. (D.C.N.Y. 1956) 153 F.Supp. 240; United States v. National Steel Corp (S.D. Texas 1960) 26

1   F.R.D. 599; Hopkins Theatre, Inc. v. RKO Radio Pictures, Inc. (D.C.N.Y. 1956) 18 F.R.D. 379.)

2   Subject to and without waiving said objections defendant responds:  Defendant's current liability

3   insurers are Mutual Marine Office, Inc. and Gotham Insurance Company under its Lawyers

4   Professional Liability policy number PL10043408.

5   **SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORY NO. 23:**

6           Defendants incorporate all objections in their initial responses as if fully set forth herein.

7   Subject to and without waiving said objections, Defendants provide the following supplemental

8   response:  Defendants' current responses as stated are correct.  No supplemental information is

9   available at this time.

10   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 24:**

11          Identify and describe each claim made under each insurance policy in the last three (3) years,

12   including the date of claim, claim number, the subject of the claim, the status of the claim, the

13   resolution of the claim and any amounts paid under each policy.

14   **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 24:**

15          Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad,

16   uncertain and unintelligible.  As such the request seeks information which is neither relevant nor

17   reasonably calculated to lead to the discovery of admissible evidence and, therefore, further is overly

18   burdensome, unduly oppressive and harassing. Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum

19   Corp. (D.C.N.Y. 1956) 153 F.Supp. 240; United States v. National Steel Corp (S.D. Texas 1960) 26

20   F.R.D. 599; Hopkins Theatre, Inc. v. RKO Radio Pictures, Inc. (D.C.N.Y. 1956) 18 F.R.D. 379.)

21   Responding party further objects to the extent that this request seeks attorney client communications

22   and/or attorney work product. This request is also seeks to force the creation of a report.

23   **SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORY NO. 24:**

24          Defendants incorporate all objections in their initial responses as if fully set forth herein.  In

25   addition, Defendants object to this interrogatory as overbroad and encompassing information beyond

26   the claims and defenses at issue in this action.  The information sought herein bears no colorable

27   relation to this action is beyond the scope of discovery under Fed. R. Civ. P. 26(b).  Defendants further

28   object to this interrogatory as vague and ambiguous and not made with sufficient specificity to allow

1  Defendants to formulate responses and to conduct a reasonable inquiry for responsive information.

2  Defendants further objects to Plaintiff's interrogatory as overly harassing and unduly burdensome.

3       Subject to and without waiving said objections, Defendants provide the following supplemental

4  responses:  Defendants are unable to provide supplemental responses at this time due to the vague and

5  ambiguous nature of this interrogatory.  Defendants therefore ask Plaintiff to engage in a meet and

6  confer discussion to discuss Plaintiff's request in order for Defendants to provide appropriate

7  responses.

8  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 25:**

9       State with specificity all facts upon which you rely in support of each affirmative defense set

10  forth in your First Amended Answer.

11  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 25:**

12       Responding party objects on grounds that this request attempts to violate the attorney-client

13  privilege and work-product doctrine, is impermissibly compound, overbroad and unduly burdensome.

14  Responding party further objects to this request on the grounds that this request is premature as

15  defendant has not conducted discovery and has not completed his investigation. Responding Party

16  further objects to this request to the extent that it requests premature expert/consultant disclosure.

17  **SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORY NO. 25:**

18       Defendants incorporate all objections made in their initial responses as if fully set forth herein.

19  The denial and affirmative defenses in Defendants' Answer were raised to protect and preserve

20  Defendants' legal rights at the outset of the litigation.  Defendants have not completed their

21  investigation, discovery or preparation for trial, and discovery, investigation, and analysis are ongoing.

22  Defendants reserve their right to amend these responses and/or rely upon further information in

23  preparing for trial and at the trial of this action.  Defendants further object to this interrogatory to the

24  extent this interrogatory calls for information protected by the attorney-client privilege, work product

25  doctrine, and/or the constitutional right of privacy.

26       First, several of the affirmative defenses are purely legal, and are not subject to any disputable

27  facts, such as the failure of Plaintiff to state a claim.

28       Second, as a threshold matter, the interrogatory is premature.  Plaintiff, after significant delay,

1  submitted herself for deposition on December 14, 2009, and the transcript of that deposition is not

2  available when these responses are verified and served.  However, Ms. Evon's deposition admissions

3  may support a series of affirmative defenses.  Defendants are willing to identify the passages of her

4  deposition which support various affirmative defenses as soon as the transcript becomes available in

5  the next several days.

