# EXHIBIT A

SERGEI LEMBERG (admitted *Pro Hac Vice*)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

LARA R. SHAPIRO (State Bar No. 227194)
4145 Via Marina # 324
Marina del Rey, CA 90292
Telephone: (310) 577-0870
Facsimile: (424) 228-5351

Attorneys for Plaintiff,
Catherine Evon

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| Catherine Evon,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Law Offices of Sidney Mickell; Sidney Mickell, Esq.; and Does 1-100, inclusive,<br><br>　　　　　Defendants. | Case No.: 2:09-cv-00760-JAM-GGH<br><br>**AFFIDAVIT OF**<br>**SUSAN SCHNEIDERMAN**<br>**IN SUPPORT OF AWARD OF**<br><u>**ATTORNEYS' FEES AND COSTS**</u> |

| STATE OF CONNECTICUT | ) |
|---|---|
| | ) ss.: |
| COUNTY OF FAIRFIELD | ) |

SUSAN SCHNEIDERMAN, being first duly sworn, deposes and says:

1. I am associated with Lemberg & Associates, L.L.C. (the "Firm"), attorneys for the Plaintiff, Catherine Evon. I have personal knowledge of the information contained in this affidavit and could testify to such if called to do so. This Affidavit is respectfully submitted to the Court in support of an award of attorneys' fees and costs in the amount of $4,726.95, representing fees and costs associated with compliance with the parties' Stipulated Protective Order (the "Order").

2. I am an employed by the Firm as a senior litigator. I am licensed to practice law in the Courts of New York and Connecticut. I am also a member in good standing of the following Federal Bars:

   a. Supreme Court of the United States

   b. Second Circuit Court of Appeals

   c. Southern District of New York

   d. Eastern District of New York

   e. Western District of Michigan.

3. I have practiced before the New York State Courts and the U.S. District Courts for the Southern and Eastern Districts of New York since February 1985. My entire 25 years of law practice have focused principally upon litigation, including complex commercial litigation and litigation arising under Federal and State statutes. My usual hourly fee when billing clients an hourly rate is between $340/hour and $380/hour, depending upon the complexity of the work.

4. With Mr. Lemberg's supervision, I have been responsible for providing and overseeing essential litigation support in this case, including drafting of papers, analysis of legal issues and general oversight of junior level attorneys and paralegals. To that end I participated in

AFFIDAVIT OF SUSAN SCHNEIDERMAN IN SUPPORT OF AWARD OF ATTORNEYS' FEES AND COSTS
PAGE 2

negotiating the parties' and in the briefing required in connection with the recent motion practice.

5. While Plaintiff's motion papers seeking class certification and partial summary judgment were being drafted, I also undertook a careful review of the Order in conjunction with the materials and statements which were to be used in support of our applications. In completing the "numerosity" section of the class certification application, I was unsure whether the Defendants would view certain necessary information as being subject to the Order. Therefore, on May 5, 2010, at approximately 10:30 a.m. EDT, I transmitted an email to Messrs. Dahlberg and Sevilla advising them as follows[1]:

> This afternoon we will be filing a motion for class certification.
> The motion contains a statement which quantifies the number of letters similar to the one at issue were sent to consumers during the relevant period. More specifically, we state that, from the documents produced, were able to identify 264 such letters of which 262 were addressed to the place of employment. I do not believe that the foregoing statements are subject to the confidentiality order. However, in order to avoid potential dispute, I am so advising you prior to filing. Unless you instruct me to the contrary by 4:00 p.m. Eastern Daylight Time, we will proceed to file the motion without redacting the foregoing statement.

6. Mr. Dahlberg requested that I "produce verbatim the statement" from the brief. I promptly did so.

7. After he received the "verbatim statement," Mr. Dahlberg asked that we "provisionally ... mark and keep these docs confidential until [he could] have a reasonable opportunity to discuss the issue with [his] client." I attempted to clarify my request and streamline the process but Mr. Dahlberg insisted upon awaiting consultation with Mr. Mickell.

8. I never heard back from Mr. Dahlberg or his staff concerning the confidentiality issue raised. As such, I instructed our firm's staff to undertake the necessary redactions and "under seal" filings. To that end, we prepared and filed Notices regarding the filing of documents under seal and

---

[1] A complete copy of the May 5, 2010 email string between Mr. Dahlberg and me is annexed as Exhibit 1.

we prepared the insertions necessary to signify that certain exhibits were filed under seal. Finally, I personally reviewed all of the papers being filed in Plaintiff's behalf on May 5, 2010 in order to insure that "confidential" materials were not inadvertently filed with the Court and oversaw the work of attorney Stephen Taylor and paralegal Ernest Guadiana in that regard. This process was repeated with respect to our May 19, 2010 and May 26, 2010 submissions.

