1   SERGEI LEMBERG (admitted *Pro Hac Vice*)
    LEMBERG & ASSOCIATES L.L.C.
2   1100 Summer Street, 3rd
3   Stamford, CT 06905
    Telephone: (203) 653-2250
4   Facsimile:  (203) 653-3424

5
    LARA R. SHAPIRO (State Bar No. 227194)
6   4145 Via Marina # 324
7   Marina del Rey, CA 90292
    Telephone:  (310) 577-0870
8   Facsimile:  (424) 228-5351

9
    *Attorneys for Plaintiff,*
10  *Catherine Evon*

11

12                  UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF CALIFORNIA
13                      SACRAMENTO DIVISION

14

15
    Catherine Evon,                    Case No.:  2:09-cv-00760-JAM-GGH
16
                Plaintiff,             **PLAINTIFF'S REPLY TO DEFENDANTS'**
17                                     **OPPOSITION TO PLAINTIFF'S MOTION**
                                       **FOR ATTORNEYS' FEES AND COSTS**
18          vs.

19                                     Date:       October 20, 2010
    Law Offices of Sidney Mickell; Sidney Mickell,   Time:       9:30 a.m.
20  Esq.; and Does 1-100, inclusive,  Judge:      Judge John A. Mendez
                                       Room:       Courtroom 6, 14th Floor
21              Defendants.

22

23

24

25

26

27

28

29

30

# Table of Contents

Table of Authorities..................................................................................................i

I.     Introduction ....................................................................................................1

II.    The Defendants' Flawed Approach ................................................................2

    A.    The Law .................................................................................................2

    B.    The Facts ...............................................................................................4

        1)    Pre-Answer Communications..................................................4

        2)    Amendment of the Complaint ................................................5

        3)    Unsuccessful Certification and Summary Judgment Motions .................6

        4)    The July 1, 2010 Instructions ................................................6

    C.    The Defendants' Conundrum ...............................................................7

III.   The Lodestar...................................................................................................8

IV.   Certificate of Service......................................................................................1

# Table of Authorities

**Cases**

Berkla v. Corel Corp., 302 F.3d 909 (9th Cir. 2002) ........................................................ 4

Camacho v. Bridgeport Financial, Inc., 523 F.3d 973 (9th Cir.  2008)........................... 3, 4

Christensen v. Stevedoring Services of America, 557 F.3d 1049 (9th Cir.  2009) ............. 3

Dang v. Cross, 422 F.3d 800 (9th Cir.  2005) ................................................................... 6

Hensley v. Eckerhart, 461 U.S. 424 (1983)....................................................................... 6

In re Hotel Telephone Charges, 500 F.2d 86 (9th Cir. 1974)......................................... 1, 2

Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 130 S. Ct. 1605, 176 L. Ed. 2d 519
    (2010)............................................................................................................................ 2

Sorenson v. Mink, 239 F.3d 1140 (9th Cir.  2001) ............................................................ 7

Van Skike v. Director, Office of Workers' Compensation Programs, 557 F.3d 1041 (9th Cir.  2009)3

Winterrowd v. American General Annuity Ins. Co., 556 F.3d 815 (9th Cir.  2009)............ 8

## I.        Introduction

Echoing this Court's concerns expressed in its on-the-record opinion, the Defendants begin their opposition with the proposition that this case was improperly attorney-driven.  Indeed, this Court suggested that to be the case.  Other courts, as aptly pointed to by the Defendants, find such motivations to be contrary to the interests of proper administration of the law.  What the Defendants and, with all due respect, this Court, overlooked is that this case is ***not*** one of the cases frowned upon by the judiciary.

The Sherman Act case of <u>In re Hotel Telephone Charges</u>, 500 F.2d 86 (9th Cir. 1974), "involve[d] millions [of] plaintiffs, hundreds [of] defendants, and [a] variety of alleged misrepresentations and surcharge amounts" The Court found that "[w]ithout eliminating or eroding the traditional or statutory elements of a fraud action, there is no possibility that common questions can predominate over individual ones in these claims." <u>Id.</u> at 90.  There, it was also evident that most of the thousands of named plaintiffs ***were self-represented attorneys.  Therefore, they were the only ones who stood to gain.***  The Court's opinion continued:

> In light of the fact that the proposed class action is likely to consume decades of judicial time, the potential benefit to the class should be carefully weighed against the burden the actions would place upon the federal courts. ***The average individual recovery in this case is estimated to be only two dollars. Even trebled, the amount of recovery would be entirely consumed by the costs of notice alone.*** Nor could such administrative costs be minimized by notice by publication or random notice, since the individual class members are known and their addresses available in the appellants' records, thus requiring actual notice. In view of the nonexistent, or miniscule, recoveries that are likely to accrue to the supposedly intended beneficiaries, ***it is not surprising that most of the named plaintiffs are attorneys acting as counsel for themselves.*** …[T]his action has been primarily generated and financially supported by the lawyers who possibly stand to realize astronomical fees, and not by the individuals whose potential claims in any event are *de minimis*… [emphasis supplied]

<u>Id</u>. at 91.