6      Third, Defendants cannot address Plaintiff's damages claim, because her Initial Disclosure

7  failed to make a damages claim, and failed to identify any evidence in support of one.

8      Subject to and without waiving said responses, Defendants provide the following supplemental

9  responses:  Defendants deny each claim made in the Amended Complaint, deny that Plaintiff or others

10 have been damaged in any amount, sum or manner whatsoever by reason of any unlawful act or

11 omission on the part of the Law Office of Sidney Mickell, Sidney Mickell, Esq., or the firm's

12 employees and/or agents.  Defendants also deny that this action is suitable to proceed on a class action

13 basis, or that Plaintiff is an adequate class representative.

14     Defendants asserted the following affirmative defenses:  (1) Failure to State a Claim; (2)

15 Statute of Limitations; (3) Contributory Negligence by Plaintiff; (4) Contributory Negligence by Third

16 Parties; (5) Lack of Reasonable Care / Lack of Mitigation; (6) Defendants' Good Faith; (7) Amount for

17 Collection Authorized by Agreement; (8) No Intentional Violations of FDCPA and Rosenthal Act; (9)

18 Truth of Statements and Good Faith Belief of Validity; (10) Statutory Immunities; (11) Defendants'

19 Lawful Conduct; (12) Intended Legal Action Against Plaintiff; (13) Amounts Actually Owed by

20 Plaintiff; (14) Unclean Hands; (15) Waiver / Estoppel; (16) Privilege; (17) Consent; (18) Reasonable

21 Reliance; (19) FRCP, Rule 8(c) Defenses; (20) Right to Raise Additional Defenses.

22     Defendants' denial and affirmative defenses are based, in whole on in part, on the following

23 facts presently known at this time.

24     Plaintiff Catherine Evon admittedly owed a debt which was assigned to defendants to collect.

25 At all times, Defendants and their debt collectors assigned to Ms. Evon's collections account adhered

26 to the procedures and requirements set forth in the Federal Debt Collection Practices Act and the

27 Rosenthal Fair Debt Collection Practices Act in good faith.

28     Defendants would demonstrate through the documents produced previously and herewith, as

well as the testimony of Jeremy Gestl and Sidney Mickell, that they were not aware that Plaintiff may have asked them on or about September 30, 2008 not to "send" anything to her place of employment. Defendants have produced a recording of the call to Ms. Evon's counsel.  Defendant's witnesses (see response to Interrogatory No. Four) and evidence referenced above, show that they had effective procedures to record and follow the lawful requests of persons such as Ms. Evon, that her instructions were heard and recorded to mean that she objected only to *telephone calls* to her employer's place of business, and that the January 14, 2009 letter was sent on a "personal and confidential" basis in good faith.

Date:  December 17, 2009

DILLINGHAM & MURPHY, LLP
DENNIS J. KELLY
JOHN N. DAHLBERG
ANGEL R. SEVILLA

By: _____
Attorneys for Defendants
LAW OFFICES OF SIDNEY MICKELL and
SIDNEY MICKELL, ESQ.

## VERIFICATION

I, Sidney Mickell, declare:

I am a Defendant in the above-titled action. I have read and am authorized to verify the foregoing DEFENDANTS' SUPPLEMENTAL RESPONSES TO PLAINTIFF CATHERINE EVON'S SPECIAL INTERROGATORIES, SET ONE. I verify that said responses are true and correct based solely upon my personal knowledge, except as specifically responded to on information and belief, in which case I have a good faith belief the matters are true and correct as stated.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 17th day of December 2009, at Madsiv, California.

Sidney Mickell

## PROOF OF SERVICE

I, Sandy LeCompte hereby declare: I am a citizen of the United States, and employed in the City and County of San Francisco. I am over the age of eighteen (18) years, and not a party to the within above-entitled action. My business address is 225 Bush Street, 6th Floor, San Francisco, California 94104-4207. On December 17, 2009, I served the following on each party listed below:

**DEFENDANTS LAW OFFICES OF SIDNEY MICKELL AND SIDNEY MICKELL, ESQ.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF CATHERINE EVON'S SPECIAL INTERROGATORIES, SET ONE**

___X___ **(BY MAIL)** By causing a true copy thereof, enclosed in a sealed envelope, with postage fully prepaid and depositing for collection and mailing, following this business's ordinary practice, which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

_____ **(BY PERSONAL SERVICE)** By causing a true copy thereof enclosed in a sealed envelope, to be personally delivered on the date indicated below.