9.  On May 5, 2010, I spent a total of three (3) hours complying with and insuring compliance with the Order. Additional time was spent by Messrs. Taylor and Guadiana, who's Affidavits are submitted to the Court herewith as Exhibits 2 and 3, respectively.

10.  On each of May 19, 2010 and May 26, 2010, I spent another ½ hour on work devoted to compliance with the Order, so that I devoted in all four (4) hours in that regard.

11.  Applying my median fee, which I believe is reasonable under the circumstances, of $360/hour, the fees earned on account of my work in connection with compliance with the Order amount to $1,440.00.

12.  I have reviewed the annexed Affidavits of Messrs Taylor and Guadiana, whose work was performed under my direct supervision. I believe that the time reported by each of them with respect to compliance with the Order is accurate.[2]

13.  As a senior attorney with the firm, I am familiar with the billing rates applicable to each of the staff attorneys and paralegals. Mr. Taylor's usual hourly billing rate is $300.00. Mr. Guadiana's time is generally billed at $220/hour.

14.  Based upon the time reported in their respective affidavits, Plaintiff respectfully requests and attorneys' fee award limited to the time spent complying with the Order in the total

---

[2] Mr. Taylor excluded from this application the time and charges associated with filing of the transcribed telephone conversation between Mr. Evon and Mr. Gestl, since we believe this would have required special filing procedures in any event.

amount of $3,740.00 computed as follows:

|   |   |   |   |
|---|---|---|---|
| a. | S. Schneiderman – | 4 hrs. @ $360/hr. = | $ 1,440.00 |
| b. | S. Taylor - | 4 hrs. @ $300/hr. = | 1,200.00 |
| c. | E. Guadiana - | 5 hrs. @ $220/hr. = | 1,100.00 |
|   |   | TOTAL | $ 3,740.00 |

15. The Firm also incurred costs associated with compliance with the Order which would not have otherwise been incurred. These costs, amounting to $146.95, are comprised of Rapid Legal service fees for filing 3 additional documents ($29.95 x 3 = $89.85), priority mail postage ($4.95 x 2 = $9.90) and photocopying for mail service (590 pages @ $.08/page = $47.20).

16. Finally, I spent an additional 1.5 hours preparing this application, for a total of $540.00. Mr. Taylor spent an additional 1 hr., amounting to $300.00.

17. Based upon the foregoing, Plaintiff respectfully requests and award of $4,726.95 representing costs and attorneys' fees associated with compliance with the Order.

_____
Susan Schneiderman

Subscribed and sworn to
before me this _21_ day
of June, 2010

_Volodymyr Hisnyk, Commissioner of Superior Court_
Notary Public or Commissioner of the Superior Court

AFFIDAVIT OF SUSAN SCHNEIDERMAN IN SUPPORT OF AWARD OF ATTORNEYS' FEES AND COSTS
PAGE 5

# EXHIBIT 1

| | |
|---|---|
| From: | Dahlberg, John |
| To: | Susan Schneiderman |
| Subject: | RE: Evon v. Mickell |
| Date: | Wednesday, May 05, 2010 2:29:22 PM |

My client is an attorney. I will consult with him as I must.

John N. Dahlberg, Esq.
Dillingham & Murphy, LLP
225 Bush Street
6th Floor
San Francisco, Ca 94104-4207
415.397.2700 ext. 218
415.397.3300 fax
415. 264.5401 mobile

**From:** Susan Schneiderman [mailto:sschneiderman@lemberglaw.com]
**Sent:** Wednesday, May 05, 2010 11:22 AM
**To:** Dahlberg, John
**Subject:** RE: Evon v. Mickell

I was referring to the fact that I believe that the question is purely legal. Had you not marked everything confidential, the question would not be necessary. I believe that you should be able to make the assessment in this instance without your client.

**From:** Dahlberg, John [mailto:JND@dillinghammurphy.com]
**Sent:** Wednesday, May 05, 2010 2:05 PM
**To:** Susan Schneiderman
**Subject:** RE: Evon v. Mickell

You were concerned enough to ask for my client's permission, which is not obtainable in the slender window that you provide. Therefore, please safeguard the information until we can give you an approval, just as you anticipated might be our wish. If this is difficult to do for some administrative reason, let me know.