Overturning the District Court's grant of class certification, the Court of Appeals concluded:

> In view of the following factors: (1) the predominance of individual questions over common questions; (2) the unmanageability of the litigation in terms of time, administrative costs, and complexity; (3) the minimal recovery it promises the potential individual class members; and (4) ***the initiation and financial maintenance of the suits primarily by attorneys acting in a dual capacity as named plaintiffs and counsel for the plaintiffs***, we hold that the requirements of Rule 23 have not been met…. [emphasis supplied]

*Id*. at 91.   Since nothing in this case would suggest that the Plaintiff and her attorney were acting 'in dual capacity as named plaintiffs and counsel' the rationale of the Court in <u>In re Hotel</u> does not appear to apply.

Nor does the Plaintiff seek to minimize the potential impact of Justice Kennedy's dissenting opinion in <u>Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA</u>, 130 S. Ct. 1605, 176 L. Ed. 2d 519 (2010).  Nevertheless, Justice Kennedy's sentiments do not constitute the law of the land, which was instead expressed by the majority in their opinion.

Using those arguments as a springboard, the Defendants raise a series of red herrings rather than address Plaintiff's arguments head on.  This Reply Memorandum of Law is respectfully submitted in response to Defendants' arguments in opposition to Plaintiff's application for an award of attorneys' fees and costs.

## II.      The Defendants' Flawed Approach

### A.      The Law

The Defendants ignore each of the *relevant* authorities, arguing instead that positions already rejected by the Court of Appeals should be applied. Moreover, Defendants entirely fail to address that a significant portion of the time sought relates directly to Plaintiff's six-month long effort to obtain basic discovery in this case – discovery that is frequently and routinely produced in Fair Debt Collection cases.  Ironically and significantly, most of the documents Defendants vehemently withheld, then produced in redacted form, were relevant to the Defendants' defense of *bona fide* error rather than to claims of the Plaintiff.

PLAINTIFF'S REPLY TO DEFENDANTS'
OPPOSITION TO PLAINTIFF'S MOTION
FOR ATTORNEYS' FEES AND COSTS

Defendants, at the outset, fail to recognize that this Court is bound to adhere to the Ninth Circuit's rationale artfully summarized and expressed in <u>Camacho v. Bridgeport Financial, Inc.</u>, 523 F.3d 973, 978 (9th Cir. 2008) and echoed in later decisions such as <u>Van Skike v. Director, Office of Workers' Compensation Programs</u>, 557 F.3d 1041 (9th Cir. 2009) and <u>Christensen v. Stevedoring Services of America</u>, 557 F.3d 1049 (9th Cir. 2009). In <u>Camacho</u>, *supra*, the Court of Appeals reiterated its explanation of the objectives of Congress' departure from the "American Rule" when enacting "fee shifting" legislation, explained the legislative rationale for the FDCPA's "fee shifting" provisions and underscored the procedure to be applied by the District Courts of the Ninth Circuit for implementation of that mandate:

> Generally, litigants in the United States pay their own attorneys' fees, regardless of the outcome of the proceedings. However, ***in order to encourage private enforcement of the law*** … ***Congress has legislated that in certain cases prevailing parties may recover their attorneys' fees from the opposing side***. When a statute provides for such fees, it is termed a 'fee shifting' statute. ***The FDCPA is one such statute***, providing that any debt collector who fails to comply with its provisions is liable "in the case of any successful action … [for] the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). ***The FDCPA's statutory language makes an award of fees mandatory.*** The reason for mandatory fees is that ***congress chose a 'private attorney general' approach to assume enforcement of the FDCPA***. [Internal citations and quotation marks omitted; emphasis added].

<u>Id.</u> at 978.

Defendants' suggestion that a fee award in this case is optional is contrary to both the congressional and Ninth Circuit mandates. Rather, "an award of fees is mandatory." Defendants' suggestion that the Court depart from the "lodestar" formula is also contrary to controlling Ninth Circuit authority. The <u>Camcho</u> court opined:

> District courts ***must calculate awards for attorneys' fees using the 'lodestar' method*** and the amount of that fee must be determined on the facts of each case. The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. Although ***in most cases, the lodestar figure is presumptively a reasonable fee***

award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it.  [Internal citations and quotation marks omitted; emphasis added].

_Id._ at 978.