___X___ **(BY OVERNIGHT DELIVERY)** By causing a true copy thereof, enclosed in a sealed envelope, to be delivered via overnight courier service, by . I am readily familiar with the business' practice for collection and processing of correspondence for mailing with an overnight courier service. The correspondence is deposited with the overnight delivery service the same day in the ordinary course of business.

_____ **(BY FAX AND MAIL)** By sending a true copy thereof by facsimile machine to the numbers listed below, and then depositing for collection and mailing, following ordinary business practices, a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid. I am readily familiar with this business's practice for collection and processing of correspondence for mailing with the U.S. Postal Service. The correspondence is deposited with the U.S. Postal Service the same day in the ordinary course of business.

_____ **(BY ELECTRONIC DELIVERY)** By sending a true copy thereof in pdf format electronically the parties listed below at the appropriate email addresses.

| | |
|---|---|
| Sergei Lemberg, Esq.<br>Lemberg & Associates, LLC<br>1100 Summer Street, 3rd Floor<br>Stamford, CT 06905<br>Tel: (203) 653-2250 Ext. 101<br>Fax: (203) 653-3454<br>slemberg@lemberglaw.com<br>Attorneys for Plaintiff Catherine Evon<br>**(Via Overnight Delivery)** | Lara R. Shapiro, Esq.<br>4145 Via Marina, #324<br>Marina del Rey, CA 90292<br>Tel: (310) 577-0870<br>Fax: (424) 228-5351<br>shapiro.lara@gmail.com<br>Attorneys for Plaintiff Catherine Evon<br>**(Via U.S. Mail)** |

1         I declare under penalty of perjury under the laws of the State of California that the

2    foregoing is true and correct.  Executed on December 17, 2009, at San Francisco, California.

3

4                                   *Sandy LeCompte*

5                                  Sandy LeCompte

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:09-cv-00760-JAM-GGH
PROOF OF SERVICE

# EXHIBIT 3

1   **DILLINGHAM & MURPHY, LLP**
    DENNIS J. KELLY (SBN 191414)
2   JOHN N. DAHLBERG (SBN 085122)
    ANGEL R. SEVILLA (SBN 239072)
3   225 Bush Street, 6th Floor
    San Francisco, California 94104-4207
4   Telephone:     (415) 397-2700
    Facsimile:     (415) 397-3300
5   djk@dillinghammurphy.com
    jnd@dillinghammurphy.com
6   ars@dillinghammurphy.com
7
8   Attorneys for Defendants
    LAW OFFICES OF SIDNEY MICKELL and
9   SIDNEY MICKELL, ESQ.

10

11                    UNITED STATES DISTRICT COURT

12                   EASTERN DISTRICT OF CALIFORNIA

13                      SACRAMENTO DIVISION

14  CATHERINE EVON,                      Case No.: 2:09-CV-00760-JAM-KJN

15                Plaintiff,
                                         **DEFENDANTS LAW OFFICES OF SIDNEY**
16       v.                              **MICKELL AND SIDNEY MICKELL, ESQ.'S**
                                         **SECOND SUPPLEMENTAL RESPONSES**
17  LAW OFFICES OF SIDNEY MICKELL; and   **AND OBJECTIONS TO PLAINTIFF**
    SIDNEY MICKELL, ESQ.; and DOES 1 through  **CATHERINE EVON'S SPECIAL**
18  100, inclusive,                      **INTERROGATORIES, SET ONE**
19
20                Defendants.
21

22       PROPOUNDING PARTY:    Plaintiff CATHERINE EVON

23       RESPONDING PARTIES:   Defendant LAW OFFICE OF SIDNEY MICKELL and SIDNEY
24                             MICKELL, ESQ.

25       SET NO.:              One (Nos. 1-25)

26       Pursuant to the Federal Rules of Civil Procedure, Rule 26(b)(1) and Rule 33(b) *et seq.*, as well

27  as the Court's February 3, 2010 Order, Defendants LAW OFFICES OF SIDNEY MICKELL AND

28  SIDNEY

---

MICKELL, ESQ. ("Defendants") hereby provide these second supplemental responses to Plaintiff CATHERINE EVON'S ("Plaintiff" or "Evon") SPECIAL INTERROGATORIES (SET ONE).

## DEFENDANTS' SECOND SUPPLEMENTAL RESPONSES

### SPECIAL INTERROGATORY NO. 4:

Identify (a) every person engaged in the collection of debts in your behalf or under your supervision or under your control, and (b) every person to whom you provided any form of remuneration or compensation in connection with the collection of debts.