John N. Dahlberg, Esq.
Dillingham & Murphy, LLP
225 Bush Street
6th Floor
San Francisco, Ca 94104-4207
415.397.2700 ext. 218
415.397.3300 fax
415. 264.5401 mobile

**From:** Susan Schneiderman [mailto:sschneiderman@lemberglaw.com]
**Sent:** Wednesday, May 05, 2010 11:04 AM
**To:** Dahlberg, John
**Subject:** RE: Evon v. Mickell

I'm not referring to any documents at this point. Only to the statement referring to the number of letters. That is the only part of the statement which is not already public record as part of filed pleadings, motions, etc. My understanding that the personal data contained in the letters produced rendered them confidential, not the fact that they existed or the number of letters

which exist.

---

**From:** Dahlberg, John [mailto:JND@dillinghammurphy.com]
**Sent:** Wednesday, May 05, 2010 2:00 PM
**To:** Susan Schneiderman
**Cc:** Sevilla, Angel R.
**Subject:** RE: Evon v. Mickell

We will provide your email to the client, but given that we are finishing the sj motion, I cannot promise a response by 1:30 pm our time. We ask you therefore provisionally to mark and keep these docs confidential until we can have a reasonable opportunity to discuss the issue with our client.

John N. Dahlberg, Esq.
Dillingham & Murphy, LLP
225 Bush Street
6th Floor
San Francisco, Ca 94104-4207
415.397.2700 ext. 218
415.397.3300 fax
415. 264.5401 mobile

---

**From:** Susan Schneiderman [mailto:sschneiderman@lemberglaw.com]
**Sent:** Wednesday, May 05, 2010 10:58 AM
**To:** Dahlberg, John; Sevilla, Angel R.
**Cc:** Sergei Lemberg
**Subject:** RE: Evon v. Mickell

Under the heading "Numerosity" we state the following:

Between March 14, 2008 and May 26, 2009, Letters substantially identical to the Letter received by Ms. Evon were sent by Defendants directed to approximately 262 consumers[3] at the name and address of such consumers' respective employers.[4] Accordingly, the numerosity requirement under Rule 23(a)(1) has been satisfied.

---

[3] In compliance with the Court's February 3, 2010 Order [D 41], Defendants produced copies of letters similar to the one which is the subject of the Complaint, which were sent in 2008 and 2009. From those letters, we have been able to identify 264 which were dated during the relevant time period of which 262 were sent to a business address.

[4] The Letters are addressed, for example, either to "Consumer, c/o ABC Company" or "Consumer, ABC Company."

Susan Schneiderman, Esq.
Lemberg & Associates, LLC
1100 Summer Street
3rd Floor
Stamford, CT 06905
v: 203-653-2250
f: 203-653-3424
sschneiderman@lemberglaw.com

---

**From:** Dahlberg, John [mailto:JND@dillinghammurphy.com]
**Sent:** Wednesday, May 05, 2010 1:50 PM
**To:** Susan Schneiderman; Sevilla, Angel R.
**Cc:** Sergei Lemberg
**Subject:** RE: Evon v. Mickell

Please reproduce verbatim the statement you intend to include so that we can judge it better.

John N. Dahlberg, Esq.
Dillingham & Murphy, LLP
225 Bush Street
6th Floor
San Francisco, Ca  94104-4207
415.397.2700 ext. 218
415.397.3300 fax
415. 264.5401 mobile

---

**From:** Susan Schneiderman [mailto:sschneiderman@lemberglaw.com]
**Sent:** Wednesday, May 05, 2010 10:26 AM
**To:** Dahlberg, John; Sevilla, Angel R.
**Cc:** Sergei Lemberg
**Subject:** Evon v. Mickell

Gentlemen:

This afternoon we will be filing a motion for class certification.
The motion contains a statement which quantifies the number of letters similar to the one at issue were sent to consumers during the relevant period. More specifically, we state that, from the documents produced, were able to identify 264 such letters of which 262 were addressed to the place of employment. I do not believe that the foregoing statements are subject to the confidentiality order. However, in order to avoid potential dispute, I am so advising you prior to filing.
Unless you instruct me to the contrary by 4:00 p.m. Eastern Daylight Time, we will proceed to file the motion without redacting the foregoing statement.

*Susan Schneiderman, Esq.*
Lemberg & Associates, LLC
1100 Summer Street
3rd Floor
Stamford, CT 06905
v: 203-653-2250
f: 203-653-3424
sschneiderman@lemberglaw.com


_____ Information from ESET NOD32 Antivirus, version of virus signature database 4473 (20091001) _____

The message was checked by ESET NOD32 Antivirus.

http://www.eset.com

No virus found in this incoming message.
Checked by AVG - www.avg.com
Version: 9.0.819 / Virus Database: 271.1.1/2937 - Release Date: 06/14/10 02:35:00