Finally, the Defendants incorrectly suggest that their desire, actual or feigned, to address settlement at some earlier juncture should nullify the fact that they did not present any Rule 68 Offer of judgment until June, 2010.  The Ninth Circuit Court of Appeals specifically adheres to the majority view that "absent a Rule 68 offer of judgment, a plaintiff's failure to accept a settlement offer that turns out to be less than the amount recovered at trial is not a legitimate basis for denying an award of costs. To hold otherwise would render Rule 68 largely meaningless." Berkla v. Corel Corp., 302 F.3d 909 (9th Cir. 2002).

**B.     The Facts**

In addition to ignoring controlling law, Defendants mislead the Court concerning the operative facts.  Without addressing Plaintiff's factual recitation, Defendants instead suggest that their own flawed perspective on the facts should control the Court's determination.  In that regard, the Defendants raise a series of red herrings claiming as to each that it militates either against the fee award or in support of the wholesale reduction of the fee award.  As set forth more particularly below, these arguments are baseless.

**1)  Pre-Answer Communications**

Defendants assert that Mr. Mickell's alleged verbal pre-answer settlement offer should have ended the case.  Therefore, the flawed logic continues, Plaintiff is not entitled to recover _any_ attorneys' fees beyond attorney Lara Shapiro's initial communications with Mr. Mickell.

Ms. Shapiro squarely contradicts Mr. Mickell's allegations.  As demonstrated by her accompanying declaration, Ms. Shapiro's early interactions with Mr. Mickell were focused upon extending the Defendant's time within which to Answer the Complaint.  Although some discussion

was had concerning settlement, rather than enter into a good faith negotiation, Mr. Mickell opted to threaten Ms. Shapiro with Rule 11 sanctions.

Moreover, Mr. Mickell does not and cannot allege that he at any time **_offered_** a settlement. Therefore, it cannot be said that the Plaintiff ultimately obtained a less favorable result.

Notably, Defendants could have offered settlement pursuant to Rule 68 on any day following (or preceding) the alleged offer by Mr. Mickell.   That they failed to do so until shortly before a pre-trial, choosing instead to engage in extensive discovery battles and exhaustive motion practice – wasting their client's resources, the Court's and Plaintiff counsel's– serves as a reminder of the reasons Rule 68 came into being rather than a rationale for denying Plaintiff's fee application.

### 2)  Amendment of the Complaint

Defendants disingenuously assert that Plaintiff's motion for leave to amend the Complaint is non-compensable since the Defendants did not oppose the Amendment.  Defendants ignore the uncontroverted facts that:

- Work on a proposed amended complaint and a motion for leave to amend began in early July, 2009.

- Plaintiff's motion for leave to amend was filed on July 15, 2009 [D-17].

- The hearing on Plaintiff's motion to amend was scheduled for August 26, 2009.

- Any opposition to that motion was due by August 12, 2009.

- On August 10, 2009 Defendant's then counsel, Mark Ellis and Jeffrey Levine of Ellis, Coleman, Poirier, Lavoie & Steinheimer, LLP, filed a Notice of Non-Opposition to Plaintiff's Motion for Leave to Amend [D-18].

There is nothing presented by the Defendants to suggest that consent to the proposed

amendments was communicated at any time prior to August 10, 2009, two days before any

opposition would have been required.  Nor is there any suggestion that that the work required

towards amendment of the Complaint was unnecessary.  Nevertheless, Defendants seek to eliminate

all charges for all work performed for the purpose of both preparing an Amended Complaint and

preparing the motion for leave to file.  Indeed, the original Complaint [D-1] consisted of 8 pages and

set forth two Counts.  The Eight-Count Amended Complaint was 16 pages long.

### 3)  Unsuccessful Certification[1] and Summary Judgment Motions

Finally, Defendants assert that counsel should be penalized for vigorously pursuing the

claims on behalf of the Plaintiff and the Class which she sought to represent.  Not one case is cited

by the Defendants in support of that contention.  To the Contrary, the law demands that the totality

of the prevailing attorney's work be considered.  As the Ninth Circuit Court of Appeals stated in

Dang v. Cross, 422 F.3d 800, 813 (9th Cir.  2005) that where the successful and unsuccessful claims

"involve a common core of facts or are based on related legal theories" the court should not reduce

the fees sought based upon failure of one or more of the legal theories claimed.  Rather, the fee

award must be evaluated in the context of the overall relief obtained.  Moreover, a plaintiff need

receive all the relief requested in order to show excellent results warranting the fully compensatory

fee. Hensley v. Eckerhart, 461 U.S. 424, 435 n.11, 103 S. Ct. 1933, 76 L. Ed. 2d 40

(1983); Sorenson v. Mink, 239 F.3d 1140, 1147 (9th Cir.  2001).