### RESPONSE TO SPECIAL INTERROGATORY NO. 4:

Responding party objects to this request on the grounds that it is vague, ambiguous, overbroad, uncertain and unintelligible. As such the request seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and, therefore, further is overly burdensome, unduly oppressive and harassing. (Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum Corp. (D.C.N.Y. 1956) 153 F.Supp. 240; United States v. National Steel Corp (S.D. Texas 1960) 26 F.R.D. 599; Hopkins Theatre, Inc. v. RKO Radio Pictures, Inc. (D.C.N.Y. 1956) 18 F.R.D. 379.) This request also invades third party privacy to the extent it seeks information found only in a personnel file.

### SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORY NO. 4:

Defendants incorporate all objections in their initial responses as if fully set forth herein. In addition, Defendants object to this interrogatory as overbroad and encompassing information beyond the claims and defenses at issue in this action. The identities of employees or debt collectors who have no colorable relation to this action are beyond the scope of discovery under Fed. R. Civ. P. 26(b).

Subject to and without waiving said objections, Defendants hereby supplement their response to provide the names and titles of debt collectors who personally handled with Ms. Evon's collection matter:

| NAME | TITLE | EMPLOYMENT DATES |
|------|-------|------------------|
| Sidney Mickell | Attorney | 9/1/07 and continuing |
| Ray Welsh | Manager | 9/1/07 and continuing |
| Jeremy Gestl | Manager | 9/1/07 and continuing |
| Aaron Gestl | General Manager | 9/1/07 and continuing |
| Andrew Arjonilla | Collector | 5/21/09 and continuing |
| Michael Martinez | Collector | 6/19/08 to 6/4/09 |
| Frank Dillard | Collector | 5/19/08 to 11/17/08 |

## SECOND SUPPLEMENTAL RESPONSES TO INTERROGATORY NO. 4:

Subject to and without waiving all previously raised objections, Defendants respond with the identities of all current employees engaged in debt collection (in addition to the employees previously identified) as follows:

| NAME | TITLE | START DATE |
|------|-------|------------|
| Mark Bramhall | Collector | 12-9-09 |
| Steve Bustos | Collector | 12-9-09 |
| Conrad Cosico | Collector | 11-9-09 |
| King Crawford | Collector | 12-20-07 |
| Ron Dishmon | Collector | 10-19-09 |
| Chris Galvez | Collector | 1-07-10 |
| Marq Hernandez | Collector | 11-25-09 |
| Sean Kutz | Collector | 9-1-07 |
| Larry Marshall | Collector | 1-12-10 |
| Eric McCoy | Collector | 9-24-08 |
| Monica Pruitt | Collector | 10-19-09 |
| Ysac Rojas | Collector | 12-29-09 |

| | | |
|---|---|---|
| Myra Salcedo | Collector | 2-13-09 |
| Ed Shams | Floor Manager | 5-01-08 |
| Rick Sierra | Collector | 11-25-09 |
| Sol Speat | Collector | 2-1-10 |
| Barry Stockton | Collector | 2-15-09 |
| Deedee Venable | Collector | 1-12-10 |
| Leo Villalobos | Collector | 12-19-08 |
| Richard Webb | Collector | 3-23-09 |
| Ian Wilson | Collector | 1-30-09 |
| Bill Windsor | Collector | 9-1-07 |

**SPECIAL INTERROGATORY NO. 12:**

Set forth the number of accounts placed with or transferred to you for collection within each calendar year during the relevant time period. As to each, state whether you commenced a collection suit against.

**RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad, uncertain and unintelligible. As such the request seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and, therefore, further is overly burdensome, unduly oppressive and harassing. Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum Corp. (D.C.N.Y. 1956) 153 F.Supp. 240; United States v. National Steel Corp (S.D. Texas 1960) 26 F.R.D. 599; Hopkins Theatre, Inc. v. RKO Radio Pictures, Inc. (D.C.N.Y. 1956) 18 F.R.D. 379.) Responding party also objects to the extent that this request seeks attorney client communications and/or attorney work product. Responding party further objects to the request on the grounds that it seeks private documents and third party information protected from disclosure by California statute, the California Constitution and the United States Constitution. Finally, responding party objects to this request to the extent that it seeks the production of confidential, proprietary and/or trade secret information, the disclosure of which could cause irreparable commercial harm to responding party

and/or third parties. Disclosure of any such information, if any exists in responding party's possession, custody and/or control, will only be made after entry of an appropriate protective order governing the use and dissemination of the material.

**SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORY NO. 12:**

Defendants incorporate all objections in their initial responses as if fully set forth herein. In addition, Defendants object to this interrogatory as overbroad and encompassing information beyond the claims and defenses at issue in this action. The number of accounts placed or transferred to Defendants has no colorable relation to the specific claims and defenses in this action and are therefore beyond the scope of discovery under Fed. R. Civ. P. 26(b); *Cecena v. Allstate Ins. Co.*, 2006 WL 3898176 *2-*4 (N.D. Cal. 2006); *Aaron v. Dickinson, et al.*, 2006 WL 734881 (E.D. Cal. 2006).

Subject to and without waiving said objections, Defendants hereby provide the following supplemental responses:

**HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY** (*See* Stipulated Protective Order) – Not all accounts placed or transferred to Defendants for debt collection involve similar circumstances as those involving Ms. Evon. Most accounts do not involve subsequent litigation or the sending of the kind of letter at issue in this action. Defendants provide herein the number of debt collection accounts that involve the same debt collection procedures as were employed by Defendants in attempting to collect Ms. Evon's debt (*i.e.*, the number of debtors who were sent a letter similar to Ms. Evon's letter dated 11/14/09 from March 2008 to the present, in accordance with the one-year limitations period for this action).

- In 2008, approximately 359 debtors were sent a letter similar to the one Ms. Evon received dated 1/14/09.

- Data for 2009 is not presently available. Defendants are in the process of obtaining this information and will supplement their responses as soon as such information becomes available. Defendants further note that they stopped sending letters similar to the one Ms. Evon received dated 1/14/09 to a debtor's place of employment.

**SECOND SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORY NO. 12:**

Subject to and without waiving all previously raised objections, Defendants respond as follows: **CONFIDENTIAL** (*See* Stipulated Protective Order) – 2008: 38,660 Accounts; 2009: 59,527 Accounts; 2010: 11,405 Accounts. Moreover, Defendants amend their previous response to this interrogatory as follows: In 2008, approximately 169 debtors were sent a letter similar to the letter Ms. Evon received dated 1/14/09. Approximately 9 of these accounts did not end up in litigation, ten filed for bankruptcy, and litigation ensued on the remainder. In 2009, approximately 107 debtors were sent a letter similar to the letter Ms. Evon received dated 1/14/09. Approximately 8 of these accounts did not end up in litigation, five filed for bankruptcy, and litigation ensued on the remainder. Defendants response herein supersedes their previous response to this interrogatory.

**SPECIAL INTERROGATORY NO. 22:**

Set forth and describe the manner in which you are compensated by CACH LLC.

**RESPONSE TO SPECIAL INTERROGATORY NO. 22:**

Responding Party objects to this request on the grounds that it is vague, ambiguous, overbroad, uncertain and unintelligible. As such the request seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and, therefore, further is overly burdensome, unduly oppressive and harassing. Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum Corp. (D.C.N.Y. 1956) 153 F.Supp. 240; United States v. National Steel Corp (S.D. Texas 1960) 26 F.R.D. 599; Hopkins Theatre, Inc. v. RKO Radio Pictures, Inc. (D.C.N.Y. 1956) 18 F.R.D. 379.) Responding party further objects to the request to the extent that it seeks private documents and third party information protected from disclosure by California statute, the California Constitution and the United States Constitution. Responding party also objects to the extent that this request seeks attorney client communications and/or attorney work product. Finally, responding party objects to this request to the extent that it seeks the production of confidential, proprietary and/or trade secret information, the disclosure of which could cause irreparable commercial harm to responding party and/or third parties. Disclosure of any such information, if any exists in responding party's possession, custody and/or control, will only be made after entry of an appropriate protective order governing the use and dissemination of the material.

1 | **SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORY NO. 22:**

2 |      Defendants incorporate all objections in their initial responses as if fully set forth herein.  In

3 | addition, Defendants object to this interrogatory as overbroad and encompassing information beyond

4 | the claims and defenses at issue in this action.  The Law Firm's manner compensation from its client

5 | has no colorable relation to the specific claims and defenses in this action and are therefore beyond the

6 | scope of discovery under Fed. R. Civ. P. 26(b); *Cecena v. Allstate Ins. Co.*, 2006 WL 3898176 *2-*4

7 | (N.D. Cal. 2006); *Aaron v. Dickinson, et al.*, 2006 WL 734881 (E.D. Cal. 2006).