Here, individual FDCPA statutory recovery could not have exceeded $1,000 regardless of

the number of violations found.  Therefore, the survival of any claims, and an award on those

claims, must be viewed as an excellent result.

### 4)  The July 1, 2010 Instructions

The Defendants also complain that they were forced to continue working even after the

---

[1] Plaintiff eliminated from this request all time associated with the motion for Class Certification.

Lemberg Firm was instructed to accept the Defendants' Rule 68 Offer.  Counsel, however, intentionally omits a critical element of the July 1, 2010 time entry.  In fact, Mr. Lemberg was "directed to accept [the 2nd rule 68 offer] *and* appeal certification order."  Accordingly, it was first necessary, as reflected in the time records, to conduct research in order to confirm that we were in a position to *both* accept the offer *and* appeal the adverse ruling regarding class certification.  The Offer was properly accepted only after due consideration of the impact upon the prospective appeal. Only then could counsel properly advise Ms. Evon so that an intelligent decision could be made. Nor does counsel mention that the work attendant to preparing for trial resulted from counsel's failure to serve a proper Rule 68 offer earlier in the litigation.

**C.    The Defendants' Conundrum**

In framing their arguments, the Defendants unwittingly undermine their own position.  First, Defendants failed to make any settlement offer whatsoever until the eve of trial, following plaintiff's unsuccessful motion for class certification.

Until August, 2009, the case was proceeding on an individual basis.  First, Defendants passed up the opportunity to present a Rule 68 offer of judgment.  Additionally, as persistently argued by the Defendants, the motion to amend was not opposed![2]  In August 2009 the Defendants were handed the opportunity to oppose amendment of the Complaint to include class allegations.  At that time, the Defendant could have asserted their position that the amendments were futile.  They chose not to do so.  Instead, the case proceeded as a class action, including all of the attendant accoutrements.

These Defendants made no effort whatsoever to streamline the proceedings, narrow the

---

[2] Although framed by the defendants as "consent," there is nothing in the record to suggest affirmative "consent," as contrasted with declining to oppose.

issues or cut their costs.  Instead, counsel resisted efforts to cooperate and generally compounded the work required of Plaintiff's attorneys.  Denying fees in this case would reward obstructionist litigation tactics and thwart Congress' intent in enacting consumer litigation.

### III.    The Lodestar

Defense counsel undertook to review the Lemberg Firm's billing records, line by line, in an effort to discount the applicable Lodestar amount.  Yet, no rational bases are asserted for the proposed wholesale slashing of the rates or hours.  In fact, the Defendants systematically ignore the controlling precedent which militates against the conclusions drawn.

For example, the Defendants insist that the time expended by non-California practitioners should be entirely eliminated.  However, the Defendants do not address or even mention the controlling authority of  Winterrowd v. American General Annuity Ins. Co., 556 F.3d 815 (9th Cir.  2009), relied upon in support of Plaintiff's motion.  Nor do the Defendants assert any basis for not applying the rules therein set forth.

Defendants also assert that the hourly fees requested are not "reasonable," arguing that appropriate authority has not been presented.  Nevertheless, the defendants do not offer any indication of why they believe that the fees approved by this Court in numerous cases should not be deemed reasonable in this case.  Nor do they rely upon any authorities which suggest a lower hourly fee.

Finally, the defendants assert that much of the time spent was unnecessary, excessive or otherwise un-compensable.  No explanation for these conclusions is asserted.  These very same attorneys previously insisted that the time spent insuring compliance with the Stipulated Confidentiality Order was excessive, while at the same time declaring that their failure to do so was due to lack of time.

1
2
3      Dated:      October, 13, 2010
4
                                                          LEMBERG & ASSOCIATES, LLC
5                                                         *Attorneys for Plaintiff*

6                                                         By:  /s/ Sergei Lemberg
7                                                           Sergei Lemberg
                                                           *Attorneys for Plaintiff*
8                                                           1100 Summer Street
                                                           Stamford, CT 06905
9                                                           t: (203) 653-2250
                                                           f : (203) 653-3424
10                                                          slemberg@lemberglaw.com
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

## <u>CERTIFICATE OF SERVICE</u>

**THIS IS TO CERTIFY** that on October 13, 2010 a copy of the foregoing was electronically filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

John N. Dahlberg, Esq.
Angelito R. Sevilla, Esq.
Dennis Justin Kelly
Dillingham & Murphy, LLP
225 Bush Street
6th Floor
San Francisco, Ca  94104-4207
t:(415) 397-2700
f :(415) 397-3300

       /s/ Sergei Lemberg      
Sergei Lemberg

PLAINTIFF'S REPLY TO DEFENDANTS'
OPPOSITION TO PLAINTIFF'S MOTION
FOR ATTORNEYS' FEES AND COSTS

1