8 |      Subject to and without waiving said objections, Defendants hereby provide the following

9 | supplemental responses:  Defendants ask Plaintiff to engage in a meet and confer process to discuss

10 | their need for the information requested herein and its relevance to the claims and defenses at issue in

11 | this litigation.  Defendants are willing to discuss this interrogatory with Plaintiff's counsel and

12 | consider relevant authorities they provide supporting her request.

13 | **SECOND SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORY NO. 22:**

14 |      Subject to and without waiving all previously raised objections, Defendants respond as follows:

15 | **HIGHLY CONFIDENTIAL / ATTORNEYS' EYES ONLY** (*See* Stipulated Protective Order) –

16 | Defendants are compensated as the attorney of CACH, LLC, in the amount of approximately

17 | $7,500.00 per month.

18 |

19 | Date:  February 23, 2009                  DILLINGHAM & MURPHY, LLP

                                            DENNIS J. KELLY

20 |                                             JOHN N. DAHLBERG

                                            ANGEL R. SEVILLA

21 |

22 |

23 |                                       By:

24 |                                         Attorneys for Defendants

                                      LAW OFFICES OF SIDNEY MICKELL and

                                      SIDNEY MICKELL, ESQ.

25 |

26 |

27 |

28 |

DEFENDANTS' SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE
Case No. 2:09-cv-00760-JAM-KJN

7

## <u>VERIFICATION</u>

I, Sidney Mickell, declare:

I am a Defendant in the above-titled action.  I have read and am authorized to verify the foregoing DEFENDANTS' SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF CATHERINE EVON'S SPECIAL INTERROGATORIES, SET ONE.  I verify that said responses are true and correct based solely upon my personal knowledge, except as specifically responded to on information and belief, in which case I have a good faith belief the matters are true and correct as stated.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this _23_ day of February 2010, at _Montclair_ California.

_____
Sidney Mickell

## PROOF OF SERVICE

I, Sandy LeCompte hereby declare:  I am a citizen of the United States, and employed in the City and County of San Francisco.  I am over the age of eighteen (18) years, and not a party to the within above-entitled action.  My business address is 225 Bush Street, 6th Floor, San Francisco, California 94104-4207.  On February 23, 2010, I served the following on each party listed below:

**DEFENDANTS LAW OFFICES OF SIDNEY MICKELL AND SIDNEY MICKELL, ESQ.'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF CATHERINE EVON'S SPECIAL INTERROGATORIES, SET ONE**

___X__ **(BY MAIL)** By causing a true copy thereof, enclosed in a sealed envelope, with postage fully prepaid and depositing for collection and mailing, following this business's ordinary practice, which I am readily familiar.  On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

_____ **(BY PERSONAL SERVICE)** By causing a true copy thereof enclosed in a sealed envelope, to be personally delivered on the date indicated below.

_____ **(BY OVERNIGHT DELIVERY)** By causing a true copy thereof, enclosed in a sealed envelope, to be delivered via overnight courier service, by . I am readily familiar with the business' practice for collection and processing of correspondence for mailing with an overnight courier service.  The correspondence is deposited with the overnight delivery service the same day in the ordinary course of business.

_____ **(BY FAX AND MAIL)** By sending a true copy thereof by facsimile machine to the numbers listed below, and then depositing for collection and mailing, following ordinary business practices, a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid. I am readily familiar with this business's practice for collection and processing of correspondence for mailing with the U.S. Postal Service.  The correspondence is deposited with the U.S. Postal Service the same day in the ordinary course of business.

_____ **(BY ELECTRONIC DELIVERY)** By sending a true copy thereof in pdf format electronically the parties listed below at the appropriate email addresses.

Sergei Lemberg, Esq.
Lemberg & Associates, LLC
1100 Summer Street, 3rd Floor
Stamford, CT  06905
Tel: (203) 653-2250 Ext. 101
Fax: (203) 653-3424
slemberg@lemberglaw.com
Attorneys for Plaintiff Catherine Evon

Lara R. Shapiro, Esq.
4145 Via Marina, #324
Marina del Rey, CA  90292
Tel: (310) 577-0870
Fax: (424) 228-5351
shapiro.lara@gmail.com
Attorneys for Plaintiff Catherine Evon

1    I declare under penalty of perjury under the laws of the State of California that the

2    foregoing is true and correct.  Executed on February 23, 2010 at San Francisco, California.

3

4                                                                 *Sandy LeCompte*
                                                                Sandy LeCompte

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28